UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa,<br><br>  Plaintiff,<br><br>  v.<br><br>Rosa Whitaker<br><br>  and<br><br>Pauline Harris<br><br>  Defendants. | CASE NUMBER: 1:05CV01738<br><br>JUDGE: Emmet G. Sullivan<br><br>DECK TYPE: Labor/ERISA<br>     (Non-employment)<br><br>DATE STAMP: 10/21/2005 |

### ANSWER OF DEFENDANT ROSA WHITAKER

Defendant, Rosa Whitaker, by and through counsel, in response to the allegations of the Complaint, responds as follows:

### FIRST DEFENSE

The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

1. Defendant admits that Plaintiff is a Ugandan citizen, admits that Plaintiff was a member of the President of Uganda's staff and admits that she was a former Assistant U.S. Trade Representative to Africa in the Clinton and Bush administrations. With respect to the other allegations Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 1 and demands strict proof thereof.

2. Defendant admits that Plaintiff volunteered to assist her when she visited the President in 2002 and admits that she encouraged Plaintiff to come to Washington, D.C. to pursue educational opportunities for which she would provide assistance. With respect to the other allegations Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 2 and demands strict proof thereof.

3. Defendant denies that Plaintiff "accepted a three-year contract" with her and admits that she offered to be helpful to Plaintiff with her educational pursuits. With respect to the other allegations Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 3 and demands strict proof thereof.

4. Defendant admits that she helped Plaintiff to obtain a student visa to come to the United States and admits that she submitted an Affidavit of Support to the Justice Department in behalf of Plaintiff and asserts that the contents and substance of that Affidavit speak for themselves. With respect to the other allegations Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 4 and demands strict proof thereof.

5. Defendant admits that Plaintiff separated from her family in order to pursue an education. With respect to the other allegations Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 5 and demands strict proof thereof.

6. Defendant admits that Plaintiff arrived at her home in August, 2004, denies that Plaintiff worked for her for 19 weeks, denies that she breached any obligation

to Plaintiff, denies that she failed to provide food and health care for Plaintiff, denies that Plaintiff was entitled to base pay and denies that Plaintiff worked the number of hours alleged. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 6 and demands strict proof thereof.

7. Defendant admits that she severed her relationship with Plaintiff in December, 2004 and admits that there came a time when she provided Plaintiff with an airplane ticket to return home, which ticket Plaintiff accepted, and admits that thereafter she no longer provided support for Plaintiff, but denies such action was in derogation of the Affidavit of Support. With respect to the other allegations, to the extent that there are other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 7 and demands strict proof thereof.

8. Paragraph 8 sets forth Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

9. Defendant admits that Plaintiff is a citizen of Uganda, but does not believe Plaintiff lawfully resides in the United States. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 9 and demands strict proof thereof.

10. Defendant admits that she resides in the District of Columbia and is a U.S. citizen, admits that she served as Assistant U.S. Trade Representative under Presidents Clinton and Bush, admits that she came to know various African leaders during her

tenure in government and admits that she left government in 2002 and founded The Whitaker Group, for which she serves as President and CEO. With respect to the other allegations, to the extent that there are other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 10 and demands strict proof thereof.

11. Defendant admits the allegations contained in the first two sentences of Paragraph 11 and denies each and every other allegation of Paragraph 11.

12. Paragraph 12 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory provisions cited therein, but denies that jurisdiction over the parties and subject matter of this case are conferred solely thereby.

13. Paragraph 13 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory and common law provisions cited therein, but denies that jurisdiction over the parties and subject matter of this case are conferred solely thereby.

14. Defendant admits that she resides in the District of Columbia, admits that Defendant Harris resides in the District of Columbia and lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 14 and demands strict proof thereof.

15. Paragraph 15 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory provisions cited therein, but denies that venue is proper solely thereby.

16. Defendant admits that Plaintiff was born in Uganda in 1964 and admits that Plaintiff worked for the Uganda State House. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 16 and demands strict proof thereof.

17. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and demands strict proof thereof.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and demands strict proof thereof.

19. Defendant admits to visiting with the President of Uganda in 2002 and admits that during that visit, Plaintiff volunteered to assist her and admits that she commented favorably about Plaintiff and inquired about Plaintiff's family. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 19 and demands strict proof thereof.

20. Defendant admits that she expressed a desire to be helpful to Plaintiff and in assisting Plaintiff in locating to Washington, D.C. and pursuing an education. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 20 and demands strict proof thereof.

21. Defendant admits that she offered to assist Plaintiff in locating to Washington, D.C. and pursuing an education and admits that she offered and provided financial support to Plaintiff in connection with that offer, but denies that she never intended to provide support to Plaintiff and denies that she offered employment to

Plaintiff for a period of three years. In fact, Defendant did provide support to Plaintiff. Defendant denies that she made any false statement of material fact. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 21 and demands strict proof thereof.

22. Defendant admits that, on more than one occasion, she offered to assist Plaintiff in locating to Washington, D.C. and pursuing an education and admits that she offered and provided financial support to Plaintiff in connection with that offer, but denies that she never intended to provide support to Plaintiff. In fact, Defendant did provide support to Plaintiff. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 22 and demands strict proof thereof.

