UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa<br>5911 16th St. NW<br>Washington, D.C. 20011<br><br>    Plaintiff,<br><br>    v.<br><br>Rosa Whitaker<br>3543 16th Street NW<br>Washington, DC 20010<br><br>    and<br><br>Pauline Harris<br>1616 Decatur Street<br>Washington, D.C. 20011<br><br>    Defendants. | Civil Action No. 1:05CV1738 |

## DECLARATION OF ALEX C. LAKATOS

I, Alex C. Lakatos, Esq., do hereby depose and say:

1.  I am counsel for Plaintiff Idah Zirintusa in the above-captioned matter.

2.  On July 1, 2005, on behalf of Ms. Zirintusa, I sent a demand letter and draft of the Complaint in the above-captioned matter to Defendant Rosa Whitaker.

3.  Thereafter, Ms. Whitaker's counsel, Johnny Barnes, Esq. contacted me. Mr. Barnes engaged me in face-to-face and telephonic settlement discussions. We exchanged figures at which our clients would be willing to settle Ms. Zirintusa's claims against Ms. Whitaker.

1

4.    The negotiations came to halt on August 12, 2005, when Mr. Barnes told me, during a phone conversation, that Ms. Whitaker had decided to discontinue the settlement talks. I responded that I soon would be filing suit on Ms. Zirintusa's behalf.

5.    I then asked Mr. Barnes if he was authorized to accept service of process on Ms. Whitaker's behalf. He responded by saying that he was not authorized to do so, and that he was withdrawing from his representation of Ms. Whitaker now that the settlement talks were concluded.

6.    I spoke with Mr. Barnes again on September 26, 2005. He said that he still was not authorized to accept service for Ms. Whitaker and that he could not assist me in my efforts to serve her. I also recall that he said that he was not currently representing her. I did not learn that Mr. Barnes had resumed his representation of Ms. Whitaker until he filed an Answer on her behalf on October 21, 2005. Although Ms. Whitaker's Answer was late-filed, Mr. Barnes did not contact me in advance to arrange for an extension or enlargement of time in which to file.

7.    A true and correct copy of my October 21, 2005 letter to Mr. Barnes is attached hereto as Exhibit A.

8.    A true and correct copy of Mr. Barnes' October 24, 2005 letter to me is attached hereto as Exhibit B.

9.    A true and correct copy of my October 25, 2005 letter to Mr. Barnes is attached hereto as Exhibit C.

10. A true and correct copy of Mr. Barnes' October 25, 2005 letter to me is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 31, 2005.

Alex C. Lakatos

# EXHIBIT A



Pillsbury
Winthrop
Shaw
Pittman LLP

2300 N Street NW
Washington, DC 20037-1128

Tel 202.663.8000
Fax 202.663.8007
www.pillsburylaw.com

October 21, 2005

Alex C. Lakatos
Phone: 202.663.8693
alex.lakatos@pillsburylaw.com

<u>Via First-Class Mail and E-Mail</u>

Johnny Barnes, Esq.
7725 16th Street N.W.
Washington, D.C. 20012

Re: <u>Zirintusa v. Whitaker</u>, Case No. 1:05CV01738

Dear Johnny:

I am writing to arrange a Rule 26(f) discovery conference in the above-captioned matter, in which you represent Pauline Harris. I would prefer to meet in person. Please let me know when and where you would like to meet. I will be flexible to accommodate your schedule.

In addition, would you please confirm that you are not representing Rosa Whitaker in this matter? You represented her during pre-litigation settlement negotiations, but on August 12, 2005, after Ms. Whitaker discontinued the negotiations, you told me that you were withdrawing from the representation. When you and I last spoke on September 26, 2005, you said that you could not assist me in my efforts to serve Ms. Whitaker and that you were not authorized to accept service on her behalf. As you may know, we served Ms. Whitaker on September 29, 2005, and requested that the clerk enter her default today. In light of these events, please let me know if you will be resuming your representation of her.

Sincerely,

Alex C. Lakatos

400071433v1

# EXHIBIT B

# Johnny Barnes
## Attorney At Law
## 7725 – 16th Street, N.W.
## Washington, D.C. 20012

Telephone (202) 882-2828

E-Mail – Johnny@thewhitakergroup.us

<u>Via Facsimile (202) 663-8007, E-Mail – alex.lakatos@pillsburylaw.com and Standard Mail Transmission</u>

Re: <u>Zirintusa v. Whitaker</u>, Case Number 1:05CC01738

Dear Alex:

I was quite surprised to learn of your filing of an Affidavit of Default in the above-referenced matter. You will recall in the September 26th conversation --- to which you reference in your letter --- I informed you that I would be representing Ms. Whitaker in the litigation.

