UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Idah Zirintusa,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NUMBER:    1:05CV01738 |
| ) | |
| **Rosa Whitaker** ) | JUDGE:    Emmet G. Sullivan |
| ) | |
| **and** ) | DECK TYPE:    Labor/ERISA |
| ) | (Non-employment) |
| **Pauline Harris** ) | |
| ) | DATE STAMP:    11/8/2005 |
| **Defendants.** ) | |
| ) | |

## DEFENDANT ROSA WHITAKER'S OPPOSITION TO PLAINTIFF'S MOTION TO HOLD DEFENDANT WHITAKER IN CONTEMPT AND DEFENDANT WHITAKER'S CROSS MOTION TO HOLD PLAINTIFF IN CONTEMPT

Defendant, Rosa Whitaker, by and through counsel, in response to Plaintiff's

Motion to hold Defendant Whitaker in contempt and for her Cross Motion to hold

Plaintiff in contempt states as follows:

Plaintiff here seeks to mask her major mistake of serving Defendant Whitaker

directly with the Complaint herein when she, through her counsel, knew that counsel

represented Defendant Whitaker. Plaintiff seeks to mask this major mistake by slinging

largely unproven and unsubstantiated statements and wholly irrelevant matter in the body

of her Motion. This major mistake was repeated when Plaintiff served a copy of her

Affidavit of Default upon Plaintiff directly when she knew that counsel represented

Defendant Whitaker.

The relevant facts are largely in the record of this case. Defendant Whitaker shall address only those allegations of Plaintiff that bear on the Motion and will leave the irrelevant and immaterial claims of Plaintiff to another time, if necessary. Defendant Whitaker's Opposition to Plaintiff's Motion and support for her Cross Motion is firmly footed in the fact that 1) Actions by Plaintiff, through her counsel, in advance of this litigation, amounted to harassment and threats directed at Defendant Whitaker over a period of 9 months; 2) Nonetheless, before litigation ensued, Defendant Whitaker negotiated with Plaintiff in good faith; 3) Defendant Whitaker traveled extensively during subject period and was not trying to avoid process, instead she was trying to operate a business that took her abroad often as well as to other states. At the same time, she was seeking to engage counsel should litigation ensue and considered other counsel before settling on counsel herein; 4) Plaintiff seeks costs and fees for her effort in serving the Complaint on Defendant Whitaker, however, it is clear that Plaintiff prejudiced herself, if prejudiced, and made the same major mistake twice of serving Defendant Whitaker while she had engaged counsel; and 5) Plaintiff's conduct should be scrutinized and sanctioned by the Court, not Defendant Whitaker's conduct.

I.      **Plaintiff harasses, threatens Defendant Whitaker over a period of 9 months.**

Contrary to Plaintiff's assertion that this matter began on July 1, 2005, Counsel herein asserts and the evidence at hearing will show that Plaintiff, through her current counsel began harassing and threatening Defendant in February 2005, some 9 months before Defendant Whitaker was allegedly served. This harassment and threatening behavior was in the form of telephone conversations and menacing and intimidating written communications sent to Defendant Whitaker by Plaintiff's current counsel. At

2

this stage, the evidence at hearing will show, should a hearing be required, that Defendant

Whitaker sought to gain an understanding of the nature and extent of Plaintiff's claims

from Plaintiff's current counsel. This harassing and threatening behavior continued over

a period of time, and in July 2005, Plaintiff's current counsel provided Defendant

Whitaker with a menacing and intimidating letter and a "Draft Complaint" --- copies of

which Defendant Whitaker will produce at hearing, should a hearing be required.

Defendant Whitaker received this letter and "Draft Complaint" uneventfully. While

Plaintiff as an attempt to amicably resolve and settle the matters in dispute between the

parties frames the letter, it contains the outrageous and extortion-like statement that

Plaintiff "has contacted a public relations firm that will assist [her] if this matter is not

resolved amicably." This statement is particularly extortion-like because Defendant

Whitaker's business relies heavily on sound public relations footing, and Plaintiff is

aware of that.

