UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 1:05CV01738 (EGS) |
| Rosa Whitaker | ) |
| and | ) |
| Pauline Harris, | ) |
| Defendants. | ) |

**PLAINTIFF IDAH ZIRINTUSA'S REPLY TO
"THE RESPONSE OF DEFENDANT ROSA WHITAKER
TO PLAINTIFF'S AFFIDAVIT OF DEFAULT OR IN THE ALTERNATIVE
MOTION FOR ENLARGEMENT OF TIME WITHIN
WHICH TO FILE DEFENDANT ROSA WHITAKER'S ANSWER"**

Plaintiff Idah Zirintusa respectfully replies to Defendant Rosa Whitaker's Response to the Affidavit of Default that Ms. Zirintusa filed on October 21, 2005, and Ms. Whitaker's Motion for an Enlargement of Time to Answer. Ms. Whitaker's Response and Motion are unnecessary filings and fail to comply with the Local Rules of this Court and the Federal Rules of Civil Procedure.

## BACKGROUND

Ms. Whitaker's Answer in this matter was due on October 19, 2005. On October 21, 2005, Ms. Whitaker had not yet answered or contacted Ms. Zirintusa to obtain an extension of

time in which to answer, and Ms. Zirintusa filed an Affidavit of Default.[1]  *See* Declaration of Alex C. Lakatos (Nov. 11, 2005) ("Lakatos Decl. II") ¶ 2.  Later that day, Ms. Whitaker filed her Answer.  On Thursday, October 27, 2005, counsel for Ms. Zirintusa, Mr. Alex Lakatos, Esq., left a message for Ms. Whitaker's counsel, Mr. Johnny Barnes, Esq., and followed up with an e-mail stating "[w]hen you have a moment, would you please give me a call so that we can discuss Ms. Whitaker's belated Answer and our request for a default.  I think we can work this problem out amicably."  *Id.* ¶ 3, Exhibit A.  When Mr. Lakatos and Mr. Barnes spoke later that day, Mr. Lakatos stated that Ms. Zirintusa would consent to a motion for enlargement of time and other relief necessary to redress Ms. Whitaker's late-filed Answer, and asked Mr. Barnes to draft and send over such papers for Ms. Zirintusa's review and consent.  *Id.* ¶ 4.  Ms. Whitaker's counsel did not do so.  *Id.*  Instead, on Monday, October 31, 2005, Ms. Whitaker filed the instant Response and Motion.

## DISCUSSION

**1.     Ms. Whitaker's Motion Fails to Comply with Local Rule 7(m).**

Local Rule 7(m) provides that before filing any non-dispositive motion in a civil case, counsel shall discuss the anticipated filing with opposing counsel in a good faith effort to determine whether there is any opposition to the relief sought.  *See* L. Civ. R. 7(m).  The Rule further requires a party to include in its motion a statement that the required discussion has occurred, and a statement whether the motion is opposed.  *Id.*  Ms. Whitaker's motion is defective because it lacks a Local Rule 7(m) statement.

The purpose of Local Rule 7(m) is to prevent unnecessary motion practice and dispute.  *Appleton v. F.D.A.*, 254 F. Supp. 2d 6, 11 n. 7 (D.D.C. 2003).  In this case, that objective should

---

[1]  Ms. Whitaker filed the Affidavit of Default following Ms. Whitaker's extraordinary efforts to evade service of process as set forth in the Motion to Hold Defendant Rosa Whitaker in Contempt for Extraordinary Evasion of Process, filed on October 31, 2005.

have been achieved. Before Ms. Whitaker filed the instant Response and Motion, Ms. Zirintusa's counsel informed Ms. Whitaker's counsel that the matter could be resolved without contested litigation. *See* Lakatos Decl. II ¶ 4. Presumably, Ms. Whitaker failed to include a Rule 7(m) statement because the Rule 7(m) statement would have demonstrated that her Response and Motion were unnecessary. Indeed, why Ms. Whitaker filed her Response and Motion at all is perplexing. In any event, because Ms. Whitaker's failure to follow Rule 7(m) has resulted in unnecessary motion practice, the court should reject Ms. Whitaker's Response and Motion. *See In re Verizon Internet Servs.*, 217 F.R.D. 239 (D.D.C. 2003) (striking motion that, among other defects, lacked a Local Rule 7(m) statement).

    2.    **Ms. Whitaker's Motion for Enlargement Fails to Satisfy Federal Rule of Civil Procedure 6(b).**

Ms. Whitaker's Motion for an Enlargement of Time fails to satisfy Federal Rule of Civil Procedure 6(b), which provides that where, as here, a party moves for an enlargement of time after the expiration of the relevant deadline, the court may grant the motion if "the failure to act was the result of excusable neglect." *See* Fed. R. Civ. P. 6(b). In this case, Ms. Whitaker does not offer any showing or explanation why her late-filed Answer was the product of excusable neglect. Accordingly, the Rule 6(b) standard for granting her motion is not satisfied.

    3.    **Ms. Whitaker's Motion Contains Inaccurate Statements About The Role of Ms. Whitaker's Counsel During Service of Process In This Matter.**

Ms. Zirintusa disputes the representations in Ms. Whitaker's Response and Motion concerning the role that Ms. Whitaker's counsel played when Ms. Zirintusa was trying to serve Ms. Whitaker. Ms. Zirintusa respectfully refers the Court to her Motion to Hold Defendant Rosa Whitaker in Contempt for Extraordinary Evasion of Process (dated October 31, 2005), and the Declaration of Alex C. Lakatos filed in support thereof, which set forth her position.

Dated: November 11, 2005

Respectfully submitted,

PILLSBURY WINTHROP SHAW PITTMAN LLP

_____
Alex C. Lakatos, Esq. (DC Bar No. 453763)
Christine N. Kearns, Esq. (DC Bar No. 416339)
Anne E. Langford, Esq. (DC Bar No. 492271)
2300 N Street N.W.
Washington, DC 20037-1128
Telephone:  (202) 663-8693
Facsimile:   (202) 663-8007
E-mail: Alex.Lakatos@pillsburylaw.com

Kerri Sherlock, Esq.
Break The Chain Campaign
733 15th Street NW
Washington, DC 20005
Telephone: (202) 787-5245
Facsimile: (202) 387-7915
E-mail: kerri@ips-dc.org

*Counsel for Plaintiff Idah Zirintusa*