UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Idah Zirintusa,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER:  1:05CV01738 |
| ) | |
| **Rosa Whitaker** ) | JUDGE:  Emmet G. Sullivan |
| ) | |
| **and** ) | DECK TYPE:  Labor/ERISA |
| ) | (Non-employment) |
| **Pauline Harris** ) | |
| ) | DATE STAMP:  11/17/2005 |
| **Defendants.** ) | |

## MOTION TO DISMISS OF DEFENDANT ROSA WHITAKER

Defendant, Rosa Whitaker, by and through counsel, moves this Honorable Court to Dismiss the Complaint of Plaintiff, with prejudice, and as reasons therefore states as follows:

1. This Court lacks subject matter jurisdiction to hear and decide this case.

2. The Plaintiff lacks standing to maintain this matter.

3. The "Sponsorship Form" upon which Plaintiff relies to sustain her case, on its face and by law does not create any obligations for Defendant Whitaker with respect to Plaintiff.

4. If Plaintiff was an employee of Defendant Whitaker --- and Defendant Whitaker does not here concede that she was --- at best she was an "Employee At Will," subject to termination at anytime, for any reason or for no reason.

5. The Plaintiff lacks the capacity to sue in the instant matter.

These arguments are more fully set out in the accompanying Memorandum of Points and Authorities in Support of the Motion to Dismiss of Defendant Whitaker. Pursuant to LCvR 7(f), Defendant Whitaker hereby requests an oral hearing on this Motion.

Respectfully Submitted by,

17 November, 2005

/s/ Johnny Barnes
Johnny Barnes #212985
7725 – 16th Street, N.W.
Washington, D.C. 20012
Telephone: (202) 882-2828
Facsimile: (202) 882-2828
E-Mail:    Johnny@thewhitakergroup.us

*Counsel for Defendant Rosa Whitaker*

## CERTIFICATE OF SERVICE

I hereby certify that on 17 November, 2005, a true and signed copy of the foregoing MOTION TO DISMISS OF DEFENDANT ROSA WHITAKER and the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT ROSA WHITAKER, was filed electronically and mailed first class, postage prepaid to:

Christine N. Kearns, Esquire
Alex C. Lakatos, Esquire
Anne E. Langford, Esquire
2300 "N" Street, N.W.
Washington, D.C. 20037-1128

Kerri Sherlock, Esquire
Break the Chain Campaign
733 – 15th Street, N.W.
Washington, D.C. 20005

/s/ Johnny Barnes
Johnny Barnes #212985

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vi. ) | CASE NUMBER:   1:05CV01738 |
| ) | |
| Rosa Whitaker ) | JUDGE:   Emmet G. Sullivan |
| ) | |
| and ) | DECK TYPE:   Labor/ERISA |
| ) | (Non-employment) |
| Pauline Harris ) | |
| ) | DATE STAMP:   11/17/2005 |
| Defendants. ) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS OF DEFENDANT ROSA WHITAKER

#### Introduction

Defendant Whitaker brings this Motion to Dismiss the Complaint of Plaintiff, with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). The facts upon which Defendant Whitaker relies in support of this Motion are all of record. Dismissal of a Complaint, with prejudice, as legally insufficient is appropriate when the Plaintiff cannot show, by any set of facts, grounds that would entitle her to relief, in support of her claim. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). The Court in *Browning* quoted the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While this Court is required to accept Plaintiff's factual allegations as true and to liberally construe the contents of the Complaint, the Court is not obliged to accept inferred matter or deduced conclusions,

3

"unsupported by the facts set out in the complaint [or] legal conclusions cast in the form of factual allegations." It is therefore appropriate under Fed. R. Civ. P. 12(b)(6) to dismiss the complaint when, as here, the allegations contradict the claims asserted, *Browning*, 292 F.3d at 242. This is a matter that, at best, is framed in contractual and employment claims. It is not a matter that combines both constitutional and statutory authority to give rise to federal jurisdiction, as plainly required by law. Indeed, any mathematical calculation of the claims of Plaintiff, within the time period alleged places those claims well within the jurisdictional level of Small Claims Court, $7,500 and well outside of the jurisdictional level of this Court, $75,000. This is not a matter worthy of this Court's time, attention and consideration. The law does not permit it. Moreover, relief --- if any is here appropriate, and it is not --- under the sole document upon which Plaintiff bases her entire case, by the plain and unequivocal language of that document --- belongs to the federal government and not to Plaintiff. And, even if this Court could stretch the stated facts and find some employer-employee relationship between Plaintiff and Defendant Whitaker, and Defendant Whitaker asserts that it cannot, that relationship, at best, created an employment at will situation, terminable at any time by Defendant Whitaker.

