UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Idah Zirintusa,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | Civil Action No. 1:05CV01738 (EGS) |
| ) | |
| **Rosa Whitaker** ) | |
| ) | |
| and ) | |
| ) | |
| **Pauline Harris,** ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF IDAH ZIRINTUSA'S OPPOSITION TO DEFENDANT ROSA WHITAKER'S MOTION FOR JUDGMENT ON THE PLEADINGS**

**INTRODUCTION**

Plaintiff is perplexed as to why Defendant Whitaker has filed a Motion for Judgment on the Pleadings (filed Dec. 22, 2005) when her Motion to Dismiss (filed Nov. 17, 2005) is fully briefed and still pending. Ms. Whitaker's most recent motion is essentially a rehash of her earlier one. As set forth below, Ms. Whitaker's arguments are no more persuasive the second time around. Her instant Motion should be denied for reasons that Ms. Zirintusa already has articulated in her Opposition to Ms. Whitaker's Motion to Dismiss (filed Nov. 28, 2005) ("Opposition").

Moreover, Ms. Whitaker uses her Motion for Judgment on the Pleadings as an opportunity to make light of what is, for the Plaintiff, a very serious situation. Ms.

1

Zirintusa has been without a home of her own or a reliable means to support her family ever since Ms. Whitaker wrongfully terminated her employment – in derogation of the parties' three-year employment contract and in retaliation for complaining about her poor working conditions – on Christmas eve 2004.  Ms. Whitaker's flippant commentary (*e.g.*, "Wonder Woman would marvel at Plaintiff's alleged ability to multitask while getting little or no sleep") therefore has no place before the Court.  Plaintiff's work schedule as alleged in the Complaint, while admittedly onerous, does not strain credulity under the Plaintiff's circumstances.  Ms. Zirintusa alleges that while attending school part-time at Montgomery College, she each week worked "typically six 8-hour days for Whitaker and one 12-hour day for Harris."  Complaint ¶ 34.  The 22-hour work day that Ms. Whitaker postulates, and then attacks as a "straw man," is neither mentioned anywhere in the Complaint, nor supported by a mathematical analysis of Ms. Zirintusa's allegations.[1]

Federal law takes seriously  employers' obligations to compensate all laborers, recent immigrants or otherwise, in accordance with the statutory minimum wage and not to fire them in retaliation for complaining about certain poor working conditions.  Ms. Whitaker's effort to brush aside casually her failure to honor those obligations ought not be indulged.

---

[1] Ms. Zirintusa alleges 348 hours of overtime over a 17 week period, which is an average of about 20 hours of overtime per week.  Given that Ms. Zirintusa worked weekends, there is no basis to conclude that she is alleging 22-hour work days.  Similarly, Ms. Whitaker's suggestion that she met the minimum wage because "Plaintiff admits that she received at least $750 from … [Ms.] Whitaker during the months of September, October, November and December 2004" (Mot. for J. on the Pleadings at 9) is belied by simple arithmetic.  Even assuming a 40-hour week, $750/month is below the statutory minimum.

## ARGUMENT

Ms. Whitaker's Motion for Judgment on the Pleadings contains five arguments. The first two arguments seek a judgment on Count II of the Complaint that sets forth a claim for breach of contract based on Ms. Whitaker's failure to honor her Affidavit of Support, in which Ms. Whitaker promised to provide "room, board and tuition for the above-named individual [Idah Zirintusa] for the duration of [her] stay in status in the United States."[2]  Ms. Whitaker argues here, as she did in her Motion to Dismiss, that her signed affidavit does not create a binding obligation upon her.  As set forth in Ms. Zirintusa's Opposition to the Motion to Dismiss, Ms. Whitaker errs.  Simply put, Ms. Whitaker's sworn Affidavit is binding upon her.  In support of this point, Ms. Zirintusa respectfully refers to the Court to her argument that is already on the record.  *See* Opposition at 13-15 ("Ms. Whitaker's Affidavit of Support is a Binding Contract that Ms. Zirintusa Has the Right to Enforce").

Ms. Whitaker's third argument, also addressed to Count II of the Complaint, is that Ms. Zirintusa may not introduce parol evidence to support her interpretation of Ms. Whitaker's Affidavit of Support.  *See Affordable Elegance Travel Inc. v. Worldspan, L.P.*, 774 A.2d 320, 327 (D.C. 2001) (parol evidence rule excludes extrinsic "evidence which tends to contradict, vary, add to, or subtract from the terms of a written contract").  However, Ms. Zirintusa has not sought to introduce any parol evidence as to the meaning of the Affidavit of Support.  Rather, her argument rests on the plain language of the Affidavit.  *See* Opposition at 13-15; *Affordable Elegance Travel Inc.*, 774 A.2d at 327

---

[2]  Ms. Whitaker's Affidavit of Support is attached as Exhibit A to Ms. Zirintusa's Opposition to Defendant's Motion to Dismiss (R. 16).

