UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA
CIVIL DIVISION

|  |  |
|---|---|
| Idah Zirintusa, | ) |
| Plaintiff, | ) |
| v. | ) CASE NUMBER: 1:05CV01738 |
| Rosa Whitaker | ) JUDGE: Emmet G. Sullivan |
| and | ) |
| | ) DECK TYPE:      Labor/ERISA |
| | )                (Non-employment) |
| Pauline Harris | ) |
| | ) DATE STAMP:      1/09/2006 |
| Defendants. | ) |

**REPLY OF DEFENDANT ROSA WHITAKER TO PLAINTIFF'S OPPOSITION
TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendant, Rosa Whitaker, by and through counsel, in Reply to Plaintiff's Opposition to

Defendant's Motion for Judgment on the Pleadings, further states as follows:

Plaintiff's Opposition to Defendant Rosa Whitaker's Motion For Judgment On The

Pleadings conveniently ignores certain firm, irrefutable and irrebutable legal principles

that are based upon facts that are currently in the record and not in contest. Among those

facts that are currently in the record and not in contest are the following:

1.     Plaintiff's claim of overtime pay due (Count Four) is based upon Plaintiff's

allegation that she performed domestic service work for Defendant Rosa Whitaker

while residing in Defendant's home. Even assuming Plaintiff did in fact perform

domestic service work beyond the standard forty-hour work week --- and

Defendant Whitaker does not here concede that she did --- under the law, Plaintiff

is not entitled to overtime pay.

*Under both Federal and District of Columbia law, domestic service workers who*

*reside in their employer's residence are exempt from the overtime pay*

*requirement.*

2.    Plaintiff's claim of any pay due (Counts Three, Four, Six and Seven) can only be

sustained if Plaintiff was legally permitted to work in the United States. Even

assuming Plaintiff did in fact perform domestic service work for pay, under some

agreement with Defendant Whitaker --- and Defendant Whitaker does not here

concede that she did --- Plaintiff has conceded that she entered the United States

on a Student Visa, not a work visa, and under the law, Plaintiff was not permitted

to work and thus can not make a claim for wages due.

*Under the Immigration and Nationality Act, only persons legally entitled to work*

*may work in the United States.*

3.    Plaintiff continues to rely only upon the Affidavit of Support as the sole document

in writing upon which Plaintiff bases her claim of an employment agreement with

Defendant Rosa Whitaker (Counts One and Two). Any fair and plain reading of

the Affidavit of Support can only lead to the conclusion that there is absolutely no

indication or evidence that the parties intended to rely upon that document to

support some phantom agreement of employment.

*The Plain Meaning Rule stands for the principle that, if a writing appears to be unambiguous on its face --- as in the instant case --- its meaning must be determined from the writing itself without resort to extrinsic evidence.*

4.    Plaintiff's claim of retaliation at the hand of Defendant Rosa Whitaker (Count Five) also relies upon the Fair Labor Standards Act for its statutory support. Because Plaintiff was not legally entitled to work, she could not have been retaliated against.

*Under the Immigration and Nationality Act, only persons legally entitled to work may work in the United States.*

5.    Plaintiff's additional claims (Counts Eights, Nine, Ten and Eleven) can only be sustained if Plaintiff's allegations are to be believed by the Court. The allegations are so lacking in credibility as to not be believable. For example, Plaintiff on the one hand claims she was forced by Defendant Rosa Whitaker to leave a good paying government job in her home country, while at the same time admitting that she received more money from Defendant Whitaker than she made on her previous job, that she voluntarily sought to become a student in the United States --- and, in fact, remains to this date, according to her own filings, a student in the United States --- and that she does not have a written document to support her claim that she had a ten-year employment agreement with her previous employer. *The Court need not accept Plaintiff's claims as factual.   Under the law, unwarranted factual inferences will not be drawn to aid the Plaintiff.*

