UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

_____

| | |
|---|---|
| IDAH ZIRINTUSA | ) |
|             Plaintiff, | ) |
|             v. | ) |
| ROSA WHITAKER | )   Civil Action No. 1:05CV01738 (EGS) |
|      and | ) |
| PAULINE HARRIS, | ) |
|             Defendants. | ) |

_____)

**JOINT SCHEDULING CONFERENCE
REPORT PURSUANT
TO LOCAL CIVIL RULE 16.3**

Plaintiff Idah Zirintusa and Defendants Rosa Whitaker and Pauline Harris (collectively, the "Parties") respectfully submit this Joint Scheduling Conference Report pursuant to Local Civil Rule 16.3. On December 9, 2005, the parties held a teleconference to confer regarding the issues set forth in Rule 26(f) and Local Civil Rule 16.3(c). As a result of that conference, and subsequent communications among counsel, the parties set forth below their positions with respect to those issues. These issues are to be resolved at the Scheduling Conference pursuant to FRCP 16(b).

**A. Statement of the Case**

This is a dispute over wages allegedly due and supplemental damages allegedly growing out of the wage dispute. The parties have stated their respective views of the facts in the Complaint and in the initial Answers. There is general agreement between Plaintiff and Defendants regarding the amount of money tendered by Defendant Whitaker

to Plaintiff. The purpose of that money and the relationship between all parties is very much at issue and is disputed in this litigation.

**B. Statutory basis for all causes of action and defenses**

    **1. Causes of Action**

Ms. Zirintusa filed an eleven-count Complaint. The basis for her causes of action are as follows:

- **Count I.** Breach of Contract – Employment Agreement is a common law count.

- **Count II.** Breach of Contract – Sponsorship Affidavit is a common law count.

- **Count III.** Minimum Wage Violations Under the Fair Labor Standards Act (the "FLSA") is based on 29 U.S.C. § 206.

- **Count IV.** Overtime Compensation Violations under the FLSA are based on 29 U.S.C. § 207.

- **Count V.** Retaliation under the FLSA is based on 29 U.S.C. § 215(a).

- **Count VI.** Violation of the D.C. Payment and Collection of Wages Law is based on D.C. Code Ann. § 32-1303.

- **Count VII.** Violations of the D.C. Minimum Wage Act Revision Act of 1992 is based on D.C. Code Ann. §§ 36.220-1 and §§ 36-220-2 (1993).

- **Count VIII.** Tortious Interference with Contract is a common law count.

- **Count IX.** Tortious Interference with Prospective Advantage is a common law count.

- **Count X.** Fraud is a common law count.

- **Count XI.** Unjust Enrichment is a common law count.

    **2. Defenses**

Defendants state that the statutory grounds for these defenses are as follows: Fed. R. Civ. P. 12(b)(6); Fed. R. Civ. P 12(c); Fed. R. Civ. P. 17(b); Fed. R. Civ. P. 17(a);

Fed. R. Civ. P. 19(a); 8 USC Section 1601(5); 8 CFR Parts 214.2(h)(4)(iii)(E); 8 USC Section 1101; 8 USC Section 274(A); 8 USC Section 213(A); 29 U.S.C. Section 201 et seq.; 29 CFR Parts 510 to 794; 29 USC Section 206; 29 USC Section 207; 29 USC Section 215(a); D.C. Code Section 32-1007; D.C. Code Ann. Section 32-1303; D.C. Code Ann. Section 36.220-1 and 36.220-2; Uniform Commercial Code Section 2-202; and various common law principles.

**C.**     **Discovery Plan**

Defendants propose that the start of discovery should await the Court's decisions on Defendant's pending Motion to Dismiss and Motion for Judgment on the Pleadings. Plaintiff proposes that discovery not be stayed and proceed without delay. Defendants propose that all discovery in this matter be completed within eight months of the start of the discovery period. Plaintiff proposes that all discovery in this matter be completed by April 1, 2006.

Ms. Zirintusa has already served her first set of documents requests and interrogatories on Ms. Whitaker, and Ms. Whitaker has already served her first set of document requests and interrogatories on Ms. Zirintusa. The parties already have exchanged initial disclosures pursuant to Rule 26(f). Ms. Whitaker has noticed Ms. Zirintusa's deposition and Ms. Zirintusa has agreed to be available on a mutually convenient date after the January 17, 2006 scheduling conference. The Parties contemplate conducting additional discovery within the time frame proposed.

**D.**   **<u>Agreements Reached Pursuant to Rule 16.3.</u>**

1. **Whether discovery should await a decision on a dispositive motion.**

Defendants propose that the start of discovery should await the Court's decision on the Defendant's pending Motions. Plaintiff proposes that discovery not be stayed and proceed immediately.

2. **The date by which parties shall be joined or the pleadings amended, and whether some or all of the factual and legal issues can be agreed upon or narrowed.**

Defendants contemplate amending their answers at least once should the pending dispositive motions not be resolved in their favor and would want to do so without leave of court, no later than 20 days following the Court's final ruling on the motions. Plaintiff opposes any additional amendment of the Defendants' answers, except as set forth below.

Defendants and Plaintiff both are contemplating the possibility of joinder of additional parties and would want to do so also without leave of court at any time, but no later than (according to Defendants' proposal) 20 days following the Court's final ruling on the motions or (according to Plaintiff's proposal) 60 days after the start of discovery.

