UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa, | |
| Plaintiff, | |
| v. | CASE NUMBER:  1:05CV01738 |
| Rosa Whitaker | JUDGE:  Emmet G. Sullivan |
| and | DECK TYPE:  Labor/ERISA (Non-employment) |
| Pauline Harris | |
| Defendants. | DATE STAMP:  03/23/2006 |

**OPPOSITION TO PLAINTIFF IDAH ZIRINTUSA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE NEW ARGUMENTS RAISED FOR THE FIRST TIME IN DEFENDANT WHITAKER'S SUPPLEMENTAL REPLY**

Defendant, Rosa Whitaker, by and through counsel, opposes Plaintiff Idah Zirintusa's Memorandum of Points and Authorities in support of her Motion to Strike new arguments raised for the first time in Defendant Whitaker's supplemental reply, and as reasons therefore states as follows:

1.      Plaintiff's Motion does not conform to the Local Rules of this Court that impose upon counsel a duty to confer on nondispositive motions.

2.      Plaintiff's Motion makes no assertion that the material sought to be stricken from Defendant Whitaker's pleadings raise an insufficient defense or are redundant, immaterial, impertinent or scandalous as required by this Court's Rules.

3.   Plaintiff's reliance on language from the opinion of one appellate case --- an appeal from an agency's rulemaking, not even a "contested" case --- and a brief footnote from one District Court case is wholly misplaced and goes against a giant wave of well established precedent, detailing the circumstances under which a Motion to Strike should be granted.

4.   Plaintiff's Motion lacks the essential elements necessary to support a Motion to Strike and because such motions are viewed with disfavor and rarely granted by the court, this Court should not grant it in the instant case.

These arguments are more fully set out in the accompanying Memorandum of Points and Authorities in Support of Defendant Whitaker's Opposition to Plaintiff Idah Zirintusa's Memorandum of Points and Authorities in support of her Motion to Strike new arguments raised for the first time in Defendant Whitaker's Supplemental Reply.

23 March, 2006                     Respectfully Submitted by,

                                   _____
                                   Johnny Barnes #212985
                                   7725 – 16th Street, N.W.
                                   Washington, D.C. 20012
                                   Telephone: (202) 882-2828
                                   Facsimile:  (202) 882-2828
                                   E-Mail:    Johnny@thewhitakergroup.us

                                   *Counsel for Defendant Rosa Whitaker*

## CERTIFICATE OF SERVICE

I hereby certify that on 23 March, 2006, a true and signed copy of the foregoing OPPOSITION TO PLAINTIFF IDAH ZIRINTUSA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE NEW ARGUMENTS RAISED FOR THE FIRST TIME IN DEFENDANT WHITAKER'S SUPPLEMENTAL REPLY, was filed electronically and mailed first class, postage prepaid to:

**Alex C.** Lakatos, Esquire
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, NW
Washington, DC 20006
(202) 263-3312
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Christine N. Kearns, Esquire
Anne E. Langford, Esquire
2300 "N" Street, N.W.
Washington, D.C. 20037-1128

Kerri Sherlock, Esquire
Break the Chain Campaign
733 – 15th Street, N.W.
Washington, D.C. 20005

Johnny Barnes #212985

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NUMBER:   1:05CV01738 |
| ) | |
| Rosa Whitaker ) | JUDGE:   Emmet G. Sullivan |
| ) | |
| and ) | DECK TYPE:   Labor/ERISA |
| ) | (Non-employment) |
| Pauline Harris ) | |
| ) | DATE STAMP:   03/22/2006 |
| Defendants. ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT WHITAKER'S OPPOSITION TO PLAINTIFF IDAH ZIRINTUSA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HER MOTION TO STRIKE NEW ARGUMENTS RAISED FOR THE FIRST TIME IN DEFENDANT WHITAKER'S SUPPLEMENTAL REPLY**

