UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| IDAH ZIRINTUSA<br><br>        Plaintiff,<br><br>        v.<br><br>ROSA WHITAKER<br><br>    and<br><br>PAULINE HARRIS,<br><br>        Defendants. | Civil Action No. 1:05CV01738 (EGS) |

**PLAINTIFF'S FIRST SET OF INTERROGATORIES
TO DEFENDANT ROSA WHITAKER**

Plaintiff Idah Zirintusa, by counsel and pursuant to Fed. R. Civ. P. 33, hereby submits her First Set of Interrogatories to Defendant Rosa Whitaker. Sworn answers to these Interrogatories must be served upon counsel for Plaintiff within thirty (30) days after service of these Interrogatories.

**INSTRUCTIONS AND DEFINITIONS**

A. These interrogatories are continuing in nature, up to and during the course of the trial. Your response to these Interrogatories must be supplemented as you obtain additional information affecting any of your responses.

B. If you cannot answer all or part of any interrogatory in full after exercising due diligence to secure the full information to do so, so state and answer to the extent possible,

specifying your inability to answer the remainder, stating whatever information or knowledge you have concerning the unanswered portion, and detailing what you did in attempting to secure the unknown information.

C. The term "assistance" means the provision to or for the direct or indirect benefit of the person receiving the assistance, or to or for the direct or indirect benefit of that person's dependents or designees, of any monies, payments, benefits, opportunities, or advantages, including but not limited to financial payments; provision of in-kind benefits (such as food and housing); provision of employment; provision of assistance to facilitate the obtaining of employment, entry into the United States, or admission to an educational institution or any other benefit or entitlement.

D. The term "communication(s)" means the transmittal of information by any means. This includes but is not limited to any oral, verbal, written, or other exchange between two or more individuals/entities on any topic, for example through conversations (in-person, telephonic, or otherwise) or exchanges in writing (transmitted via any method, including email, letter, facsimile, or otherwise).

E. The term "concerning" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, describing, supporting, evidencing, or associated with.

F. The term "identify" when used with respect to a person means to state: (1) the full name of the person, (2) his or her current business address and telephone number, (3) his or her present or last known employer and position, (4) if the person directly or indirectly performs or has performed work for you or a company in which you have an ownership interest, a description

of his or her responsibilities concerning that work, (5) his or her immigration status in the United States, (6) for persons you employed through an agency, the name of that agency, and (7) with respect to expert witnesses, also state the witness' profession and qualifications.

G. The term "identify" when used with respect to a document means to state, to the extent known: (1) the type of document (e.g., letter, memorandum), (2) its date or approximate date, (3) its author or authors, (4) its addressee or addressees, (5) its recipient or recipients, (6) its subject matter, (7) its present location or custodian (or in lieu thereof attach a copy of the document) and (8) if the document has been destroyed, state the circumstances under which the document was destroyed.

H. The term "identify" when used with respect to a communication means to state: (1) the type of communication (e.g., telephone conversation, face-to-face conversation, staff meeting), (2) its date or approximate date, (3) the identity of its participants or attendees, and (4) a detailed description of its subject matter.

I. The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" <u>includes the original and any nonidentical copy and also every draft and proposed draft</u> of all correspondence, memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, cards, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any

other writings or documentary material of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.

    J. The word "Plaintiff" means Idah Zirintusa.

    K. The word "Defendant," when used alone, means Rosa Whitaker.

    L. The words "you" or "your" refer to Defendant.

    M. The use of the singular form of any word includes the plural, and vice versa.

## INTERROGATORIES

### INTERROGATORY NO. 1

Describe Defendant's relationship with Plaintiff from January 1, 2002 through today, including the genesis of Defendant's relationship with Plaintiff and how the nature of the relationship changed and evolved during that time period.

### INTERROGATORY NO. 2

Identify and fully describe all communications between and among Defendant and President Yoweri K. Museveni of Uganda, his wife, Uganda State House officials, or other Ugandan government employees, officials, or nationals, concerning Plaintiff.

### INTERROGATORY NO. 3

Identify and fully describe all communications between Defendant and Plaintiff concerning the Plaintiff leaving Uganda and coming to the United States, including what Plaintiff would do when she arrived in the United States.

## INTERROGATORY NO. 4

Describe in detail all assistance that Defendant, either in her personal capacity or as a representative of The Whitaker Group, either directly or through agents, communicated to anyone including Plaintiff that she would provide to Plaintiff, including but not limited to assistance concerning Plaintiff's relocation to the United States, Plaintiff's education in the United States, Plaintiff's living situation in the United States, and Plaintiff's potential return to Uganda.

## INTERROGATORY NO. 5

Describe in specific detail what assistance Defendant actually provided to Plaintiff.

## INTERROGATORY NO. 6

Identify and fully describe any communications between Defendant and Plaintiff concerning any assistance that Defendant could provide, would provide, had provided, or had been asked to provide, to Plaintiff.

## INTERROGATORY NO. 7

Describe the nature, location and duration of any actions taken, including work performed, by Plaintiff on Defendant's behalf in the United States, and the date range(s) of such actions or work.

## INTERROGATORY NO. 8

Describe the basis for Defendant's contention that Plaintiff does not lawfully reside in the United States.

## INTERROGATORY NO. 9

Identify all communications between Plaintiff and Sheila Williams.

## INTERROGATORY NO. 10

Describe in detail the circumstances surrounding Defendant's severing of her relationship and/or contact with Plaintiff and/or requiring Plaintiff to cease residing in Defendant's home, including dates, persons involved and communications concerning the foregoing.

## INTERROGATORY NO. 11

Identify any persons to whom Defendant has provided assistance, consultation, advice, or guidance of any nature concerning their entry into the United States, temporary or permanent visitation or residence in the United States, or relocation to the United States.

## INTERROGATORY NO. 12

Identify any persons who have performed work in, on or concerning Defendant's residence in Washington, D.C., in the past five years.

INTERROGATORY NO. 13

State the dates on which Defendant was not present in the Washington, D.C. metropolitan area (D.C., Maryland, or Virginia) during the months of August and September 2005, and your locations during those dates.

INTERROGATORY NO. 14

Describe how Defendant was served with a copy of the Complaint and Summons in this case, including all interactions (verbal, physical, or otherwise) and communications with the person who served such documents upon you.

INTERROGATORY NO. 15

Describe the relationship between Plaintiff and Pauline Harris, including but not limited to how they met, Defendant's role in how they met, when and why Plaintiff visited the home of Pauline Harris, and the work that Plaintiff performed for Pauline Harris.

Dated: December 15, 2005

*Alex C. Lakatos /ASL*
Alex C. Lakatos (D.C. Bar No. 453763)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007
Counsel for Plaintiff Idah Zirintusa

- 8 -

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December 2005, the foregoing Plaintiff's First Set of Interrogatories to Defendant Rosa Whitaker was served by hand on the following counsel of record:

>Johnny Barnes, Esq.
>7725 – 16th Street, NW
>Washington, DC 20012

                                                            _____
                                                            Anne E. Langford