UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| IDAH ZIRINTUSA<br><br>           Plaintiff,<br><br>    v.<br><br>ROSA WHITAKER<br><br>    and<br><br>PAULINE HARRIS,<br><br>           Defendants. | Civil Action No. 1:05CV01738 (EGS) |

**PLAINTIFF'S FIRST SET OF DOCUMENT REQUESTS TO
DEFENDANT ROSA WHITAKER**

Plaintiff Idah Zirintusa ("Plaintiff"), by counsel and pursuant to Fed. R. Civ. P. 34, hereby submits her First Set of Document Requests to Defendant Rosa Whitaker ("Defendant"). Plaintiff requests that the originals (or true and correct copies, if the originals are unavailable) of documents responsive to the requests be produced within 30 days after service of these requests. The documents should be produced to Alex Lakatos at the offices of Pillsbury Winthrop Shaw Pittman, 2300 N Street N.W., Washington, D.C. 20037-1128, or at such other time or place as may be agreed upon by counsel or ordered by the court.

**INSTRUCTIONS AND DEFINITIONS**

A. These requests for production of documents are continuing in nature, up to and during the course of the trial. Responsive documents that you obtain or discover after your initial response and production must be produced promptly by supplemental production.

B. If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other grounds, for each such document:

1. describe the nature of the document (e.g., letter, memorandum);
2. state the date of the document;
3. identify the sender, author, and all recipients of the document;
4. summarize the subject matter of the document;
5. state the basis on which you contend you are entitled to withhold the document from production.

C. If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced. Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

D. You must produce all responsive documents as they are ordinarily kept, or you must organize the documents to correspond with the categories in this request.

E. The word "Answer" means the Answer filed by Rosa Whitaker in Civil Action No. 1:05CV01738 (EGS).

F. The term "assistance" means the provision, to or for the direct or indirect benefit of the person receiving the assistance, or to or for the direct or indirect benefit of that person's dependents or designees, of any monies, payments, benefits, opportunities, or advantages, including but not limited to financial payments; provision of in-kind benefits (such as food and housing); provision of employment; provision of assistance to facilitate the obtaining of

employment, entry into the United States, or admission to an educational institution or any other benefit or entitlement.

G. The term "concerning" means referring to, relating to, regarding, reflecting, discussing, constituting, mentioning, pertaining to, alluding to, describing, supporting, evidencing, or associated with.

H. The term "communication(s)" means the transmittal of information by any means. This includes but is not limited to any oral, verbal, written, or other exchange between two or more individuals/entities on any topic, for example through conversations (in-person, telephonic, or otherwise) or exchanges in writing (transmitted via any method, including email, letter, facsimile, or otherwise).

I. The word "document(s)" means all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically or otherwise) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made; without limiting the generality of the foregoing, the word "document(s)" <u>includes the original and any nonidentical copy and also every draft and proposed draft</u> of all correspondence, memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary material of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith.

J. The word "Plaintiff" means Idah Zirintusa.

3

K. The word "Defendant," when used alone, means Rosa Whitaker.

L. If there are no documents responsive to any request set forth below, state that there are no responsive documents.

## REQUESTS FOR PRODUCTION

Please produce, in accordance with the foregoing instructions and definitions, the following documents in your possession, custody or control:

1. All documents concerning any aspect of Plaintiff's relocation to the United States.

2. All documents concerning any offers of assistance made by Defendant to Plaintiff or members of Plaintiff's family.

3. All documents concerning any assistance actually provided by Defendant to Plaintiff.

4. All documents concerning any assistance actually provided by Pauline Harris to Plaintiff.

5. All documents concerning any assistance actually provided by Sheila Williams to Plaintiff.

6. All documents concerning any communications between Plaintiff and Defendant.

7. All documents concerning any communications between Plaintiff and any agent or employee of Defendant.

4

8. All documents concerning any communications between Plaintiff and any agent or employee of The Whitaker Group.

9. All documents concerning any communications between Defendant and the President of Uganda, his wife, or any other Ugandan government employees, officials, or nationals concerning Plaintiff.

