UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAH ZIRINTUSA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROSA WHITAKER, et al. )<br>)<br>Defendants. )<br>)<br>) | Civil Action No. A:05CV01738 (EGS)<br><br>**Oral Argument Requested** |

## REPLY
## IN SUPPORT OF PLAINTIFF IDAH ZIRINTUSA'S
## MOTION TO COMPEL DISCOVERY

Defendant Rosa Whitaker did not respond to Plaintiff Idah Zirintusa's Motion to Compel Discovery in a timely manner.[1]  Accordingly, the Court should "treat the motion as conceded." LCvR 7(b).

Even if the Court were to consider Ms. Whitaker's Opposition, the Court should grant Ms. Zirintusa's motion because Ms. Whitaker's Opposition rests solely on the baseless contention that "the parties agreed to stay discovery pending the outcome of the Motion for Judgment on the Pleadings and the issuance of a Scheduling Order by the Court" (Opp. 2), when in fact, no such stay exists.  *See* Declaration of Alex C. Lakatos ("Lakatos Decl.") ¶ 3.

---

[1]  Ms. Zirintusa electronically filed her Motion to Compel Discovery on August 21, 2006. Pursuant to LCvR 7(b), Ms. Whitaker had 11 days to file her opposition memorandum; she filed her memorandum four days late, on September 5, 2006.   Ms. Whitaker did not move pursuant to Fed. R. Civ. P. 6(b) to enlarge the time to respond to Ms. Zirintusa's motion.

- 1 -

Furthermore, Ms. Whitaker offers no rebuttal of Ms. Zirintusa's argument that she is prejudiced by Ms. Whitaker's unwarranted delay in responding to Ms. Zirintusa's discovery requests.[2]

Tellingly, Ms. Whitaker's Opposition offers no hint as to either *how* the purported "stay" agreement was supposedly entered (for example, by written stipulation, in an e-mail, or orally) or *when* it was made, pointing opaquely to the time before "[Ms. Zirintusa's] deposition was set" (Opp. 2) for a deposition that Ms. Whitaker still has not taken. Likewise, Ms. Whitaker makes no attempt to substantiate her assertion by reference to any documentary evidence or by submitting a declaration attesting to how or when the parties allegedly agreed to a stay.

Moreover, the undisputed record demonstrates that Ms. Zirintusa rejected Ms. Whitaker's proposal to stay discovery and insisted "that discovery not be stayed and proceed immediately." Joint Scheduling Conference Report Pursuant to Local Civil Rule 16.3 at 4 (Jan. 10, 2006). Without a stay agreement, both Ms. Zirintusa and Ms. Whitakers began discovery: Ms. Zirintusa served Ms. Whitaker with Requests for Documents and Interrogatories on December 15, 2005, and the following day, on December 16, 2005, Ms. Whitaker served her own First Set of Interrogatories and First Set of Document Requests upon Ms. Zirintusa (*see* Statement of Points and Authorities in Support of Idah Zirintusa's Motion to Compel Discovery at 1). Thereafter, Ms. Whitaker sought to depose Ms. Zirintusa, and Ms. Zirintusa requested that Ms. Whitaker suggest dates when the deposition would be convenient for both parties. *See* Lakatos Decl. ¶ 6; Ex. 1 (Notice of Deposition of Ms. Zirintusa (Jan. 3, 2006)); Ex. 2 (Letter from A. Lakatos to J. Barnes (Jan. 4, 2006)).[3] Subsequently, Ms. Zirintusa responded to Ms. Whitaker's written

---

[2]   Ms. Whitaker goes on to assert that she is prejudiced by her own delay. Opp. 2 ("The prejudice of delay, if any, is lodged against Defendant Rosa Whitaker").

[3]   Ms. Zirintusa's counsel neither responded to the Jan. 4, 2006 letter nor proposed any other date for the deposition. Lakatos Decl. ¶ 5.

discovery requests.  On June 23, 2006, Ms. Zirintusa served her Requests for Admission upon Ms. Whitaker.

At no point in the history of this litigation, prior to her filing of the Opposition to this motion, did Ms. Whitaker raise the existence of an agreed-upon "stay" as reason to halt the discovery process both sides had mutually embarked upon.  To the contrary, Ms. Whitaker previously gave other reasons for failing to comply with her discovery obligations.  After receiving Ms. Zirintusa's responses to Ms. Whitaker's discovery requests, counsel for Ms. Whitaker wrote back, making no mention of the purported stay, but instead responding that Ms. Whitaker would "await the [Court's] Scheduling Order" before complying with Ms. Zirintusa's requests for discovery.  Lakatos Decl. ¶ 7; Ex. 3 (Letter from A. Barnes to J. Lakatos (received on or about June 26, 2006)).  Counsel for Ms. Zirintusa then wrote back to counsel for Ms. Whitaker to urge compliance with Ms. Zirintusa's discovery requests.  Lakatos Decl. ¶ 8; Ex. 4 (Letter from A. Lakatos to J. Barnes (June 30, 2006)).  Counsel for Ms. Whitaker never responded.   Lakatos Decl. ¶ 8.

Only when Ms. Zirintusa challenged Ms. Whitaker's failure to comply with her long overdue discovery obligations by the filing the instant Motion to Compel Discovery, did Ms. Whitaker abandon her former argument that the *Court* had somehow imposed a stay of discovery and substituted her new explanation, never before heard, that the *parties* had agreed to a stay.   In view of the record of proceedings and the Lakatos Declaration that demonstrate that no stay was agreed upon between the parties, the Court should reject Ms. Whitaker's unsupported assertion.  *Cf. Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 68 n.3 (D.D.C. 2003) ("conclusory statement, unsupported by any evidence" rejected in favor of statements made in opposing party's sworn affidavit).

Because the Ms. Whitaker offers no other grounds for ignoring her discovery obligations, Ms. Zirintusa's Motion to Compel Discovery should be granted and Ms. Whitaker should be given 30 days to respond to Ms. Zirintusa's Document Requests and Interrogatories.

Ms. Zirintusa requests oral argument on her motion.

Dated: September 7, 2006                    Respectfully submitted,

                                            MAYER BROWN, ROWE & MAW

                                            /s/ Alex Lakatos_____
                                            Alex C. Lakatos, Esq. (DC Bar No. 453763)
                                            1909 K Street, NW
                                            Washington, DC 20006
                                            (202) 263-3312

                                            *Counsel for Plaintiff Idah Zirintusa*