UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| Idah Zirintusa, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | CASE NUMBER:   1:05CV01738 |
| ) | |
| Rosa Whitaker ) | **NON PARTY THE WHITAKER GROUP** |
| ) | **REPLY BRIEF REGARDING THE** |
| and ) | **DISCOVERY DISPUTE** |
| ) | |
| Pauline Harris ) | |
| ) | DATE STAMP:      3/27/2007 |
| Defendants. ) | |

    The Whitaker Group (TWG), a Non-Party in this case, through the undersigned Counsel, who appears on behalf of TWG for the sole and limited purpose of submitting this Reply Brief, responds to Plaintiff's Brief by noting that the Court in its Memorandum Opinion of 3 January 2007 (Opinion) granted, in part, Defendant Rosa Whitaker's Motion for Judgment on the Pleadings, thereby narrowing the issues in this case. Plaintiff, through a blizzard-like flurry of discovery requests now seeks to eviscerate the Court's Decision by seeking information that is no longer relevant or discoverable, through requests that are burdensome, expensive, overbroad, vague and ambiguous.

    TWG is a Limited Liability Company and has no direct or indirect connection to the matters remaining in dispute in this case. If a claim has been dismissed, further discovery that is relevant to that claim only *will not be allowed*. See *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Moreover, contrary to Plaintiff's wild and baseless assertion, TWG is not the Company of Defendant Rosa Whitaker (Whitaker).

    As a consequence of the Court's Opinion, all matters remaining at issue center around Plaintiff's Claim of an Oral Employment Agreement *between her and Whitaker*, including violation of certain Labor Laws *by Whitaker*, interference with Plaintiff's work *by Whitaker*, false promises *by Whitaker* and unjust enrichment inuring to the benefit *of Whitaker* and Whitaker's Co-Defendant Pauline Harris (Harris). At no place in her pleadings or arguments before this Court has Plaintiff ever claimed that

TWG had anything to do with those matters. Nor has Plaintiff ever claimed or argued that she performed domestic work or work of any kind for TWG. Yet Plaintiff issues a broad and sweeping Subpoena seeking primarily commercial information from TWG, conducts an oral deposition of an employee of TWG for multiple hours and now boldly comes before the Court asking that she be allowed to do it all over again. Confidential business matters may be treated as privileged. See *Maritime Cinema Serv. Corp. v. Movies EN Route, Inc.*, 60 F.R.D. 587 (S.D.N.Y. 1973). A judge may quash a subpoena if it "(3) requires disclosure of privileged or other protected matter." F.R.C.P. 45(c)(3)(A). Additionally, a judge may quash a subpoena under F.R.C.P. 45 (c)(3)(A) if it "(4) subjects a person to undue burden." *Linder v. Department of Defense*, 133 F.3d 17, 24 (D.C. Cir. 1998). Plaintiff's request for information regarding, among other things, the "duties of current and former TWG employees; TWG business records; and Whitaker's work travel ... have nothing to do with the remaining claims in this case. TWG is a small business whose designated representative has already been away from work for multiple hours in a good faith effort to comply with Plaintiff's discovery requests. Requiring further loss of time from the job of this essential employee clearly constitutes an undue burden. Worse, this audacious request is made against the backdrop of an appropriate Rule 45(c)(2)(B) objection, timely made by letter by Counsel for TWG upon issuance of the Subpoena and in advance of the Deposition. Objections to subpoenas are customarily made by letter. *Tuite v. Henry*, 98 F.3d 1411, 1416 (D.C. Cir. 1996). If the Court finds the subpoena objectionable, it has the option of quashing it altogether. *Flatow v. Islamic Republic of Iran*, 196 F.R.D. 203, 209 (D.D.C. 2000).

Plaintiff has filed and received separate responses from Whitaker and Co-Defendant Harris to her Requests for Production of Documents, Sets of Interrogatories and Requests for Admissions. In addition, Plaintiff has sought to inspect the land of each Defendant. By her own assertion, Plaintiff left her home Country, leaving her family behind, with great reluctance and because, she claims, Whitaker lured her to leave. Again, none of these claims involve TWG. Beyond that, Plaintiff came to the United States for an education and consequently is not able to work. Thus, it seems, Plaintiff unleashes these demands and requests fully knowing that the costs, fees and expense borne by Whitaker and Harris will not be borne by her, should Whitaker and/or Harris prevail, inasmuch as she is apparently unemployed and would intend to return to her home Country at the close of this litigation. While this discovery process is burdensome and expensive for Whitaker and Harris, they are Defendants in the case. TWG is a Non-Party. The material sought by Plaintiff could and more properly should be requested from Whitaker and Harris. Directing these overbroad, sweeping, vague and ambiguous inquiries at TWG, particularly when combined with the extensive discovery directed at Whitaker and Harris, it can reasonably be concluded that Plaintiff's aim is to harass TWG. The

