**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IDAH ZIRINTUSA | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :   Civil Action No.  05-1738 (EGS/JMF) |
| | : |
| ROSA WHITAKER, et. al. | : |
| | : |
| Defendants. | : |

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S**
**RULE 30(B)(6) SUBPOENA DUCES TECUM TO THE WHITAKER GROUP**

**INTRODUCTION**

Rule 26(b)(2) of The Federal Civil Rules of Procedure states that the Court may limit discovery for the following reasons:

(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in this action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit.

FED. R. CIV. P. 26(b)(2). Rule 34, concerning the production of documents, is also within the scope of Rule 26(b)(2). FED. R. CIV. P. 34(a).

The Court may quash or modify the subpoena if it "requires disclosure of privileged or other protected matter and no exception or waiver applies, or subjects a person to undue burden" or requires disclosure of commercial information. FED. R. CIV. P. 45 (C). In Washington v. Thurgood Marshall Acad., the United States District Court for the District of Columbia determined that subpoenas to various non-parties for production of documents were overbroad

and implicated the privacy rights of people not involved in the litigation. The Judge modified the subpoenas by limiting the discovery and subjecting the discovery to certain conditions in order to protect people's privacy rights. Washington v. Thurgood Marshall Acad., 230 F.R.D. 18, 22-24 (D.D.C. 2005). For requests that were not relevant to the case, the Judge limited the discovery to only documents that were applicable to the issues of the litigation. Id. As in that case, privacy rights of people not involved in this litigation have been implicated through Plaintiff's discovery requests, and many of these requests are overbroad.

The Court may look at the following factors to determine if undue burden exists under Rule 45: "relevance, the need of the party for the documents, whether the request is cumulative and duplicative, the time and expense required to comply with the subpoena (relative to the responder's resources), and the importance of the issues at stake in the litigation." Linder v. Calero-Portcarrero, 180 F.R.D. 168, 174 (D.D.C. 1998). Many of the requests asked of The Whitaker Group cause it undue burden by asking for irrelevant requests, duplicative requests, and require it great time and expense to comply with the subpoena. The requests that are not relevant or would cause undue burden to The Whitaker Group should be modified by this Court.

**GENERAL OBJECTIONS:**

1.      Defendants object to the Definitions and Instructions as impermissibly overbroad and expanding the limits placed on discovery.

2.      Defendants object to the documents to be produced and the topics of inquiry to the extent they seek information protected by the attorney-client privilege, work-product doctrine, and any other privilege available to The Whitaker Group.

**SPECIFIC OBJECTIONS TO TOPICS OF INQUIRY:**

In addition to the General Objections, Defendants object specifically to the numbered requests of the Topics of Inquiry in Attachment A of the subpoena duces tecum[1] as follows:

1. The positions, duties, compensation and business expenses of current and former employees of The Whitaker Group.

**OBJECTION:** Objection on the grounds of relevance and privacy of current and former employees of The Whitaker Group that are not involved in this litigation. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to compel it to answer these irrelevant questions when it has already been subjected to a seven hour deposition. In particular, the financial information requested is proprietary and has nothing whatsoever to do with the Complaint filed against Ms. Whitaker and Ms. Harris.

2. The structure, organization, business and objectives of The Whitaker Group.

**OBJECTION:** Objection on the grounds of relevance. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to compel it to answer these irrelevant questions when it has already been subjected to a seven hour deposition. Unless Plaintiff can proffer some legitimate purpose other than harassment, the Court should preclude this area of inquiry.

3. The nature, location, creation and maintenance of The Whitaker Group's business records.

**OBJECTION:** Objection on the grounds of relevance and privacy and on the grounds that the topic is overbroad. The Whitaker Group is not a party to this litigation, and it is unduly

---

[1] Plaintiffs issued two subpoenas duces tecum to The Whitaker Group. These objections are based on Attachment A of the February 20, 2007 subpoena, as this subpoena includes all the topics of inquiry as the January 30, 2007 subpoena with an additional four topics.

burdensome and harassing to compel it to answer these irrelevant questions when it has already been subjected to a seven hour deposition. Unless Plaintiff can proffer some legitimate purpose other than harassment, the Court should preclude this area of inquiry.

4. Steps taken by the Whitaker Group to respond to the subpoena for documents served on The Whitaker Group on January 30, 2007.

**OBJECTION:** No objection.

5. The Whitaker Group Scholarship Program, including but not limited to the program's institution and administration, the initial establishment of the program, the funding of the program and any policies or procedures in place concerning the program.

**OBJECTION:** Objection on the grounds of relevance, privacy, and the proprietary nature of the information sought. In addition, the request is overbroad. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to compel it to answer these irrelevant questions when it has already been subjected to a seven hour deposition. The Whitaker Group will answer questions specifically related to Plaintiff's scholarship.

