UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IDAH ZIRINTUSA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1738 (EGS) |
| | ) | |
| ROSA WHITAKER, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

    On January 30, 2007, plaintiff served her first subpoena on non-party The Whitaker Group ("TWG"). Plaintiff followed up with an updated subpoena on February 20, 2007. No motions to quash or objections to the subpoenas were filed with this Court. On March 5, 2007, plaintiff's counsel attempted to take the deposition of Sheila Williams, TWG's Rule 30(b)(6) designee and defendant Rosa Whitaker's sister. However, Williams refused to answer a number of questions asked of her, which led plaintiff to seek an order from the Court compelling a second deposition. TWG has filed objections to the scope of the subpoena served on TWG, challenging both the documents to be produced and the deposition testimony sought. Pending before the Court is what the Court construes as plaintiff's motion to compel both deposition testimony and production of documents. Plaintiff requests the Court to order TWG to (1) appear for a second deposition and answer questions on topics it refused to address in its initial

deposition; (2) pay costs and fees associated with the need to conduct the additional deposition and filing of the motion to compel; and (3) produce any documents responsive to the subpoena that have not already been produced.

In her motion, plaintiff argues that the March 5, 2007 deposition of Sheila Williams was unproductive because of Williams's refusal to answer a number of questions well within the "Topics of Inquiry" listed in the subpoena, *see* TWG subpoena (Feb. 20, 2007), and relevant to plaintiff's case. TWG counters that the Topics of Inquiry are irrelevant, overbroad, vague, invade privacy, and/or call for privileged information. TWG also raises objections to the documents requested by plaintiff on essentially the same grounds and claims that the production would be overburdensome.

Upon review of the briefing and the February 20, 2007 subpoena, the Court finds that all Topics of Inquiry that plaintiff has included in Attachment A to her subpoena are "reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Court also finds that all topics listed are relevant to the claims and defenses of the parties. *See Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 21 (D.D.C. 2005) (finding that "[r]elevance for discovery purposes is broadly construed"). The Court further finds that TWG has offered nothing more than conclusory or speculative

statements challenging the subpoena, and has not established good cause or a specific need for protection of the information sought. *See id*.

The Court also rejects TWG's objections to the scope of the documents to be produced. *See* Attachment 1 to January 30, 2007 subpoena (listing descriptions of documents to be produced). Although TWG has already produced some documents responsive to the subpoena, it is not clear from TWG's continued objections to the scope of documents to be produced, whether TWG has produced all documents required. Upon review of briefing and the descriptions of the documents to be produced, the Court finds that the documents requested are both relevant and reasonably calculated to lead to the discovery of admissible evidence. The Court further finds that the document request is not overburdensome and TWG has not established good cause for not producing all documents requested.

The Court is aware that certain documents or testimony requested may call for privileged information. If TWG wishes to assert a privilege as to any particular document or as a basis for refusing to answer any particular question, TWG shall state a specific basis for its objection as required by Rule 45(d) of the Federal Rules of Civil Procedure.

Some information sought may also implicate the privacy or commercial interests of people not involved in this litigation.

For example, plaintiff seeks documents and testimony related to TWG's scholarship applicants and participants. Plaintiff also seeks certain information about TWG's business and employees. In order to protect any privacy rights or commercial or other proprietary interests that may be implicated, documents produced and information gleaned from any other discovery including TWG's 30(b)(6) deposition shall be used only in this case and not otherwise disclosed. Any documents and pleadings filed with this Court that contain personal or other proprietary information of parties not subject to this litigation shall be redacted to exclude such personal or proprietary information before being filed on the public docket. The parties shall submit unredacted versions of any such documents to the Court under seal. The parties shall also draft and file with the Court an appropriate protective order covering any personal, commercial, or other proprietary information and incorporating the terms of this Order.

Finally, the Court finds that TWG's attempts to impede discovery in this case cannot be tolerated. Under Rule 37 of the Federal Rules of Civil Procedure, a deponent whose conduct necessitates a motion to compel is required to pay the moving party the reasonable expenses incurred in making the motion, including attorney's fees, unless the court finds that the moving party did not make a good faith effort to obtain the discovery

without court action, or that the opposing party's failure to respond was "substantially justified," or that "other circumstances make an award unjust." Fed. R. Civ. P. 37(a)(4)(A). In this case, the Court finds that the plaintiff attempted to take a deposition in good faith, that there is no justification for TWG's obstruction, and that there are no other circumstances that would make an award of both attorney's fees for litigating the motion to compel and costs and fees associated with the need to take a second deposition unjust.

Accordingly, it is by the Court hereby

**ORDERED** that plaintiff's motion to compel [Dkt. No. 42] is **GRANTED**; and it is

**FURTHER ORDERED** that TWG shall make its 30(b)(6) designee available for a second deposition at a time convenient for all parties; and it is

**FURTHER ORDERED** that TWG's 30(b)(6) designee shall be prepared to and shall answer questions on all Topics of Inquiry listed in Attachment A to plaintiff's February 20, 2007 subpoena, unless the questions call for information protected by the attorney-client privilege or some other recognized privilege; and it is

**FURTHER ORDERED** that TWG shall produce any non-privileged documents responsive to plaintiff's subpoenas that have not already been produced and that TWG has a continuing obligation to

produce documents responsive to the subpoena even if the documents post date the subpoena; and it is

**FURTHER ORDERED** that if TWG objects to producing any documents on the basis of a recognized privilege, TWG shall assert its privilege expressly and shall support the claim with the information required in Fed. R. Civ. P. 45; and it is

**FURTHER ORDERED** that the parties shall submit a joint proposed protective order (or, if necessary, separate proposed protective orders) by no later than **June 13, 2007** covering all possible personal, commercial, or otherwise proprietary information that needs to be protected during the deposition of TWG's 30(b)(6) designee and throughout this case; and it is

**FURTHER ORDERED** that TWG shall pay plaintiff's costs and attorney's fees associated with the litigation of plaintiff's motion to compel and taking of a second deposition of TWG's 30(b)(6) designee; and it is

**FURTHER ORDERED** that plaintiff shall submit an account of costs and fees associated with the motion to compel and second deposition upon completion of the second deposition.

**SO ORDERED.**

**Signed:   Emmet G. Sullivan**
          **United States District Judge**
          **June 6, 2007**