## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAH ZIRINTUSA | : |
|       Plaintiff, | : |
| v. | :   Civil Action No. 05-1738 (EGS) |
| ROSA WHITAKER, et. al. | : |
|       Defendants. | : |

### PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Plaintiff Idah Zirintusa moves this Court for a modest extension of the discovery deadline, from August 31, 2007 to September 14, 2007. Discovery in this matter originally was scheduled to end on July 9, 2007, but pursuant to a consent motion filed on June 25, 2007, this Court extended that discovery deadline until August 31, 2007.

Although all parties have proceeded diligently and as expeditiously as possible, it now appears that neither party will be able to complete the necessary discovery by the August 31 deadline. For example, the Defendants already have scheduled two depositions for early September, one on September 5 and another on September 10.[1] In addition, Defendants are seeking to take the deposition of Kerri Sherlock, Esq., who, until she withdrew from the case on July 20, 2007, was Ms. Zirintusa's litigation counsel in this matter. Assuming arguendo that Ms. Sherlock's deposition is permissible,[2] that deposition has yet to be scheduled and may need to occur in September as well. Defendants previously have represented that they may take de bene esse depositions of persons in Africa, but as of yet, none has been scheduled.

---

[1] Declaration of Alex Lakatos (Aug. 17, 2007), Exs. 1, 2.

[2] Such depositions are strongly disfavored, see Corporation for Public Broadcasting v. American Automobile Centennial Commission, No. 1:97CV01810, 1999 WL 1815561 (D.D.C. Feb. 2, 1999) (granting motion for protective order barring deposition of counsel); Dowd v. Calabrese, 101 F.R.D. 427 (D.D.C. 1984) (denying motion to compel deposition of counsel), and Defendants' request appears to be a naked attempt to glean Plaintiff's litigation strategy.

Plaintiff likewise needs a short extension of the discovery deadline. For example, on June 6, 2007, this Court imposed sanctions against Defendant Whitaker's company, The Whitaker Group ("TWG"), and ordered that TWG "make its 30(b)(6) designee available for a second deposition," based on this Court's finding that "there [was] no justification for TWG's obstruction" at its first deposition. TWG's second deposition occurred on August 16, 2007, and, because this Court compelled TWG to answer Plaintiff's questions, Plaintiff was able to learn crucial information as to which Plaintiff will need some time to follow up.

To give just one example, a central issue in this case is whether the $800/month that Defendant Whitaker paid to the Plaintiff was, as Plaintiff claims, compensation (albeit inadequate compensation) for housework that Plaintiff performed for Ms. Whitaker pursuant to a contract between them, or whether, as Ms. Whitaker maintains, the Plaintiff did not do any housework for her, and merely was being paid $800/month as an act of charity by Defendant Whitaker. Plaintiff already learned through discovery that a few months after she left Ms. Whitaker's home, Ms. Whitaker hired an apparent replacement, Patricia Degorl, a housekeeper/personal assistant whom Ms. Whitaker likewise paid $800/month. During the 30(b)(6) deposition of TWG, plaintiff learned for the first time that TWG also was paying Ms. Degorl to provide "services as needed" to Ms. Whitaker. Plaintiff now needs to subpoena Ms. Degorl's personnel file from TWG to better understand exactly what Ms. Degorl was being paid to do, and by whom.[3] Plaintiff will need additional time to review and follow-up on the other new information from TWG once the 30(b)(6) transcript is finalized.

Similarly, because Defendant Pauline Harris has been ill, she requested that her deposition not be taken until August 30, 2007 (the day before the current discovery cut off). Accordingly, it is likely that plaintiff will need time to follow-up on her deposition in early

---

[3] Plaintiff has subpoenaed Ms. Degorl for deposition on August 28, but has not yet confirmed that she is available.

September.

Despite the fact that the Defendants already have scheduled several depositions beyond the current discovery cut off (and may need to schedule more), Defendants have not consented to this Motion; they will file an Opposition on or before August 24 unless Plaintiff provides "more specificity" about her "discovery plan," in which case Defendants may consent.[4]  But as Plaintiff explained to the Defendants, her discovery plan is uncertain.  Id. (explaining that who Plaintiff deposes "will depend on who we are able to find").[5]  Even if Plaintiff were certain how her discovery would progress, Defendants' position – that the price of their consent to an extension that both parties need is an a free peek at Plaintiff's plans – is hardly principled.

In sum, Plaintiff seeks only a modest extension of time, and both parties will benefit equally from it.  Plaintiff does not seek to change any of the other deadlines in this case or in any way alter the speed with which the matter is ultimately resolved.  Under these circumstances, Plaintiff respectfully requests that the Court grant the requested two week extension.

Dated: August 17, 2007                    Respectfully submitted,


                                          _____//s// Alex C. Lakatos_____
                                          Alex C. Lakatos, D.C. Bar No. 453763
                                          MAYER, BROWN, ROWE & MAW LLP
                                          1909 K Street, N.W.
                                          Washington, D.C.  20006-1101
                                          Tel: (202) 263-3000
                                          alakatos@mayerbrownrowe.com

                                          *Attorney for Plaintiff Idah Zirintusa*

---

[4] Lakatos Decl. Ex. 3.
[5] For example, Plaintiff has asked the Defendants how best to contact Kivumbi Lutaaya (a Ugandan administrator whose declaration Defendants recently produced to the Plaintiff), but Defendants have not yet answered.  Id.