23. Defendant admits that she informed the President of Uganda and his wife as well as other officials of her interest in assisting Plaintiff in locating to Washington, D.C. and pursuing an education, but denies that Plaintiff was terminated from her employment as a "direct result" of Defendant's intervention. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 23 and demands strict proof thereof.

24. Defendant admits that there came a time when Plaintiff left her job with the government of Uganda. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 24 and demands strict

6

proof thereof. Defendant asserts that it is her understanding that Plaintiff can return to her job in Uganda at anytime that she wishes.

25.     Defendant denies that she made Plaintiff an offer of employment on terms that Plaintiff alleges, denies that Plaintiff detrimentally and justifiably relied on any promise of Defendant nor did Plaintiff rely at all on any promise of Defendant for employment and denies that she made any false promises to Plaintiff. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 25 and demands strict proof thereof.

26.     Defendant admits that she reached an agreement with Plaintiff to come to the United States on a student visa and admits the other allegations set forth in paragraph 26, except Defendant denies that Plaintiff acted on Defendant's instructions. In fact, Defendant asserts that Plaintiff was enthusiastic about the opportunity to attend school in the United States and acted as a result of that enthusiasm.

27.     Defendant admits that she submitted an Affidavit of Support to the Department of Justice. Defendant denies, however, that such document constituted a contract to provide $23,000 to Plaintiff for a period of three years.

28.     Defendant admits that she returned to Uganda and that she provided Plaintiff with funds for various purposes in order to facilitate Plaintiff's goal of seeking an education in the United States. Defendant, however, denies each and every other allegation contained in paragraph 28. Defendant vigorously denies that she made any false statement of any material fact and vigorously denies that she had no intention of honoring any promise she made to Plaintiff.

29.    Defendant again vigorously denies that she made any materially false representation to Plaintiff. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 29 and demands strict proof thereof.

30.    Defendant vigorously and strenuously denies each and every allegation set forth in paragraph 30 as it applies to her. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 28 and demands strict proof thereof.

31.    Defendant admits that Plaintiff arrived in the United States in August, 2004 and admits that Plaintiff moved into her home. With respect to each and every other allegation set forth in 31, Defendant vigorously denies those allegations.

32.    Defendant admits that there were occasions when Plaintiff accompanied her to the home of Defendant Harris however Defendant denies each and every other allegation set forth in paragraph 32 as it applies to her. With respect to the other allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of those other allegations set forth in paragraph 32 as they apply to Defendant Harris and demands strict proof thereof.

33.    Defendant denies that she stated to Plaintiff that she would receive a salary of any kind and denies that she made any statement in contravention to earlier promises and denies each and every other allegation set forth in paragraph 33. Defendant admits that Plaintiff used her phone and caused her phone bill to be inordinately high and admits, as a consequence, that she reduced the amount of money she might otherwise provide to Plaintiff in support of Plaintiff's educational pursuits.

34.     Defendant denies each and every allegation set forth in paragraph 34.

35.     Defendant denies the allegations set forth in paragraph 35; however, Defendant admits that she did not provide support for Plaintiff's family inasmuch as Defendant had no obligation to provide such support.

36.     Defendant denies the allegations set forth in paragraph 36; however, Defendant admits that Plaintiff attended school full time at Montgomery College.

37.     Defendant vigorously and strenuously denies each and every allegation set forth in paragraph 37.

38.     Defendant vigorously and strenuously denies each and every allegation set forth in paragraph 38.

39.     Defendant admits that Plaintiff encountered one Sheila Williams from time to time during her time with Defendant however Defendant denies the other allegations set forth in paragraph 39.

40.     Defendant again admits that Plaintiff encountered one Sheila Williams from time to time during her time with Defendant and admits that Plaintiff was offered a plane ticket and other assistance to return home however Defendant denies the other allegations set forth in paragraph 40, except Defendant admits that there came a time when Plaintiff no longer received financial support from her.

41.     Defendant vigorously and strenuously denies each and every allegation set forth in paragraph 41.

42.     Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

43.     Defendant denies the allegations set forth in paragraph 43.

44. Defendant denies the allegations set forth in paragraph 44.

45. Defendant denies the allegations set forth in paragraph 45.

46. Defendant denies the allegations set forth in paragraph 46.

47. Defendant denies the allegations set forth in paragraph 47.

48. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

49. Defendant admits that she submitted an Affidavit of Support however Defendant denies each and every other allegation set forth in paragraph 49.

50. Defendant denies the allegations set forth in paragraph 50 however Defendant admits that she did not provide any financial support to Plaintiff after a certain day in December, 2004.

51. Defendant denies the allegations set forth in paragraph 51.

The paragraph following paragraph 51 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

52. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

53. Defendant denies the allegations set forth in paragraph 53.

54. Defendant denies that Defendant Harris was a "joint employer," and lacks knowledge or information sufficient to form a belief as to the truth of the other allegations set forth in paragraph 54 and demands strict proof thereof.

55. Defendant denies the allegations set forth in paragraph 55.

56. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 and demands strict proof thereof.