In that connection, as you well know by now, I filed with the Court an Answer in Ms. Whitaker's behalf on the very same day that you filed your Affidavit. You will note by the time stamp on my filing that it was done within three hours of your filing. *I did not know of your filing at the time I made my filing.*

I made my filing using the Public Scanner at the Courthouse. That was due to some computer complications in my office. But for those complications, I would have filed my Answer for Ms. Whitaker before you filed your Affidavit.

Nonetheless, I shall be representing her in the litigation. Kindly let me know if I must file for enlargement of time within which to file the Answer. If not, we can proceed immediately to the Rule 26(f) discovery conference.

Thank you for your time, attention and consideration in this matter.

Sincerely,

*Johnny Barnes*
Johnny Barnes

# EXHIBIT C



**Pillsbury
Winthrop
Shaw
Pittman** LLP

2300 N Street NW
Washington, DC 20037-1128

Tel 202.663.8000
Fax 202.663.8007
www.pillsburylaw.com

October 25, 2005

Alex C. Lakatos
Phone: 202.663.8693
alex.lakatos@pillsburylaw.com

<u>Via First-Class Mail and E-Mail</u>

Johnny Barnes, Esq.
7725 16th Street N.W.
Washington, D.C. 20012

Re:   <u>Zirintusa v. Whitaker</u>, Case No. 1:05CV01738

Dear Johnny:

I am writing in response to your October 24, 2005 letter, in which you mistakenly assert that you told me, on September 26, 2005, that you would be resuming your representation of Ms. Whitaker. When we got off the phone, it was clear that you were not representing Ms. Whitaker in connection with this matter and had not yet made the determination whether you would be representing her again in the future. I think that because you withdrew from the case before resuming your representation, you may be confused as to the timeline of events. If you were representing Ms. Whitaker as of September 26, 2005, why did you decline my request to accept service on her behalf or otherwise assist with our efforts to serve her?

If you had requested an extension before the Answer was due, we could have discussed how best to avoid prejudice to my client resulting from the delay. At this point, with regard to the default, I would suggest that Ms. Whitaker move the court to vacate it, showing good cause why she failed timely to file her Answer. In light of your client's efforts to evade service of process, and the resulting prejudice to my client, we will oppose that motion.

Sincerely,

Alex C. Lakatos

400071894v1

# EXHIBIT D

## *Johnny Barnes*
*Attorney At Law*
*7725 – 16th Street, N.W.*
*Washington, D.C. 20012*

(202) 882-2828/Telephone

Johnny@thewhitakergroup.us /e-mail

Alex C. Lakatos, Esquire
Pillsbury, Winthrop, Shaw, Pittman
2300 "N" Street, N.W.
Washington, D.C. 20037-1128

<u>Via Facsimile (202) 663-8693, e-mail – alex.lakatos@pillsburylaw.com and Standard Mail</u>

    Re:    <u>**Zirintusa v. Whitaker**</u>, Case No. 1:05CV01738

Dear Alex:

I have your most recent letter, bearing the date of 25 October, 2005, regarding the above-referenced matter. You should know that should it be necessary to seek to vacate the default judgment in this matter, I shall submit an affidavit, swearing that I said to you that I would be "representing Ms. Whitaker in this litigation." I recall that conversation as vividly as if it were today. Perhaps you misunderstood me. Please know that I am not suggesting that you ignored that statement, I am simply asserting, with absolute certainty, that I made that statement to you on that date, during that conversation.

I also feel compelled to remind you that during that period, Ms. Whitaker had a very heavy travel schedule which left her in Washington, D.C., indeed in the country, for only very limited periods and fleeting windows of time. She was not evading service of process, as you suggest, without any real basis.

Your claim of prejudice to your client is also puzzling to me. The time between the filing of Ms. Harris' Answer and the filing of Ms. Whitaker's Answer was roughly one month. I am at a loss as to how that brief period could have resulted in prejudice to your client.

Nonetheless, given what I have stated herein, in the absence of an indication from you that it will not be necessary to seek enlargement of time within which to file an Answer --- and I do not here suggest that Ms. Whitaker's Answer was not timely filed, especially in light of the apparent miscommunication between you and I --- I shall be left with no choice except to make the court aware of our position on this matter. It seems to me that such a course would be an unnecessary use of the court's time, however, if you insist, I am left with no choice.

Sincerely,

*Johnny Barnes*

25 October, 2005