## II.    Defendant Whitaker negotiates in good faith.

In response to the menacing and intimidating letter and a "Draft Complaint,"

Defendant Whitaker, through counsel herein, engaged Plaintiff in good faith discussions

and negotiations in an effort to avoid this litigation. These good faith discussions and

negotiations took place at Defendant Whitaker's direction --- conduct diametrically

different from the conduct Plaintiff would have this Court believe typified the conduct of

Defendant Whitaker. While settlement matter is not ordinarily the subject of litigation,

inasmuch as Plaintiff has introduced it in her instant Motion, counsel herein asserts and

evidence can show at hearing, should a hearing be required, that any offer made by

Plaintiff was not reasonable. Once settlement discussions failed to bear fruit, counsel

3

herein informed Plaintiff's current counsel that he could not state that he would be

representing Defendant Whitaker should litigation ensue because he had been engaged

simply to respond to Plaintiff's desire to seek an amicable resolution of this matter.

Evidence will show at a hearing, should a hearing be required, that Defendant Whitaker

was exploring other counsel in anticipation of this litigation and had not decided who she

would retain for such purposes. Eventually, she settled on counsel herein, taking into

account affordability and other factors. It is also worthy to note that Plaintiff makes no

claim that Defendant Harris was in any way involved in the discussions, negotiations or

communications during the 9 month period preceding the naming of her in and the

serving of her with the Complaint.

**III.     Defendant Whitaker travels extensively during subject period.**

Counsel herein asserts and the evidence at hearing will show, should a hearing be

required, that during the period of discussions and negotiations between the parties and

for some time thereafter, Defendant Whitaker traveled extensively, abroad and within the

United States, as part of her business. Such travel delayed and made her ultimate

selection of counsel difficult. Such travel also rendered her less amenable to service of

process. When she did settle on counsel herein to represent her in the instant litigation,

counsel communicated that to Plaintiff's counsel as is asserted in his letters to Plaintiff's

counsel made a part of the Court's record by Plaintiff's counsel. Moreover, Plaintiff's

counsel was aware that counsel herein represented Defendant Harris. In addition,

Plaintiff's counsel served a copy of the Affidavit of Default upon counsel herein, action

that seems to belie his assertion that he was unaware that counsel herein would represent

Defendant Whitaker in the instant litigation. Indeed the evidence will show at hearing,

4

should a hearing be required, that Defendant Whitaker between July 16 and August 5, 2005 traveled to Ghana and Cote d''Ivoire in Africa and London in England; between August 13 and August 20, 2005 traveled to Cote d'Ivoire in Africa; between September 13 and September 16, 2005 traveled to New York; between September 17 and September 23, 2005 traveled to South Africa; on October 3, 2005 traveled to North Carolina; and on October 21, 2005 traveled to Pennsylvania. At times, between travels Defendant Whitaker did not go into the office, recuperating, resting and getting ready for her next travel experience. By any person's standards, this was extensive and exhaustive travel, leaving little time and energy to focus on litigation that had shadowed her for a 9-month period.

**IV.     Plaintiff prejudiced herself, if prejudiced, and made major mistake twice**

Plaintiff began her pattern, through counsel, of seeking out and serving Defendant Whitaker, the evidence will show at hearing, if a hearing is required, in February 2005. Plaintiff did not seek to discuss and negotiate the matter until 6 months later in July 2005. And, Plaintiff did not file the instant lawsuit until the last day in August 2005. The time period between when Defendant Whitaker's response to the Complaint was due, as alleged by Plaintiff, is a matter of a couple of days. During the six months prior to and including the discussions and negotiations aimed at an amicable resolution of this matter, Defendant Whitaker made herself available to Plaintiff for service of letters and other documents. Plaintiff now claims that during September and October, Defendant Whitaker "evaded process." Plaintiff's attempt here to have the Court sanction Defendant Whitaker is diaphanous and gossamer, aimed solely at masking her major mistake --- twice --- of serving Defendant Whitaker while knowing and being fully aware

5

of the fact that Defendant Whitaker was represented by counsel. The facts that bear out

these major mistakes are not in dispute. Plaintiff, through counsel, admits that Defendant

Whitaker was served on both occasions. Plaintiff's counsel's claim that he was unaware

that counsel represented Defendant falls under the weight of Plaintiff's counsel's own

representations and filings with the Court. Instead of harassing and threatening

Defendant Whitaker over a 9 month period, Plaintiff, through counsel, could have, should

have, as counsel herein has done, appealed to counsel herein for a solution to service of

process, rather than taking the extraordinary steps that were apparently taken.