**Argument 1 - This Court lacks the subject matter jurisdiction to hear and decide this case.**

Subject matter jurisdiction is the legal authority of a court to hear and decide a particular type of case. Federal courts are courts of limited jurisdiction and may adjudicate only those cases where there is both constitutional and statutory authority that

4

gives rise to federal jurisdiction. It is well settled that a plaintiff seeking to invoke federal jurisdiction has the burden of demonstrating, at the outset, that the federal court has the authority to hear and decide a case, *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936). This Plaintiff, on the record herein, has failed to meet that burden. It should also be noted that the ERISA preemption provision does not create a federal cause of action itself and cannot convert a state cause of action into a federal cause of action, *Warner v. Ford Motor Co.*, C.A. 6 (Mich.) 46 F.3d 531 (1995). And, cases alleging wrongful termination in which loss of ERISA prescribed benefits is not a motivating factor are not preempted by ERISA, *Decker v. Vermont Educational Television, Inc.*, 13 F.Supp.2d 569 (1998).

**Argument 2** - **The Plaintiff lacks standing to maintain this matter.**

The sponsorship form that is at the center of this litigation is Form I-134, "Affidavit of Support," as revised on June 17, 2004. It is a form published by the U.S. Department of Homeland Security, Bureau of Citizenship and Immigration Services, OMB No. 1615-0014, expiring on April 30, 2007. It is available on-line. Form I-134, by its plain, unequivocal and unambiguous language created a relationship between the plaintiff and the defendant with the federal government as third-party beneficiary. If there is something to recover, only the federal government has standing to recover, because the form was intended to prevent the plaintiff from becoming a burden to the state. The form clearly states, in pertinent part at page 1, paragraph 4, that the purpose of the form is to "assur[e] the United States Government that the person(s) named in item 3 [the Plaintiff] will not become a public charge in the United States," *8 USC §1601(5)*

5

(2005). See also *the Federal Register, Volume 62, Number 202, 8 CFR Parts 214.2(h)(4)(iii)(E) and the Immigration and Nationality Act at Section 213A*. The form further states, at page 3, Part III, "Joint and Several Liability Issues, that "Sections 1621(e) and 4159d) of the Social Security Act and subsection 5(i) of the Food Stamp Act also provide that an alien and his or her sponsor shall be jointly and severally liable to repay any SSI, TANF or Food Stamp benefits that are incorrectly paid because of misinformation provided a sponsor or because of a sponsor's failure to provide information." "It is a compelling governmental interest to enact new rules for eligibility and sponsorship agreements in order to assure that aliens be self-reliant in accordance with national immigration policy," *State, ex re Attorney General v. Binder,* (356 Mich. 73). In *Binder*, defendants sought to overturn a lower court decision that allowed plaintiff to recover the cost of care for an individual confined in a state mental hospital. Defendants sponsored a woman and guaranteed that she would not become a public charge. As the federal government had not enacted any legislation that required defendants to guarantee that an immigrant sponsored by them would not become a federal charge, the affidavits signed by defendants did not amount to a contract. There is no federal legislation creating a legally binding contract from a sponsorship form. There is federal legislation making the federal government the third party beneficiary of the subject form. Furthermore, the form in the *Binder* case even had a much higher standard than the I-134 form. In *Binder*, the form stated: "That each of us do promise to support said person during her lifetime and promise that she will never become a public charge…we intend to support said applicant from our income in the event that she is ever unable to work…" For cases supporting the *Binder* decision, see also *Geva v. Leo*

*Burnett Co., Inc.*, 931 F.2d 1220 (7th Cir. 1991); *Van Heerden v. Total Petroleum, Inc.*, 942 F. Supp. 468 (D. Colo. 1996); *Francis v. Gaylord Container Corporation*, 837 F. Supp. 858 (S.D. Ohio 1992); and *Mortensen v. Magneti Marelli U.S.A., Inc.*, 470 S.E.2d 354 (N.C. App., 1996).

**Argument 3 - The "Sponsorship Form" upon which Plaintiff relies to sustain her case, on its face and by law, does not create any obligations in Defendant Whitaker with respect to Plaintiff.**

The sponsorship form did not create a duty upon Defendant Whitaker. Either party may terminate the sponsorship relationship at any time, *Geva v. Leo Burnett Company, Inc.*, (931 F.2d 1220, 7th Cir. 1991). In *Geva*, the defendant submitted a petition to INS in support of Plaintiff's employment visa. Plaintiff was fired four months later and then sued for lost wages under an implied employment agreement. The court held that the immigration petition, which stated that the duration of Plaintiff's employment would be three years, did not amount to a promise to employ him for that time period. Similarly, in *Van Heerden v. Total Petroleum, Inc.*, (942 F. Supp. 468, D. Colo. 1996), plaintiff, a South African native, transferred from the South African branch of defendant's company to a United States branch. When his job was eliminated two years later, he filed several claims, including one for breach of an express or implied contract based upon immigration affidavits filed by the defendant for plaintiff's visa purposes. The court held that, "the parties' negotiations, including obtaining the necessary immigration papers, did not create an express or implied contract of employment because no consideration was exchanged."