(holding that where the language of the contract is facially unambiguous, the court should rely on that language to interpret the contract). Ms. Whitaker's argument is therefore inapposite.[3]

In Ms. Whitaker's fourth argument, she attacks Count I of the Complaint, which sets forth Ms. Zirintusa's claim for Ms. Whitaker's breach of the parties' three-year employment contract.[4] Ms. Whitaker asserts, as she did in her Motion to Dismiss, that she is entitled to judgment on Count I because Ms. Zirintusa was an at-will employee who could be terminated at any time. As Plaintiff set forth in her Opposition, Ms. Whitaker is wrong. Because the Complaint alleges a three-year employment contract, Ms. Zirintusa was not an at-will employee. In support of this point, Ms. Zirintusa respectfully refers to the Court to her argument that is already on the record. *See* Opposition at 12-13 ("Ms. Zirintusa Alleges the Existence of an Employment Contract.").

In Ms. Whitaker's fifth and final argument, she argues, as she did in her Motion to Dismiss, that this Court lacks subject matter jurisdiction over this dispute. As set forth in Ms. Zirintusa's Opposition, Ms. Whitaker's argument is incorrect. This Court properly

---

[3] In addition, Ms. Whitaker's argument fails to appreciate that the Complaint alleges that the parties entered into two separate and distinct contracts: (1) a three-year employment contract and (2) the Affidavit of Support. Ms. Whitaker breached both contracts, and each breach constitutes a separate count of the Complaint, *i.e.*, Count I and Count II. Ms. Zirintusa properly may use the Affidavit of Support as extrinsic evidence to support her interpretation of the meaning of the three-year employment contract, because the employment contract was entered into orally. *See Affordable Elegance Travel*, 774 A.2d at 327 (holding that the parol evidence rule only applies to exclude extrinsic evidence concerning the meaning of *written* contracts).

[4] Ms. Whitaker's assertion in the introduction to her Motion for Judgment, not reiterated in her argument, that oral employment contracts are non-binding, is erroneous. *See Freas v. Gitomer*, 256 A.2d 573 (D.C. App. 1969) (affirming bench trial award of back pay based on oral employment contract).

has federal question subject matter jurisdiction because Ms. Zirintusa claims violations of the Fair Labor Standards Act (the "FLSA"), and may properly exercise supplemental jurisdiction over Ms. Zirintusa's closely-related state law claims. In support of this point, Ms. Zirintusa respectfully refers to the Court to her argument that is already on the record. *See* Opposition at 8-11 ("This Court Has Subject Matter Jurisdiction to Hear Ms. Zirintusa's Claims.").

Finally, at various points throughout her argument, Ms. Whitaker suggests without legal support that if she prevails on either of the two contract claims that she attacks (Counts I and II), all of Plaintiff's other claims, which Ms. Whitaker fails to discuss, also must be dismissed. This makes no sense. The FLSA and its District of Columbia corollaries must be honored even in the absence of an employment contract. *See generally Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) (holding that "FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.") (internal citations omitted). Thus, Ms. Zirintusa need not prevail on her contract claims to maintain her statutory claims (Counts III-VII). *Id.* Likewise, Ms. Zirintusa's tort claims – Tortious Interference, for costing Ms. Zirintusa her job in Uganda (Counts VIII and IX) and Fraud, for luring Ms. Zirintusa to the United States on false pretenses (Count X) – do not turn on whether Ms. Zirintusa entered into any contract, of any sort, with Ms. Whitaker. *See In re U.S. Office Products Co. Securities Litigation*, 251 F. Supp. 2d 77, 99-100 (D.D.C. 2003) (setting forth elements of fraud); *Sorrells v. Garfinkel's, Brooks. Bros., Miller & Rhoads, Inc.*, 565 A.2d 285 (D.C. 1989) (setting forth elements of tortious interference). Ms. Zirintusa's equitable claim

(Unjust Enrichment, Count XI) specifically protects her in the event that she did not have a contract with Ms. Whitaker. *See Kramer Assocs. Inc. v. Ikam, Ltd.*, No. 03-CV-1251 2005 WL 3488452 (D.C. December 22, 2005) (affirming judgment for unjust enrichment damages following bench trial in which the trial court found that the parties had not entered into a contract). Accordingly, Ms. Whitaker's characterization of the claims in the Complaint as "dominoes" (Mot. for J. on the Pleadings at 10) that must stand or fall as one, is baseless.

## **CONCLUSION**

For the foregoing reasons and those set forth in the Opposition to the Motion to Dismiss, Ms. Whitaker's Motion for Judgment on the Pleadings should be denied.

Plaintiff respectfully requests oral argument on the Motion for Judgment on the Pleadings.

Dated:  January 3, 2005                    Respectfully submitted,

                                                           PILLSBURY WINTHROP SHAW PITTMAN LLP

                                                            /s/ Alex C. Lakatos_____
                                                           Alex C. Lakatos, Esq. (DC Bar No. 453763)
                                                           Christine N. Kearns, Esq. (DC Bar No. 416399)
                                                           Anne E. Langford, Esq. (DC Bar No. 492271)
                                                           Vadim M. Schick, Esq. (DC Bar No. 489755)
                                                           2300 N Street N.W.
                                                           Washington, DC 20037-1128
                                                           Telephone:  (202) 663-8693
                                                           Facsimile:   (202) 663-8007
                                                           E-mail: Alex.Lakatos@pillsburylaw.com