3

These arguments are more fully set out in the accompanying Memorandum of Points and Authorities in Support of the Motion for Judgment on the Pleadings of Defendant Rosa Whitaker.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF THE MOTION FOR JUDGMENT ON THE PLEADINGS**

**OF DEFENDANT ROSA WHITAKER**

**Introduction** – With little or no basis, Plaintiff expects this Federal Court to entertain this lawsuit that, if it is proper in any venue, is certainly not proper in this venue. When Plaintiff's claims for overtime pay are stripped away --- and under well-established and clearly stated law, they ought to be stripped away --- Plaintiff is left with a modest claim at best, that is more appropriately pursued through an administrative entity (available to Plaintiff at the federal and local levels) or through Small Claims Court in the District of Columbia with a jurisdictional level ($7,500) more than enough to accommodate Plaintiff's allegations.

**Argument One** - Plaintiff's claim of overtime pay due (Count Four) is based upon Plaintiff's allegation that she performed domestic service work for Defendant Rosa Whitaker, while residing in Defendant's home. Even assuming Plaintiff did in fact perform domestic service work beyond the standard forty-hour work week --- and Defendant Whitaker does not here concede that she did --- under the law, Plaintiff is not entitled to overtime pay. Under both Federal and District of Columbia law, domestic

4

service workers who reside in their employer's residence are exempt from the overtime

pay requirement. See *The Fair Labor Standards Act of 1938* (FLSA), as amended, 29

U.S.C. Section 201 et seq.; 29 CFR, Parts 510 to 794. See also *D.C. Code Section 32-*
*1007* (2001 Edition, as amended).


**Argument Two** - Plaintiff's claim of any pay due (Counts Three, Four, Six and Seven)

can only be sustained if Plaintiff was legally permitted to work in the United States.

Even assuming Plaintiff did in fact perform domestic service work for pay, under some

agreement with Defendant Whitaker --- and Defendant Whitaker does not here concede

that she did --- Plaintiff has conceded that she entered the United States on a Student

Visa, not a work visa, and under the law, Plaintiff was not permitted to work and thus can

not make a claim for wages due. Under the Immigration and Nationality Act, only

persons legally entitled to work may work in the United States. See *The Immigration and*
*Nationality Act*, 8 U.S.C. Section 1101, as amended, Section 274A


**Argument Three** - Plaintiff continues to rely only upon the Affidavit of Support as the

sole document in writing upon which Plaintiff bases her claim of an employment

agreement with Defendant Rosa Whitaker (Counts One and Two). Any fair and plain

reading of the Affidavit of Support can only lead to the conclusion that there is absolutely

no indication or evidence that the parties intended to rely upon that document to support

some phantom agreement of employment. The Plain Meaning Rule stands for the

principle that, if a writing appears to be unambiguous on its face --- as in the instant case

--- its meaning must be determined from the writing itself without resort to extrinsic

evidence. The admission of extrinsic evidence increases uncertainty by creating

opportunities to mislead the judge and the jury.   Under The Plain Meaning Rule,

extrinsic evidence of the parties' intentions is inadmissible if the language of a written

document is plain and unambiguous.

**Argument Four** - Plaintiff's claim of retaliation at the hand of Defendant Rosa Whitaker

(Count Five) also relies upon the Fair Labor Standards Act for its statutory support.

Because Plaintiff was not legally entitled to work, she could not have been retaliated

against. Under the Immigration and Nationality Act, only persons legally entitled to

work may work in the United States. See *The Immigration and Nationality Act*, above.