3. **Whether the case should be assigned to a magistrate judge for all purposes, including trial.**

Defendants believe, at the very least, that this case should be assigned to a Magistrate Judge. Moreover, Defendants believe that a Magistrate Judge should resolve all discovery disputes and serve as Mediator for purposes of alternative dispute resolution.

Plaintiff maintains that this matter should <u>not</u> be heard by a Magistrate Judge. Plaintiff does not, however, object to a Magistrate Judge resolving discovery disputes, if

any arise.  Finally, plaintiff maintains that the Magistrate Judge who handles discovery disputes should not be the person who mediates the case.

4. **Whether there is any realistic possibility of settling this case.**

Defendants believe that settlement is always possible, however, Plaintiff should first consider voluntarily dismissing some of her counts, then reassess the value, if any, of her Complaint, and make an offer of settlement to Defendants.

Ms. Zirintusa states that she and Ms. Whitaker tried unsuccessfully to settle this case before litigation began, when Ms. Whitaker discontinued settlement discussions. Plaintiff has informed Defendants that she is open to resuming settlement talks if the Defendants open by making a good faith settlement offer to her.

5. **Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures, what related steps should be taken to facilitate such ADR, and whether counsel have discussed ADR and their response to this provision with their clients.**

The parties agree to mediation after a reasonable amount of discovery as set forth in the Scheduling Order.  The Defendants propose mediation before a Magistrate Judge. Ms. Zirintusa does not object to any court-appointed mediator, so long as that mediator will not also adjudicate any issues in dispute.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross motions, oppositions and replies; and proposed dates for decisions on the motions.**

Ms. Whitaker has already filed a Motion to Dismiss (11/17/2005) and Ms. Zirintusa has already filed her Opposition thereto (11/28/2005).  Ms. Whitaker then filed a Motion for Judgment on the Pleadings (12/21/2005), Ms. Zirintusa filed her Opposition

thereto (1/3/2006), and Ms. Whitaker filed her Reply (1/9/2006). The Parties propose that the Motion to Dismiss be decided at the court's convenience.

The case, or portions of the case, may be resolved by a motion for summary judgment depending upon the information disclosed during discovery. All dispositive motions, with supporting briefs and exhibits, if any, must be served and filed no later than 30 days after the close of discovery; opposition briefs, and exhibits if any, must be served and filed within 21 days after service of the dispositive motions and supporting briefs; and reply briefs, and exhibits if any, must be served and filed within 14 days after service of the opposition briefs.

> 7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1) and if not, what changes should be made in the scope, form or timing of those disclosures.**

Defendants contend that the disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure should not be required until the Court rules on Defendant's motions and, if necessary, the disclosures should be provided within 14 days of those final rulings.

Plaintiff notes that the Parties have not stipulated to the waiver of initial disclosures pursuant to Rule 26(a)(1) and that the Parties exchanged initial disclosure statements on or about December 23, 2005.

> 8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery.**

The Parties agree that the number of interrogatories should be up to 25 per party. The Parties agree that the number of depositions should be up to 10 per side, excluding expert depositions. The parties agree that the duration of each lay witness deposition should not exceed one day of seven hours, and that plaintiff's and defendants' depositions should not exceed two days of seven hours each. Plaintiff believes that all discovery should be completed by April 1, 2006. Defendants maintain that discovery should be completed within eight months of the start of the discovery period. The Defendants prefer that the Parties not be precluded from moving to compel responses to previously requested discovery after the close of the discovery period. The Plaintiff maintains that all motions to compel should be filed within the discovery period.

**9.    Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) should be modified, and whether and when depositions of experts should occur.**

The Parties have not agreed to any modifications of Rule 26(a)(2). Expert depositions may occur no sooner than 60 days before trial, and no later than 30 days before trial.

**10.   Certain procedures for class actions.**

This matter is not a class action.

**11.   Whether the trial and/or discovery should be bifurcated or managed in phases.**

The Parties do not propose bifurcated or phased discovery or trial in this matter.

**12.   The date for a pretrial conference.**

The Parties propose that a pretrial conference be held September 1, 2006.

**13. Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

The Parties propose that the Court set a firm trial date at the first scheduling conference.

**14. Such other matters as the parties may believe are appropriate for inclusion in a scheduling order.**

The parties do not believe that the Court need address any other matters in its scheduling order.

Dated: January 10, 2006

Respectfully submitted,

PILLSBURY WINTHROP
SHAW PITTMAN LLP


  /s/ Alex Lakatos                                  /s/ Johnny Barnes
Alex C. Lakatos, Esq.                           Johnny Barnes, Esq.
 (DC Bar No. 453763)                           (DC Bar No. 212985)
2300 N Street N.W.                              7725 – 16th Street N.W.
Washington, DC 20037-1128               Washington, D.C. 20012
Telephone:  (202) 663-8693                 Telephone: (202) 882-2828
Facsimile:   (202) 663-8007                  Facsimile: (202) 882-2828
Alex.Lakatos@pillsburylaw.com          Johnny@TheWhitakerGroup.us


*Counsel for Plaintiff Idah Zirintusa*         *Counsel for Defendants*
                                                                     *Rosa Whitaker and Pauline Harris*