**Introduction**

The latest Motion by Plaintiff seems to be an attempt to be "heard further" on a matter pending before this Court wherein the Court has stated, in no uncertain terms, that there will be no additional oral argument and that each side would be given the opportunity to submit supplemental briefs. The Plaintiff did so, raising arguments in her Supplemental Brief that went beyond the narrow matter of Statute of Frauds. Defendant Whitaker did so as well, addressing all matters that had been addressed in her original Motion and doing so in a manner that she believed would assist the Court in its consideration of the Motion. Plaintiff, as she did in open Court, during the oral argument

on Defendant Whitaker's Motion, does not now argue against the merits of Defendant Whitaker's submission, but simply states she is surprised by it. That is not a basis for striking parts of Defendant Whitaker's Supplemental Brief. Each party in these proceedings is equally advantaged and equally disadvantage. It should be noted that Plaintiff took the liberty of filing her Supplemental Brief ten days after the Court's deadline for conclusion of mediation efforts, instead of ten days after the conclusion of mediation efforts. Defendant Whitaker had only ten days after Plaintiff filed. By so doing, Plaintiff created an advantage for herself by having more time than Defendant Whitaker following mediation in which to file her Supplemental Brief. Defendant Whitaker is not here quarreling with the advantage that Plaintiff took in that instance. The advantage is noted simply to underscore that Plaintiff has every opportunity to appropriately use the Court's process as does Defendant Whitaker.

This Motion to Strike, however, is further indication that the Court's time and resources in the case at bar are being spent and will be spent, so long as this matter is before it, on a case that, while raising serious allegations, is not worthy of the Court's consideration. Plaintiff is here seeking to cling to the allegations raised in Counts VII through XI of her Complaint because, without them, when the overtime claims are stripped away --- as the law clearly, plainly and unambiguously requires --- she is left with very little to claim. This case belongs in Small Claims Court, if anywhere, not federal court. Defendant Whitaker's Motion for Judgment on the Pleadings has great merit, and this Court should resist and not be distracted by Plaintiff's ongoing attempts to undertake prolonged and protracted litigation at considerable expense to Defendant Whitaker.

5

One final item Defendant Whitaker wishes to bring to the Court's attention. Plaintiff characterizes Defendant Whitaker's Supplemental Brief as an attempt --- for the second time --- to "sandbag" her. Defendant Whitaker, on this point, would simply rely upon the Court to consider the entire record in the instant case to conclude which party is seeking to "sandbag" the other party. Defendant Whitaker is confident in what the Court will conclude.

**1.    Plaintiff's Motion does not conform to the Local Rules of this Court that impose upon counsel a duty to confer on nondispositive motions.**

Local Civil Rule 7(m) of the Rules of this Court requires that, "Before filing any nondispositive motion in a civil action, counsel shall discuss the anticipated motion with opposing counsel, either in person or by telephone, in a good faith effort to determine whether there is any opposition to the relief sought and, if there is opposition, to narrow the areas of disagreement. *A party shall include in its motion a statement that the required discussion occurred and a statement as to whether the motion is opposed.*" (Emphasis Supplied). This Court need look no further than the face of Plaintiff's Motion and resolve that Plaintiff's counsel has failed to conform to LCvR 7(m). There is no statement regarding the duty to confer on nondispositive motions. However, the matter is deeper than the face of the Motion. Counsel herein can state, without any fear of successful contradiction, that all Plaintiff's counsel did, in a faint effort to conform to Rule 7(m) was to place one call to the undersigned Counsel and to send one e-mail, after which he almost immediately filed the instant motion. Perhaps that is why there is no statement regarding the Motion. Given the manner in which the Motion was filed, there can be none that is credibly made. While the undersigned Counsel will state that the

instant Motion would have likely been opposed, even if counsel had conferred, I cannot state with certainty that any areas of disagreement could not have been narrowed. That is precisely why the Rules of this Court mandate "a good faith" effort to confer. Plaintiff's Motion, on that basis alone, should be denied. However, as will be shown below, there are many, many reasons to deny the Motion.

**2.     Plaintiff's Motion makes no assertion that the material sought to be stricken from Defendant Whitaker's pleadings raise an insufficient defense or are redundant, immaterial, impertinent or scandalous as required by this Court's Rules.**

The language of Federal Rule of Civil Procedure 12(f), governing a Motion to Strike, is crystal clear. Under the Rule, a Motion to Strike pleadings can be granted when the pleadings raise "…an insufficient defense or … [is] redundant, immaterial, impertinent, or scandalous …" Plaintiff, in her Motion, makes no claim that Defendant Whitaker's Supplemental Brief in any manner fits within the language of Rule 12(f). Nor does Plaintiff argue that Defendant's Whitaker Supplemental Brief lacks merit. Instead, Plaintiff, once again, simply claims surprise.