10. All documents concerning any arrangement or agreement made between Plaintiff and Defendant for any purpose.

11. All documents concerning any arrangement or agreement made between Plaintiff and The Whitaker Group.

12. All documents concerning Plaintiff's visa for entry into the United States.

13. All documents concerning any scholarship program offered by The Whitaker Group for the benefit of any person.

14. All documents concerning any assistance that The Whitaker Group provided to any person concerning any scholarship program that The Whitaker Group has ever offered.

15. All documents concerning any assistance that The Whitaker Group provided to the Plaintiff.

16. All documents concerning any assistance that Defendant provided or offered to provide to Plaintiff to facilitate her return to Uganda, including but not limited to a plane ticket.

17. All documents concerning any assistance that Sheila Williams provided or offered to provide to Plaintiff to facilitate her return to Uganda, including but not limited to a plane ticket.

18. All documents concerning any actions taken (including work performed) by Plaintiff on behalf of Defendant.

19. All documents concerning any actions taken (including work performed) by Plaintiff on behalf of Pauline Harris.

20. All documents concerning any payments, remuneration or other assistance received by Defendant from Pauline Harris concerning the Plaintiff.

21. Telephone bills for any and all telephone lines registered to and/or paid by Defendant and used by Plaintiff during the time period that Plaintiff resided in Defendant's home.

22. All documents concerning any communications between Defendant and Pauline Harris concerning Plaintiff.

23. All documents concerning Defendant's scheduling, activities and planning (e.g., calendars, planners, organizers, day-timers) from January 1, 2002, through today.

24. All documents concerning any bank accounts held by Defendant from January 1, 2002 through today, including but not limited to account statements and cancelled checks.

400077700v3

25. All documents concerning any accounts held by Defendant used at any time to provide assistance to Plaintiff, from the time period in which those accounts were used to provide assistance to Plaintiff.

26. All documents (including, but not limited to, Affidavits of Support) concerning Defendant's involvement in sponsorship of any foreign national(s) for any type of visa to enter the United States.

27. All documents concerning any assistance provide by Defendant to any person concerning that person's entry, visitation, or relocation to the United States in the last five years.

28. All documents concerning any arrangements or agreements for work to be performed in, on or concerning Defendant's home in Washington, D.C., in the last five years.

29. All documents concerning any arrangements or agreements for any domestic work to be performed in, on or concerning Defendant's home in Washington, D.C., in the last ten years.

30. All documents concerning any assistance provided to any domestic worker who performed work in, on or concerning the Defendant's home in Washington, D.C., in the last ten years.

31. All documentation (including, but not limited to, travel itineraries, ticket stubs, etc.) documenting Defendant's travel outside of the Washington, D.C. metropolitan area (defined here to include the District of Columbia, Maryland, and Virginia) during the months of August and September 2005.

32. Any documents concerning Plaintiff's enrollment and attendance at Montgomery County Community College.

33. Any documents concerning Plaintiff's current immigration status in the United States.

34. All documents concerning any repairs or work done on the stairs to Defendant's home in Washington, D.C., from August 2005 and thereafter.

35. Any documents concerning any work done on automobiles owned, leased, or operated by Defendant from August 2005 and thereafter.

DATED: December 15, 2005

                                                  /Alex C. Lakatos/ACL
Alex C. Lakatos (D.C. Bar No. 453763)
PILLSBURY WINTHROP SHAW PITTMAN LLP
2300 N Street, N.W.
Washington, D.C. 20037-1128
Tel: (202) 663-8000
Fax: (202) 663-8007
Counsel for Plaintiff Idah Zirintusa

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of December, 2005, the foregoing Plaintiff's First Set of Document Requests to Defendant Rosa Whitaker was served by hand on the following counsel of record:

>Johnny Barnes, Esq.
>7725 – 16th Street, NW
>Washington, DC 20012

_____
Anne E. Langford

400077700v3