discovery process is not a bottomless pit, without limits. Indeed, under F.R.C.P. 26(b)(2), the Court is empowered to limit discovery that is unreasonably cumulative or duplicative. *Bayer AG v. Betachem, Inc.*, 173 F.3d 188 (3d Cir. 1999). The Court is also empowered to limit discovery that is obtainable, more conveniently, from another source, or is unduly burdensome or expensive given the nature and circumstances of the case. *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681-682 (7th Cir. 2002). Plaintiff has launched a giant net in the direction of TWG, hoping to find some witness, any witness, some information, any information, some document, any document, that she might use in her very thin case against Whitaker and Harris. Parties are not entitled to conduct a "fishing expedition" as part of the discovery process. *Koch v. Koch Industries, Inc.* 203 F.3d 1202, 1238 (10th Cir. 2000), *cert. denied*, 531 U.S. 926 (2000). Few cases justify a lot of discovery. Reasonable, selective discovery is usually the best approach, and the key is recognizing and maintaining the right balance. *Discovery Practice*, Fourth Edition, Chapter 1, Section 1.02, Haydock and Herr (2004).

A subpoena must be accompanied by reasonable fees, 28 U.S.C. Section 1821. See also F.R.C.P. 45(b)(1). Federal courts have concerned themselves with the legitimate claims of nonparties who are put to significant effort, inconvenience and expense in litigation in which they have no interest. A Ninth Circuit case found that the lower court should have considered a $2.3 million request by non-parties responding to subpoenas. *United States v. Columbia Broad. Sys.* 666 F.2d 364 (9th Cir. 1982). On remand, a very substantial payment was ordered. *United States v. CBS, Inc. 103 F.R.D.* 365 (C.D. Cal. 1984). And, the Tenth Circuit found it reasonable to permit a non-party to condition its compliance with a subpoena upon payment of roughly $9,000 for expenses it would incur in responding to a subpoena. *Florida v. Kerr-McGee Corp.*, 669 F.2d 620 (10th Cir. 1982).

Objections may be brought to a subpoena that is unreasonable and oppressive and, as here, subjects the recipient to an undue burden. F.R.C.P. 45(c)(3)(A)(iv). See also *Truswal Sys. Corp. v. Hydro-Air Eng'g, Inc.*, 813 F.2d 1207 (Fed. Cir. 1987). Plaintiff can and should seek to obtain the documents and things herein sought from a party to the case and should first use a Rule 34 request before employing a Rule 45 request against a non-party. *Bada Co. v. Montgomery Ward & Co.*, 32 F.R.D. 208, 210 (E.D. Tenn. 1963). A non-party's privacy, such as commercial and business information, can, as here, outweigh a party's need for the information. *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225 (9th Cir. 1975). Most importantly, when the information sought is irrelevant under F.R.C.P. 26, as it clearly is here, it is not discoverable and an objection may be sustained. *Fein v. Numax Corp.*, 92 F.R.D. 94 (S.D.N.Y. 1981). The Subpoena in the instant case is defective and seeks documents and information that is overly broad, sweeping, vague, ambiguous, burdensome, irrelevant and not discoverable.

Dated: 27 March 2007                               Respectfully Submitted,

*[signature: Johnny Barnes]*

Johnny Barnes (D.C. Bar Number 212985)
7725 - 16th Street, N.W.
Washington, D.C. 20012
Telephone (202) 882-2828
AttorneyJB@comcast.net

Interim Counsel for Non Party The Whitaker Group

**Certificate Pursuant to LCvR7(m)**

The undersigned Interim Counsel represents that General Counsel for Non Party The Whitaker Group informed him that he conferred with opposing counsel in an effort to resolve the above-described discovery dispute. As a consequence, any attempt to obtain relief on this matter is opposed.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of March 2007, the foregoing Non Party Reply Brief was served via First Class Mail, postage prepaid, and electronic transmission to the following counsel of record:

Alex C. Lakatos (D.C. Bar Number 453763)
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W. Washington, D.C. 20006-1101
Tel: (202) 263-3000  Fax: (202) 263-5312
alakatos@mayerbrownrowe.com

*[signature: Johnny Barnes]*

Johnny Barnes (D.C. Bar Number 212985)

4