6. Plaintiff and The Whitaker Group Scholarship Program, including but not limited to Plaintiff's application and any communications between Plaintiff and The Whitaker Group concerning the program.

**OBJECTION:** No objection.

7. Individual applicants and/or participants or beneficiaries of The Whitaker Group Scholarship Program, including but not limited to their application, any communications between the applicants or participants and The Whitaker Group and assistance rendered by The Whitaker Group to the program's participants or beneficiaries.

**OBJECTION:** Objection on the grounds of relevance and privacy of applicants, participants, or beneficiaries of The Whitaker Group Scholarship Program who are not involved with this litigation.

8. Identity and contact information of all agents, employees, or affiliates of the Whitaker Group who are and/or were involved in The Whitaker Group Scholarship Program.

**OBJECTION:** Objection on the grounds of relevance and privacy of agents, employees, and affiliates of the Whitaker Group and on the grounds the request is overbroad. Moreover, the topic is not limited to the dates relevant to this litigation. Subject request number 6 is the only relevant topic related to the Scholarship Program.

9. All assistance rendered or offered to Plaintiff by The Whitaker Group, including but not limited to assistance rendered in connection with The Whitaker Group Scholarship Program, and an airplane ticket offered to Plaintiff.

**OBJECTION:** Objection on the grounds that "all assistance" is vague, ambiguous, and is not limited to the dates relevant to this litigation. The Whitaker Group will answer questions about Plaintiff's scholarship and the airplane ticket to the extent it has any knowledge of these topics.

10. All agreements and arrangement between Plaintiff and the Whitaker Group.

**OBJECTION:** Objection on the grounds the topic is vague, ambiguous, and overbroad. and is not limited to the dates relevant to this litigation. The Whitaker Group will answer questions about Plaintiff's scholarship and the airplane ticket to the extent it has any knowledge of these topics.

11. All communications between Plaintiff and The Whitaker Group, including but not limited to all communications involving and/or concerning Plaintiff and all visits of Plaintiff to the offices of The Whitaker Group.

**OBJECTION:** Objection on the grounds of relevance and on the grounds the topic is overbroad and is not limited to the dates subject to this litigation. The Whitaker Group will answer questions about Plaintiff's scholarship and the airplane ticket to the extent it has any knowledge of these topics.

12. Institution and litigation of the lawsuit captioned <u>Idah Zirintusa v. Rosa Whitaker et al.</u>, Civil Action No. 1:05CV01738 (EGS).

**OBJECTION:** Objection on the grounds the topic is vague and ambiguous, and is requesting information subject to the attorney-client privilege. In any event, The Whitaker Group has not been involved in the "institution and litigation" of this lawsuit.

13. Communications between Daniel Portnoy, Scott Kucik, Vincent Piazza, or any other employees or agents of Capitol Process Services and any employee, agent, or affiliate of The Whitaker Group.

**OBJECTION:** Objection on the grounds of relevance. Probing the assertions of Plaintiff's process server will not lead to the discovery of any admissible evidence in this proceeding. The Court has already denied a prior motion by Plaintiff on this topic.

14. Rosa Whitaker's travel schedule from July 2004 through January 2005 and from August through October 2005.

**OBJECTION:** Objection on the grounds of relevance. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to compel it to answer these

irrelevant questions when it has already been subjected to a seven hour deposition. In addition, the request is duplicative and can be obtained from sources other than The Whitaker Group.

**SPECIFIC OBJECTIONS TO DOCUMENTS REQUESTED:**

In addition to the General Objections, Defendants object specifically to the numbered document production requests of Attachment 1 of the subpoena duces tecum[2] as follows:

1. All documents concerning the institution and administration of The Whitaker Group Scholarship Program. This includes, but is not limited to, documents relating to the initial establishment of the program; the funding of the program; any policies or procedures in place, formal or informal, that relate to who is involved in the selection of applicants, what criteria are used to select participants, who assists in securing visas, transportation, completing admissions documents and paying tuition for participants, and how these arrangements are to be made; any minutes from board or group meetings concerning the program or its establishment; and any correspondence or other documentation, internal or otherwise, relating to administering the program, choosing participants, and making necessary arrangements for participants.

**OBJECTION:** Objection on the grounds of relevance, privacy and on the grounds the request is overbroad. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to require it to produce these documents. This information is proprietary and production of such documents will not lead to the discovery of admissible evidence.

2. All documents concerning Plaintiff and The Whitaker Group Scholarship Program. This includes, but is not limited to, any documents concerning any application materials received from Plaintiff relating to the program; communications between The Whitaker

---

[2] Only the January 30, 2007 subpoena includes Attachment 1.

7

Group and Plaintiff concerning the program; and financial records relating to arrangements made pursuant to the program for tuition, travel, visa expenses, etc.