57. Defendant denies the allegations set forth in paragraph 57.

58. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 58 and demands strict proof thereof.

59. Paragraph 59 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory and common law provisions cited therein, but denies that damages and attorneys' fees are conferred solely thereby.

The paragraph following paragraph 59 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

60. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

61. Defendant admits that Plaintiff resided in her household however each and every other allegation set forth in paragraph 61 is denied.

62. Defendant denies the allegations set forth in paragraph 62.

63. Defendant denies the allegations set forth in paragraph 63.

64. Defendant denies that she was aware of Plaintiff's work schedule and denies that Plaintiff had a work schedule at all. With respect to the allegations related to Defendant Harris, Defendant is without information sufficient to form a belief as to the truth of those allegations set forth in paragraph 64 and demands strict proof thereof.

65. Defendant denies the allegations set forth in paragraph 65.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 66 and demands strict proof thereof.

The paragraph following paragraph 66 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

67. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

68. Defendant denies the allegations set forth in paragraph 68.

69. Defendant denies the allegations set forth in paragraph 69.

The paragraph following paragraph 69 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

70. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

71. Defendant denies the allegations set forth in paragraph 71.

72. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 and demands strict proof thereof.

73. Defendant denies the allegations set forth in paragraph 73.

74. Paragraph 74 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory and common law provisions cited therein, but denies that damages and attorneys' fees are conferred solely thereby.

The paragraph following paragraph 74 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

75. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

76. Defendant denies the allegations set forth in paragraph 76.

77. Defendant denies the allegations set forth in paragraph 77 as they relate to her, and Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 77 as they relate to Defendant Harris.

78. Defendant denies the allegations contained in paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 79 and demands strict proof thereof.

80. Defendant denies the allegations contained in paragraph 80.

81. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 81 and demands strict proof thereof.

82. Paragraph 82 sets forth the Plaintiff's legal conclusions and, accordingly, requires no response; to the extent that a response is required, Defendant acknowledges the statutory and common law provisions cited therein, but denies that damages and attorneys' fees are conferred solely thereby.

The paragraph following paragraph 82 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

83. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

84. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 84 and demands strict proof thereof.

85. Defendant denies the allegations contained in paragraph 85.

86. Defendant denies the allegations contained in paragraph 86.

87. Defendant denies the allegations contained in paragraph 87.

88. Defendant denies the allegations contained in paragraph 88.

89. Defendant denies the allegations contained in paragraph 89.

The paragraph following paragraph 89 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

90. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 91 and demands strict proof thereof.

92. Defendant denies the allegations contained in paragraph 92.

93. Defendant denies the allegations contained in paragraph 93.

94. Defendant denies the allegations contained in paragraph 94.

95. Defendant denies the allegations contained in paragraph 95.

The paragraph following paragraph 95 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

96. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

97. Defendant denies the allegations contained in paragraph 97.

98. Defendant denies the allegations contained in paragraph 98.

99. Defendant denies the allegations contained in paragraph 99.

100. Defendant denies that Plaintiff relied on any statements she made that led Plaintiff to take certain actions. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 100 and demands strict proof thereof.

101. Defendant denies the allegations contained in paragraph 101.

102. Defendant denies the allegations contained in paragraph 102.

The paragraph following paragraph 102 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

103. Defendant reasserts each and every denial set forth in paragraphs 1 through 41 above.

104. Defendant denies the allegations contained in paragraph 104.

105. Defendant denies the allegations contained in paragraph 105.

106. Defendant denies the allegations contained in paragraph 106.

107. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 107 and demands strict proof thereof.

108. Defendant denies the allegations contained in paragraph 108.

109. Defendant denies the allegations contained in paragraph 109.

110. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the first sentence of paragraph 110 and demands strict proof thereof.

The paragraph following paragraph 110 comprises Plaintiff's prayer for relief, and accordingly, requires no response; to the extent that a response is required, the allegations therein are denied.

### THIRD DEFENSE

Plaintiff has failed to exhaust her administrative remedies.

*WHEREFORE*, the premises considered, Defendant respectfully requests:

1. That the Complaint herein be dismissed

2. That judgment be granted to Defendant Rosa Whitaker

3. For such other and further relief as to the Court seems just and proper.

Respectfully Submitted by,

*[signature]*

Johnny Barnes #212985

7725 – 16th Street, N.W.
Washington, D.C. 20012
Telephone: (202) 882-2828
Facsimile:  (202) 882-2828
E-Mail:     Johnny@thewhitakergroup.us

*Counsel for Defendant Rosa Whitaker*

## CERTIFICATE OF SERVICE

I hereby certify that on 21 October, 2005, a true and signed copy of the foregoing ANSWER OF DEFENDANT ROSA WHITAKER, was filed electronically and mailed first class, postage prepaid to:

Christine N. Kearns, Esquire
Alex C. Lakatos, Esquire
Anne E. Langford, Esquire
2300 "N" Street, N.W.
Washington, D.C. 20037-1128

Kerri Sherlock, Esquire
Break the Chain Campaign
733 – 15th Street, N.W.
Washington, D.C. 20005

Johnny Barnes #212985