**V.    Plaintiff's conduct should be scrutinized and sanctioned by the Court**

Throughout this matter, Plaintiff has shown a complete disregard and disrespect

for basic litigation protocol. It is outrageous that one uses the threat of adverse publicity

when seeking to bring a party to the bargaining table. Such conduct sours the process at

the outset, defeats the purpose and may well be illegal. It is also fundamentally wrong to

pursue a party when one knows that counsel represents such party. Such conduct in and

of itself is worthy of sanction by the Court. And, it is contrary to the spirit of current

Court protocol when, in the absence of prejudice to one party, that party fails and refuses

to reasonably resolve matters that, at the very least, admittedly involved a communication

failure. Instead Plaintiff here seeks to take the Court's time, by slinging unfounded and

unproven allegations, throwing in wholly irrelevant and immaterial matter and stirring

and spinning facts in a manner that impugns the integrity of Defendant Whitaker and

counsel herein. It is the Plaintiff, not Defendant Whitaker whose conduct demands Court

sanction.

*WHEREFORE*, the premises considered, Defendant respectfully requests:

1.    That Plaintiff's Motion to hold Defendant Whitaker in civil contempt be

       denied.

2.    That Defendant Rosa Whitaker's Cross Motion to hold Plaintiff in civil

       contempt be granted.

3.    That Defendant Whitaker be awarded reasonable attorneys fees for

       responding to Plaintiff's Motion.

4.    For such other and further relief as to the Court seems just and proper.


Respectfully Submitted by,


Johnny Barnes #212985

7725 – 16th Street, N.W.
Washington, D.C. 20012
Telephone: (202) 882-2828
Facsimile:  (202) 882-2828
E-Mail:      Johnny@thewhitakergroup.us

*Counsel for Defendant Rosa Whitaker*

## **CERTIFICATE OF SERVICE**

I hereby certify that on 8 November, 2005, a true and signed copy of the foregoing OPPOSITION TO PLAINTIFF'S MOTION TO HOLD DEFENDANT WHITAKER IN CONTEMPT AND DEFENDANT WHITAKER'S CROSS MOTION TO HOLD PLAINTIFF IN CONTEMPT, was filed electronically and mailed first class, postage prepaid to:

      Christine N. Kearns, Esquire
      Alex C. Lakatos, Esquire
      Anne E. Langford, Esquire
      2300 "N" Street, N.W.
      Washington, D.C.  20037-1128

      Kerri Sherlock, Esquire
      Break the Chain Campaign
      733 – 15th Street, N.W.
      Washington, D.C.  20005

Johnny Barnes #212985

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **Idah Zirintusa,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NUMBER:   1:05CV01738 |
| ) | |
| **Rosa Whitaker** ) | JUDGE:   Emmet G. Sullivan |
| ) | |
| **and** ) | DECK TYPE:   Labor/ERISA |
| ) | (Non-employment) |
| **Pauline Harris** ) | |
| ) | DATE STAMP:   11/8/2005 |
| **Defendants.** ) | |

### PROPOSED ORDER

This matter came on to be heard in open Court on this _____ day of _____,

2005, upon consideration of Plaintiff's Motion to Hold Defendant Rosa Whitaker in

Contempt for Extraordinary Evasion of Process and Defendant's Opposition thereto and

Cross Motion to Hold Plaintiff in Contempt, it is hereby ORDERED:

     1.    That Plaintiff's Motion to hold Defendant Whitaker in civil contempt be

denied.

     2.    That Defendant Rosa Whitaker's Cross Motion to hold Plaintiff in civil

contempt be granted.

     3.    That Defendant Whitaker be awarded the amount of $ _____ no later

than the _____ day of _____, 2005

_____
Judge Emmet G. Sullivan
U.S. District Court for the District of Columbia