7

**Argument 4 - If Plaintiff was an employee of Defendant Whitaker --- and Defendant Whitaker does not here concede that she was --- at best she was an "Employee At Will," subject to termination at anytime, for any reason or for no reason.**

If Plaintiff was employed by Defendant the employment was at-will and could be terminated at any point. There was no express or implied contract between the parties, *Dunaway v. Int'l Brotherhood of Teamsters*, 354 U.S. App. D.C. 36. Plaintiff sued based upon theories of gender, national origin, age and breach of contact. While she was able to prove from the derogatory statements that would convince a reasonable jury that there were underlying reasons for her termination, she was unable to prove that she was a permanent employee and that there was a breach of a contract. In the District of Columbia, employment contracts for no definite period of time are terminable at the will of either party absent clear evidence of the parties' intent to contract otherwise. Because of that well-established law, Plaintiff's various claims for fraud and misrepresentation must also fall. Even if Defendant Whitaker did not intend to offer Plaintiff a three-year term of sponsorship or employment, that Defendant Whitaker did not intend to do so is not actionable, *Van Heerden*, 942 F.Supp. 468, at 475 (D.Colo., 1996).

**Argument 5 - The Plaintiff lacks the capacity to sue in the instant matter.**

Plaintiff entered the United States on a student visa. By remaining in the United States after no longer being enrolled at a university, she violated the terms of her visa and is currently an illegal alien. An illegal alien does not have the capacity to sue in federal court. Fed. R. Civ. P. 17(b) states "The capacity of an individual to sue or be sued shall be determined by the law of the individual domicile," *Coules v. Pharriss*, 212 Wis. 558

(1933). Plaintiff seeks to recover wages from defendant. Even if Defendant did not dispute that plaintiff performed services the issue must be raised of whether an action may be brought by an illegal alien. "The respondent's unlawful presence in this country is bound to be attended with restrictions, and among them is the deprivation of the right to sue for wages..." An illegal alien does not have the capacity to bring a claim in U.S. courts. While *Coules* was overturned, *Arteaga v. Literski,* 83 Wis. 2d 128 (1978), where illegal aliens burned by gas explosion inside apartment brought a claim to recover the damages, that case can be distinguished from *Coules,* inasmuch as it involved personal injury to the plaintiffs, giving rise to a public purpose. The *Artega* ruling has been upheld numerous times, but the issue has not come up in the District of Columbia.

*WHEREFORE*, the premises considered, Defendant respectfully requests:

1. That the Motion of Defendant Whitaker be granted in all respects and that the Complaint herein be dismissed, with prejudice.

2. That judgment is granted to Defendant Rosa Whitaker.

3. For such other and further relief as to the Court seems just and proper.

17 November, 2005                    Respectfully Submitted by,

*[signature: Johnny Barnes]*

Johnny Barnes #212985
7725 – 16th Street, N.W.
Washington, D.C. 20012
Telephone: (202) 882-2828
Facsimile: (202) 882-2828
E-Mail: Johnny@thewhitakergroup.us

*Counsel for Defendant Rosa Whitaker*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | | | |
|---|---|---|---|
| **Idah Zirintusa,** | ) | | |
| | ) | | |
| **Plaintiff,** | ) | | |
| | ) | | |
| vii. | ) | CASE NUMBER: | 1:05CV01738 |
| | ) | | |
| **Rosa Whitaker** | ) | JUDGE: | Emmet G. Sullivan |
| | ) | | |
| **and** | ) | DECK TYPE: | Labor/ERISA |
| | ) | | (Non-employment) |
| **Pauline Harris** | ) | | |
| | ) | DATE STAMP: | 11/17/2005 |
| **Defendants.** | ) | | |

### PROPOSED ORDER

This matter came on to be heard in open court on the _____ day of _____, 2006, on Defendant Whitaker's Motion to Dismiss the Complaint of Plaintiff, with prejudice, and the Court after considering the Motion, Plaintiff's Opposing Points and Authorities, Defendant Whitaker's Reply Memorandum, the arguments of counsel and the record herein, it is hereby ORDERED:

1. That the Motion of Defendant Whitaker be granted in all respects and that the Complaint herein be dismissed, with prejudice.

2. That judgment be granted to Defendant Rosa Whitaker.

_____
Judge Emmet G. Sullivan
United States District Court for the District of Columbia