**Argument Five** - Plaintiff's additional claims (Counts Eights, Nine, Ten and Eleven) can

only be sustained if Plaintiff's allegations are to be believed by the Court. The

allegations are so lacking in credibility as to not be believable. For example, Plaintiff on

the one hand claims she was forced by Defendant Rosa Whitaker to leave a good paying

government job in her home country, while at the same time admitting that she received

more money from Defendant Whitaker than she made on her previous job, that she

voluntarily sought to become a student in the United States --- and, in fact, remains to this

date, according to her own filings, a student in the United States --- and that she does not

have a written document to support her claim that she had a ten-year employment

agreement with her previous employer. The Court need not accept Plaintiff's claims as

6

factual.  Under the law, unwarranted factual inferences will not be drawn to aid the

Plaintiff.  The court is not required to ignore facts in a complaint that undermine

the claims of a plaintiff.  *Northern Indiana Gun and Outdoor Shows, Inc. v. City*

*of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  And, see *Mixon v. Ohio*, 193

F.3d 389, 400 (6th Cir. 1999).  And, the Plaintiff's legal characterizations do

not bind the court.  *Republic Steel Corp. v. Pennsylvania Engineering Corp.* 785

F.2d 174, 178 (7th Cir. 1986); *Northern Indiana Gun and Outdoor Shows, Inc. v.*

*City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).  Judgment on the

pleadings is warranted --- as in the instant case --- where it appears beyond

doubt that plaintiff will be unable to prove any facts to support the alleged

claims for relief.  *Nelson v. State Farm Mutual Auto Insurance Co.*, 419 F.3d

1117 (10th Cir. 2005); *Pasdon v. City of Peabody*, 417 F.3d 360, 363 (2d Cir.

2005); *Guise v. BWM Mortgage*, 377 F. 3d 795, 798 (7th Cir. 2004); *Mele v.*

*Federal Reserve Bank*, 359 F. 3d 251, 253 (3d Cir. 2004); and *Horsley v. Rivera*,

292 F. 3d 695, 700 (11th Cir. 2002).  A Rule 12 (c) judgment will be granted if

the pleadings demonstrate that the moving party is entitled to judgment as a

matter of law.  *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214 (3d Cir.

2005); *United States v. Any and All Radio Station Transmission Equipment*, 207 F.

3d 458, 462 (8th Cir. 2000); and *Fajardo v. County of Los Angeles*, 179 F. 3d

698, 699 (9th Cir. 1999).  The motion may be granted if, as here, the moving

party demonstrates that no material fact is in dispute and the moving party is

entitled to judgment as a matter of law.  *Peters v. National R.R. Passenger*

*Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992); and *Haynesworth v. Miller,* 820 F.2d

7

1245 (D.C. Cir. 1987). The purpose of a 12 (c) Motion for Judgment on the

Pleadings is to seek a substantive disposition of the case on the basis of its

underlying merits. *Alexander v. City of Chicago*, 994 F. 2d 333 (7th Cir. 1993).

WHEREFORE, the premises considered, Defendant respectfully requests:

1.      That the Motion of Defendant Rosa Whitaker be granted in all

respects and that Judgment be entered for Defendant Rosa Whitaker on the

Complaint of Plaintiff.

2.      For such other and further relief as to the Court seems just and

proper.

9 January  2006                          Respectfully Submitted by,

                                         Johnny Barnes #212985
                                         7725 - 16th Street, N.W.
                                         Washington, D.C. 20012
                                         Telephone: (202) 882-2828
                                         Facsimile:  (202) 882-2828
                                         E-Mail: Johnny@thewhitakergroup.us
                                         Counsel for Defendant Rosa Whitaker

## CERTIFICATE OF SERVICE

I hereby certify that on 9th January, 2006, a true and signed copy of the foregoing REPLY OF DEFENDANT ROSA WHITAKER TO PLAINTIFF'S OPPOSITION TO Defendant's motion for JUDGMENT ON THE PLEADINGS and the MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF, was filed electronically and mailed first class, postage prepaid to:

Christine N. Kearns, Esquire
Alex C. Lakatos, Esquire
Anne E. Langford, Esquire
2300 "N" Street, N.W.
Washington, D.C. 20037-1128

Kerri Sherlock, Esquire
Break the Chain Campaign
733 - 15th Street, N.W.
Washington, D.C. 20005

Johnny Barnes #212985

9