**3.     Plaintiff's reliance on language from the opinion of one appellate case --- an appeal from an agency's rulemaking, not even a "contested" case --- and a brief footnote from one District Court case, is wholly misplaced and goes against a giant wave of well established precedent, detailing the circumstances under which a Motion to Strike should be granted.**

In support of her Motion to Strike, Plaintiff cites but three cases. Reliance on the first and primary case that Plaintiff cites, *Cronin v. FAA*, 73 F.3d 1126 (D.C. Cir. 1996),

7

is wholly misplaced. *Cronin* is an appellate case from a "rulemaking" decision involving the Federal Aviation Administration. It does not even involve a "contested" case and in no way has application to the case at bar. The second case Plaintiff cites, *Goldring*, is no case at all. The undersigned Counsel researched the case at the cite provided by Plaintiff, 415 F.3d 70, 77 (D.C. Cir. 2005), and there is an entirely different case at that cite, having nothing to do with the case at bar. And, the recent District Court decision cited by Plaintiff, *Adams v. Mineta*, 2006 WL 367895 (DDC Feb. 16, 2006), makes fleeting reference to *Cronin* in a footnote, hardly instructive, particularly when measured against the virtual battery of case law that goes against the instant Motion and that are referenced, in part, in Paragraph 4, below. In the *Cronin* case, the Court notes that the Petitioner sought to introduce new matter, after a hearing, "*after oral argument*," and presumably, after the record had been closed. As the Court noted in *Cronin*, "After oral argument in this case, Cronin requested leave to supplement the parties' Appendix with excerpts from the comments submitted to the FAA during its rulemaking." *Cronin* at 1133. On the contrary, in the instant case, beginning with Defendant Whitaker's Answer to the Complaint and including her Motion to dismiss, Motion for Judgment on the Pleadings, Reply to Plaintiff's Opposition to that Motion and the pleading at issue, Defendant Whitaker's Supplemental Brief, Defendant Whitaker has consistently argued against the relevant Counts and their place in this case. Plaintiff can hardly claim surprise.

4. **Plaintiff's Motion lacks the essential elements necessary to support a Motion to Strike and because such motions are viewed with disfavor and rarely granted by the court, this Court should not grant it in the instant case.**

A Motion to Strike is viewed with disfavor and is rarely granted. Such motions are rarely granted so the court can avoid the time, effort and expense necessary to litigate spurious issues. *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993). In considering a motion to strike, courts will generally apply the same test used to decide a motion to dismiss. *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985). See also *Naegele v. Albers*, 355 F.Supp.2d 129, 142 (D.D.C. 2005). That is to say, the court will deem as admitted all of the non-moving party's well-pleaded facts, draw all reasonable inferences in the pleader's favor and resolve all doubts in favor of denying the motion to strike. *Black v. Long Term Disability Ins.* 373 F.Supp.2d 897, 904 (E.D.Wis. 2005). The Burden of Proof lies with the party making the motion to strike. See *Naegele, Supra*, at 142. The moving party must generally make two showings. First, the moving party must show that the matter sought to be stricken is "clearly unrelated" to the pleader's claim. *Larsen v. Senate of Pennsylvania*, 154 F.3d 82 (3d. Cir. 1998). In the instant case, the matter sought to be stricken is clearly related. There can be no argument against that. Second, the moving party must show that he/she will be prejudiced by permitting the allegations to stand. *McInerney v. Moyer Lumber & Hardware*, 244 F.Supp.2d. 393, 402 (E.D.Pa. 2002). Plaintiff has made no claim of prejudice, only surprise. Moreover, prejudice exists when the contested allegations would confuse the issues, inject the possibility of unnecessarily extensive and burdensome discovery, improperly increase the time, expense and complexity of the trial, or otherwise unduly burden the moving party. *Canadian St. Regis Band of Mohawk Indians v. New York*, 278 F.Supp.2d 313, 325 (N.D.N.Y. 2003). The matter sought to be stricken would in reality do the exact opposite of all of those items. The matter clarifies not confuses the issues, will aid in the