**OBJECTION:**     No objection to specific documents related to Plaintiff.

3.     All documents concerning all individual applicants, and/or participants or beneficiaries of, The Whitaker Group Scholarship Program.  This includes, but is not limited, to application materials submitted by applicants and participants; correspondence between The Whitaker Group and applicants or participants; and records and correspondence relating to arrangements made by The Whitaker Group for the program participants for purposes of visa procurement, travel arrangements and tuition payments for the participants.

**OBJECTION:**     Objection on the grounds of relevance and privacy of applicants, participants, or beneficiaries of The Whitaker Group Scholarship Program that are not involved with this litigation.  The request is harassing and totally irrelevant to Plaintiff's Complaint.

4.     Any other documents concerning The Whitaker Group Scholarship Program not covered by the preceding requests.

**OBJECTION:**     Objection on the grounds of relevance, and the request is overbroad.  The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to require it to produce these documents.  On its face, the request is not designed to lead to the discovery of admissible information.

5.     All documents concerning an airplane ticket offered to Plaintiff.  This includes, but is not limited to, any correspondence with Plaintiff concerning scheduling a time and date for departure, and financial documents recording how payment was made and by whom it was authorized.

**OBJECTION:**     No objection.

6. Any documents, including calendar entries, reflecting visits by Plaintiff to the offices of The Whitaker Group.

**OBJECTION:** Objection on the grounds of relevance, privacy of employees of the Whitaker Group who are not involved in this litigation, and on the grounds the request is overbroad and unlikely to lead to the discovery of admissible evidence.

7. All documents concerning any accounts held by The Whitaker Group used at any time to provide assistance to the Plaintiff, from the time period on which those accounts were used to provide assistance to Plaintiff.

**OBJECTION:** Objection on the grounds of relevance, privacy, and on the grounds the request is overbroad, vague, and ambiguous. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to require it to produce these documents. The information in any such accounts other than that related to Plaintiff is irrelevant and its production will not lead to admissible evidence.

8. Any documents not covered by previous requests in the control, custody, or possession of The Whitaker Group or any of its agents or employees that relate in any way to Plaintiff.

**OBJECTION:** Objection on the grounds that the request is overbroad. The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to require it to produce these documents.

9. Any documents not covered by previous requests in the control, custody, or possession of The Whitaker Group or any of its agents, employees, or affiliates concerning the institution or litigation of the lawsuit captioned <u>Idah Zirintusa v. Rosa Whitaker et al.</u>, Civil Action No. 1:05CV01738 (EGS).

**OBJECTION:**   Objection on the grounds that the request invades the attorney-client privilege and work-product doctrine.

10. Any documents, including but not limited to calendar entries, handwritten messages, emails, etc., relating to communications between Daniel Portnoy, Scott Kucik, Vincent Piazza, or any other employees or agents of Capitol Process Services and any employee, agent, or affiliate of The Whitaker Group.

**OBJECTION:**   Objection on the grounds of relevance and on the grounds the topic is overbroad.  Probing the assertions of Plaintiff's process server will not lead to the discovery of any admissible evidence in this proceeding.  The Court has already denied a prior motion by Plaintiff on this topic.

11. All documents concerning the travel by Rosa Whitaker from July 2004 through January 2005, and in August through October 2005.

**OBJECTION:**   Objection on the grounds that the request is overbroad, burdensome, and production of such documents will not lead to admissible evidence.  The presence of Ms. Whitaker in Washington, D.C., during the relevant time of the Complaint is remotely relevant.  The requested documents related to her travel are not.  The Whitaker Group is not a party to this litigation, and it is unduly burdensome and harassing to compel it to produce these documents.  In addition, the request is duplicative and can be obtained from sources other than The Whitaker Group.

## CONCLUSION

The Whitaker Group requests that the topics of inquiry and the production of documents required by the subpoenas be limited to the issues involved in this litigation

and for the Court to strike all requests that are not relevant to this litigation and would cause an undue burden on The Whitaker Group.

Dated: April 30, 2007          Respectfully submitted,

HANNON LAW GROUP, LLP

    *//s// J. Michael Hannon*
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorney for Defendants Rosa Whitaker and Pauline Harris and Interested Party The Whitaker Group*

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of the foregoing **Objections to Plaintiff's Rule 30(b)(6) Subpoena Duces Tecum to the Whitaker Group** was sent via electronic filing this 30th day of April 2007, to:

Alex C. Lakatos
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
(202) 307-2304 Facsimile

Kerri Sherlock
BREAK THE CHAIN CAMPAIGN
733 15th Street, N.W.
Washington, D.C. 20005

Johnny Barnes
7725 16th Street, N.W.
Washington, D.C. 20012

              *//s// J. Michael Hannon*
              J. Michael Hannon