9

discovery process should the case get to that level, will save time, expense and complexity should the case go to trial and does not unduly burden the Plaintiff. Indeed, courts are very reluctant to grant motions to strike where discovery has not yet taken place. *Canadian St. Regis Band of Mohawk Indians, Supra*, at 324-325. Moreover, a motion to strike will not be granted if the pleader would be permitted to offer evidence at trial in support of the allegation. *Judicial Watch, Inc. v. U.S. Dep't of Commerce*, 224 F.R.D. 261, 263 (D.D.C. 2004). There can be no dispute that Defendant Whitaker would be permitted to offer evidence at trial, should this case get to that level, in support of her allegations with respect to Counts VIII through XI of the Complaint. The matter will not be stricken if it describes acts or events relevant to the dispute. *Pigford v. Veneman*, 215 F.R.D. 2, 4 (D.D.C. 2003). The decision to grant or deny a motion to strike is within the sound discretion of the trial judge. *Talbot v. Robert Matthews Distrib. Co.*, 961 F.2d. 654, 665 (7th Cir. 1992). In the case at bar, justice is best served if this Court denies the Plaintiff's Motion to Strike and grants Defendant Whitaker's original Motion for Judgment on the Pleadings because a Rule 12 (c) judgment will be granted if the pleadings demonstrate that the moving party is entitled to judgment as a matter of law. *Sikirica v. Nationwide Insurance Co.*, 416 F.3d 214 (3d Cir. 2005); *United States v. Any and All Radio Station Transmission Equipment*, 207 F. 3d 458, 462 (8th Cir. 2000); and *Fajardo v. County of Los Angeles*, 179 F. 3d 698, 699 (9th Cir. 1999). The motion may be granted if, as here, the moving party demonstrates that no material fact is in dispute and the moving party is entitled to judgment as a matter of law. *Peters v. National R.R. Passenger Corp.*, 966 F.2d 1483, 1485 (D.C. Cir. 1992); and *Haynesworth v. Miller*, 820 F.2d 1245 (D.C. Cir. 1987). The purpose of a 12 (c) Motion for Judgment on the

10

Pleadings is to seek a substantive disposition of the case on the basis of its underlying merits. *Alexander v. City of Chicago*, 994 F. 2d 333 (7th Cir. 1993). The underlying merits of this case clearly point to a substantive disposition in Defendant Rosa Whitaker's favor.

*WHEREFORE*, the premises considered, Defendant Whitaker respectfully requests:

1. That the Motion to Strike of Plaintiff be denied and that Judgment be entered for Defendant Rosa Whitaker on the Complaint of Plaintiff.
2. For such other and further relief as to the Court seems just and proper.

23 March 2006     Respectfully Submitted by,

*/s/ Johnny Barnes*
Johnny Barnes #212985
1725 – 16th Street, N.W.
Washington, D.C. 20012
Telephone: (202) 882-2828
Facsimile: (202) 882-2828
E-Mail:     Johnny@thewhitakergroup.us

*Counsel for Defendant Rosa Whitaker*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| **Idah Zirintusa,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | CASE NUMBER:   1:05CV01738 |
| ) | |
| **Rosa Whitaker** ) | JUDGE:   Emmet G. Sullivan |
| ) | |
| **and** ) | DECK TYPE:   Labor/ERISA |
| ) | (Non-employment) |
| **Pauline Harris** ) | |
| ) | DATE STAMP:   0322/2006 |
| **Defendants.** ) | |

## PROPOSED ORDER

Upon consideration of the pleadings herein, Plaintiff Idah Zirintusa's Memorandum of Points and Authorities in support of her Motion to Strike New Arguments Raised for the First Time in Defendant Whitaker's Supplemental Reply and Defendant Whitaker's Opposition thereto, it is hereby ORDERED:

That the Motion of Plaintiff be denied, with prejudice, in all respects and that Judgment be entered for Defendant Rosa Whitaker on the Complaint of Plaintiff.

_____
Judge Emmet G. Sullivan
United States District Court for the District of Columbia

12