**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

Redactions pursuant to
June 12, 2007 Minute
Order

IDAH ZIRINTUSA                                )
                                              )
                 Plaintiff,                   )
                                              )
                 v.                           )          Civil Action No. 05-1738 (EGS/JMF)
                                              )
ROSA WHITAKER, et. al.                        )
                                              )
           and                                )
                                              )
                 Defendants.                  )
                                              )

## DECLARATION OF ALEX C. LAKATOS

I, Alex C. Lakatos, Esq., do hereby depose and say:

1.      I am counsel for Plaintiff Idah Zirintusa in the above-captioned matter.

2.      A true and correct copy of relevant excerpts from the May 31, 2007, Deposition of Idah Zirintusa, is attached as Exhibit 1 hereto.

3.      A true and correct copy of Defendant Rosa Whitaker's Responses to Plaintiff's Second Set of Requests for Admissions (October 2, 2007) is attached as Exhibit 2 hereto.

4.      A true and correct copy of the August 1, 2007

attached as Exhibit 3 hereto.                          **REDACTED**

5.      A true and correct copy of relevant excerpts from the August 30, 2007, Deposition of Pauline Harris is attached as Exhibit 4 hereto.

6.      A true and correct copy of relevant excerpts from the June 26, 2007, Deposition of Rosa Whitaker is attached as Exhibit 5 hereto.

7.      A true and correct copy of relevant excerpts from the March 5, 2007, Deposition of The Whitaker Group is attached as Exhibit 6 hereto.

8.    A true and correct copy of relevant excepts from the August 16, 2007, Deposition of The Whitaker Group is attached as Exhibit 7 hereto.

9.    A true and correct copy of relevant excerpts from Defendant Rosa Whitaker's Responses to Plaintiff's First Set of Requests for Admissions (February 1, 2007) is attached as Exhibit 8 hereto.

10.    A true and correct copy of relevant excerpts from the Plaintiff's Response to Defendants' Second Set of Requests for the Production of Documents to Plaintiff Idah Zirintusa (June 29, 2007) is attached as Exhibit 9 hereto.

11.    A true and correct copy of the July 3, 2007, letter from T. Valancius, Esq., counsel for Defendants, to A. Lakatos, Esq., counsel for Plaintiff, is attached as Exhibit 10 hereto.

12.    A true and correct copy of relevant excerpts from the July 18, 2007, letter from A. Lakatos to J. M. Hannon, counsel for the Defendants, is attached as Exhibit 11 hereto.

13.    A true and correct copy of the September 7, 2007, letter from J. M. Hannon to A. Lakatos, is attached as Exhibit 12 hereto.

14.    A true and correct copy of the September 10, 2007, letter from A. Lakatos to J. M. Hannon dated, is attached as Exhibit 13 hereto.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 26, 2007.

Alex C. Lakatos

# **<u>Exhibit 1</u>**

**REDACTED**

# Exhibit 2

**REDACTED**

# Exhibit 3

**REDACTED**

# <u>Exhibit 4</u>

**REDACTED**

# Exhibit 5

**REDACTED**

# <u>Exhibit 6</u>

**REDACTED**

# **Exhibit 7**

**REDACTED**

# Exhibit 8

**REDACTED**

# Exhibit 9

**REDACTED**

# **Exhibit 10**

# HANNON LAW GROUP, LLP
## COUNSELORS AND ATTORNEYS AT LAW
1901 18TH STREET, NW
WASHINGTON, DC 20009

J. MICHAEL HANNON •

———————

TREBIE A. VALANCIUS +
CAROLYN K. MANNING
ADMITTED ONLY IN CONNECTICUT AND
NEW YORK. SUPERVISION BY J. MICHAEL
HANNON, A MEMBER OF THE DC BAR

———————

• ALSO ADMITTED IN MARYLAND
+ ALSO ADMITTED IN VIRGINIA
• ALSO ADMITTED IN CALIFORNIA

(202) 232-1907
FACSIMILE (202) 232-3704
www.hannonlawgroup.com

27 WOOD LANE
ROCKVILLE, MARYLAND 20850

11130 FAIRFAX BOULEVARD
SUITE 310
FAIRFAX, VIRGINIA 22030
(703) 522-2112

OF COUNSEL

CHARLES I. CATE •
DONALD LEWIS WRIGHT
WILLIAM CLAYTON BATCHELOR • +

July 3, 2007

**VIA ELECTRONIC MAIL ONLY**

Alex C. Lakatos
MAYER, BROWN, ROWE & MAW LLP
1909 K Street, N.W.
Washington, D.C.  20006-1101

Re:  <u>Zirintusa v. Whitaker, et. al</u>, Case No. 05-1738 (D.D.C)

Dear Mr. Lakatos:

I am writing to memorialize our agreement we reached with you in connection with Idah Zirintusa's visa file.  You agreed that if we tell you how to get her file, which I have done in a previous letter to you today, you would promptly request her records.  After you review the records you receive, you will provide us with all documents that you do not deem privileged, and a privilege log for all documents you do not provide to us.  We will then decide whether we will litigate over the documents not provided to us.

Please copy us with the letter and documents provided to the National Records Center to request Idah Zirintusa's visa file.  Thank you for your courtesies.

Sincerely,

//s// *Trebie A. Valancius* //s//

Trebie A. Valancius

# **Exhibit 11**



<u>*Via Hand Delivery & E-mail*</u>

July 18, 2007

Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

**Alex C. Lakatos**
Direct Tel (202) 263-3312
Direct Fax (202) 263-5312
alakatos@mayerbrownrowe.com

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C. 20009

Re:    <u>Zirintusa v. Whitaker, et. al., Case No. 05-1738</u>

Dear Michael:

I am writing to address a number of outstanding issues, primarily concerning discovery.

1.    <u>**Plaintiff's Responses to Defendant's Document Requests**</u>

Enclosed please find a CD-ROM that contains Plaintiff's production of documents (IZ00075 – IZ00182) responsive to Defendant's Second Set of Document Requests. This includes the document referenced in Ms. Valancius's July 13, 2007, letter. There is no "discrepancy" or error in our prior productions. Rather, we obtained this document in connection with our response to Defendant's Second Set of Document Requests.

With regard to your request for Ms. Zirintusa's income tax information, please be advised that Plaintiff conditionally is willing to produce her income tax filings for 2005 and 2006. (It is our understanding that Ms. Zirintusa did not file taxes for 2004). We note, however, that although you did not object to Plaintiff's request for Ms. Whitaker's income tax materials for 2004 through today, you still have not produced these materials. As soon as you have produced these materials (including W-2s for any of Ms. Whitaker's employees during that time, *e.g.*, Noemi Medina, Patria Degorl, Daketse Akiankonou) to the Plaintiff, the Plaintiff will withdraw her objection and produce the requested tax materials.

With regard to your request for documents reflecting income that Ms. Zirintusa has earned, we believe that there are no such documents other than the bank records that already have been produced in this matter and will confirm that this is correct.

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.

Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

J. Michael Hannon
July 18, 2007
Page 2

 

     With regard to your request that Ms. Zirintusa produce (and obtain from the Department of Homeland Security for production) information concerning her immigration status, courts have consistently refused to require the disclosure of such materials. See In re Reyes, 814 F.2d 168, 170-71 (5th Cir. 1987); Recinos-Recinos v. Express Forestry, Inc., Case No. 05-1355, 2006 WL 197030, *13-14 (E.D. La. Jan. 24, 2006); Galaviz-Zamora v. Brady Farms, Inc., 230 F.R.D. 499 (W.D. Mich. 2005); Liu v. Donna Karan, Int'l, Inc., 207 F. Supp. 2d 191 (S.D.N.Y. 2002); Topo v. Dhir, 210 F.R.D. 76 (S.D.N.Y. 2002). In this case, it is plain that Ms. Zirintusa's immigration materials are not relevant and that defendants' effort to obtain such information is an improper effort to embarrass and intimidate the plaintiff so that she will be dissuaded from bringing her claims. We moreover note that you have deposed Plaintiff on this matter and that she has already answered your questions in this area. Nevertheless, in an effort to reach a compromise with you on this point, we are prepared to consider reasonable stipulations to address your concerns and would ask that you propose appropriate stipulations to resolve this matter.[1]

     With regard to your July 17, 2007, request that Plaintiff produce all documents received via subpoenas served upon third parties, we note that we have produced all such documents that we have received, with the exception of certain of Ms. Whitaker's Citibank records that arrived on July 17, 2007, that we will produce to you shortly. Central Safe & Lock promised to mail the subpoenaed documents to the Plaintiff, but we have not yet received them. Ms. Becker has not yet been served and therefore there are no documents to produce at this time. To the extent that you have received any third-party documents that you have not produced, we ask that you do so now.

     With regard to your inquiry about privileged documents, please be advised that Plaintiff is not withholding documents on privilege grounds. We ask that if you are withholding any documents on privilege grounds, you produce a privilege log. If you are not, please confirm that fact in writing.

---

[1] You erroneously have suggested that by raising these objections and attempting to resolve this dispute at this time, we have reneged on the agreement between the parties concerning Plaintiff's DHS file. As you will recall, however, Plaintiff had offered to apply for her DHS file and raise her objections to producing her immigration materials after having reviewed that file. See Letter from T. Valancius to A. Lakatos (July 3, 2007) ("After you review the records you receive, you will provide us with all of the documents you do not deem privileged, and a privilege log for all documents you do not provide to us ..."); E-mail from A. Lakatos to T. Valancius (July 5, 2007) ("please note that the defendants have sought Ms. Zirintusa's immigration information pursuant to Requests 5 and 6 in their Second Set of Document Requests, and nothing plaintiff has said should be construed as a waiver of any proper objections to those requests."). If you would prefer that approach, we are still amenable to tabling your request for immigration materials, and our objections thereto, until after we have applied for and received the DHS file.

J. Michael Hannon
July 18, 2007
Page 3

### 2.    Plaintiff's Responses to Defendant's Second Set of Interrogatories

We believe that our objections that Ms. Whitaker has exceeded the maximum number of interrogatories are well founded. See Banks v. Senate Sergeant at Arms, F.R.D. 7, 10 (D.D.C. 2004) (Facciola, J.) (upholding party's parts and subparts objection and explaining that the test is "whether one question is subsumed and related to another or whether each question can stand alone and be answered irrespective of the answer to others"). In Defendant's first set of interrogatories, interrogatory number 2, for instance, asks plaintiff to describe conversations with four distinct persons or groups of persons. Similarly, in Defendant's second set of interrogatories, interrogatory number 1 makes separate inquiries into plaintiff's identity, her occupation, her visa status, and the persons living with her, and interrogatory number 4 asks plaintiff to both identify persons and describe conversations. In an effort to reach a compromise on this point, Defendant will agree to answer interrogatories 3, 4 and 5 in Defendant's second set of interrogatories. Please let us know if you will accept this offer of compromise. In addition, please bear in mind that in answering these interrogatories, Defendant will not provide any materials covered by attorney-client or work product privilege, as per by her general objections. In this regard, we note that interrogatories 6 and 7 seek attorney-client communications and/or the work product of plaintiff's attorneys. As for interrogatories 8 through 10, Defendants already have had ample opportunity to question plaintiff on these points in deposition.

### 3.    Depositions

My understanding is that we have scheduled the deposition of Heidi Russell-Kalkofen for 9:00 a.m. on July 25, 2007. Would you please let me know where the deposition will occur. I note that CBC Health is scheduled for August 14, 2007 at 9:00 a.m., Kaiser Permanente is scheduled for August 14, 2007 at 11:00 a.m., and that the 30(b)(6) deposition of Break the Chain is scheduled for August 15, 2007, at 9:00 a.m. Please confirm whether I can schedule other depositions on the afternoons on August 14 and 15. If not, please propose alternate dates. We now have scheduled the 30(b)(6) deposition of The Whitaker Group for August 16, 2007. Please plan to arrive at our offices at 10:00 a.m. We will videotape the deposition. Finally, we still have not received any proposed dates for Ms. Harris's deposition and request that you provide some.

### 4.    Defendants' Responses to Plaintiff's Interrogatories

With regard to Ms. Whitaker's initial responses to Plaintiff's First Set of Interrogatories, you have stated that you will confirm whether Ms. Whitaker authorized her signature on the Interrogatories by e-mail. We ask that you please do so promptly, in writing. If Ms. Whitaker has not authorized her signature by e-mail, please let us know whether you will stipulate that Ms. Whitaker's February 1, 2007, interrogatories are judicial admissions. If she has authorized her signature by e-mail, would you please let us know if you agree to produce the e-mail(s) doing so.

J. Michael Hannon
July 18, 2007
Page 4

With regard to Ms. Harris' Responses to Plaintiff's First Set of Interrogatories, we note the following issues. First, please confirm that, in response to interrogatory 1, Ms. Harris has identified all accounts that she has used to make payments (whether by check, EFT, or in cash following a withdrawal) to third parties. Second, with regard to Interrogatory 12, it is our understanding that you have agreed to provide a responsive answer that identifies the persons who have performed domestic work for Ms. Harris. We ask that you do so promptly. Third, we request that you provide a substantive answer to Interrogatory 15 or confirm that no additional information is available.

With regard to Ms. Whitaker's Responses to Plaintiff's Second Set of Interrogatories, we request that Defendant provide a responsive answer to Interrogatory 6, meaning that she must, at a minimum, describe her communications with Ms. Kyambahdded (and not merely state that they occurred "mostly by telephone") and that she must describe the communications that led to Ms. Ssempala sending the letter referenced in Ms. Whitaker's answer.

5.    **Defendants' Responses to Plaintiff's Requests for Documents**

First, would you please clarify in writing what you mean when you use the phrase "no responsive documents at this time," in your responses to Plaintiff's document requests.

Second, we note that Ms. Harris has yet to produce a single document in this matter. Would you please confirm that she does not have any responsive documents, including but not limited to any records of payments made to persons who performed domestic work in her home during the time between 2004 and today.

Third, with regard to Ms. Whitaker's responses to Plaintiff's First Request for the Production of Documents, we note that Ms. Whitaker objected to numerous requests on the ground that they were "overly broad, burdensome, harassing, abusing and not reasonably calculated to lead to the discovery of admissible evidence in light of this Court's Memorandum Opinion of 3 January 2007 ..." Would you please clarify whether any documents have been withheld from production subject to this objection? Ms. Whitaker also states with regard to certain requests (*e.g.*, 18, 19) that "No such documents are available." Would you please clarify what this means (*e.g.*, that the documents do not exist; exist but are not in Defendant's possession; are not being made available). In addition, we would ask that you provide documents responsive to requests 24, 27, 28, 31, 34 and 35, all of which seek information that is relevant and not subject to any privilege.

# **<u>Exhibit 12</u>**

# HANNON LAW GROUP, LLP
## COUNSELORS AND ATTORNEYS AT LAW
### 1901 18TH STREET, NW
### WASHINGTON, DC 20009

J. MICHAEL HANNON •

SARAH R. BAGLEY†
ADMITTED ONLY IN MD AND VA

\* ALSO ADMITTED IN MARYLAND
† ALSO ADMITTED IN VIRGINIA
• ALSO ADMITTED IN CALIFORNIA
† SUPERVISION BY J. MICHAEL HANNON, A
MEMBER OF THE DC BAR

(202) 232-1907
FACSIMILE (202) 232-3704
www.hannonlawgroup.com

September 7, 2007

27 WOOD LANE
ROCKVILLE, MARYLAND 20850

11130 FAIRFAX BOULEVARD
SUITE 310
FAIRFAX, VIRGINIA 22030
(703) 522-2112

OF COUNSEL

CHARLES L. CATE •
DONALD LEWIS WRIGHT
WILLIAM CLAYTON BATCHELOR • †

**VIA ELECTRONIC TRANSMISSION AND FIRST CLASS MAIL**

Alex C. Lakatos
MAYER, BROWN LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Re: <u>Zirintusa v. Whitaker, et. al</u>, Case No. 05-1738 (D.D.C)

Dear Mr. Lakatos:

I am writing to address several outstanding discovery issues we have discussed this week. First, with respect to Plaintiff's Fourth Set of Document Request to Defendant Rosa Whitaker, Plaintiff's Second Set of Requests for Admissions to Defendant Rosa Whitaker, and Plaintiff's Second Set of Document Requests to Defendant Pauline Harris, we are going to endeavor to respond by the close of discovery on September 14. However, Ms. Whitaker's current travel schedule may not allow us to respond by the end of next week. Plaintiff's Fourth Set of Document Requests to Defendant Rosa Whitaker includes requests for W-2 and W-3 forms for Noemi Medina and Patricia DeGorl. We will determine prior to the close of discovery whether such documentation exists for the listed employees and we will provide that documentation to you if it is available.

With respect to depositions which still remain outstanding, you have agreed to provide contact information, if in the possession of your client, for Irene Nakamya, Jane Kizito and a woman identified as Zenaida who lives in Northern Virginia. In her deposition, your client testified that she lived with each of these individuals for various periods of time after leaving the home of my client. In addition, we have discussed De Bene Esse depositions for Amelia Kyambadde, Kivumbi Lutaaya and Dora Semambo all of whom work in the State House in Kampala, Uganda. We have agreed that the witnesses will report to a local Ugandan law firm, which we have identified, where they will be before a Commissioner of Oaths and Notary Public. The official will issue each witness an oath and we will by conference call depose the witnesses

Alex C. Lakatos
September 7, 2007
Page Two

and have a court reporter present here locally to record and transcribe the deposition. We are currently trying to confirm dates with the witnesses in Uganda. Given my schedule and that of my client's we are looking at possible deposition dates of September 12 and 14 in the morning or in the evening hours of September 13. In addition, if you agree we may be able to hold the depositions on September 17, 19 or 20. Please keep in mind that Uganda is 7 hours ahead of our local time.

As we are reaching the close of discovery, there are still several discovery requests to which you have inadequately responded. In your letter dated July 18, 2007 your attempt at a "compromise" to Defendants' Second Set of Interrogatories was to answer interrogatories 3, 4 and 5. I am requesting that you provide answers to interrogatories 3, 6, 7, 8, 9 and 10. In addition, you have failed to respond adequately to Defendants Second Set of Requests for the Production of Documents. Document requests 5, 6 and 10 still remain unanswered. With respect to document requests 5 and 6, you have indicated that you would obtain your client's immigration file from the Department of Homeland Security and decide if you would provide any part of the file. Thereafter, we can litigate if necessary any documents you withhold. You are also considering whether to provide documents responsive to these requests that are in the possession of your client and Break the Chain. In addition, you have failed to provide your client's cellular phone records in response to document request 10. If we cannot agree that you will provide responses to the aforementioned interrogatories and document requests, I will need to file a motion to compel with the court, and your position would affect our willingness to respond to your late discovery requests. I trust we can resolve these issues.

Please contact me with your position on the outstanding discovery requests by close of business, Tuesday, September 11. In addition, please feel free to contact me or Jermaine Cruz to discuss the contents of this letter.

Thank you for your courtesies.

Sincerely,

//s//J. Michael Hannon//s//

J. Michael Hannon

# **Exhibit 13**

MAYER·BROWN

Mayer Brown LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrown.com

Alex C. Lakatos
Direct Tel (202) 263-3312
Direct Fax (202) 263-5312
alakatos@mayerbrown.com

September 10, 2007

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C. 20009

Dear Michael:

I write to address your letter dated September 7, 2007 (sent electronically to Plaintiff on Saturday, September 8), addressing certain outstanding discovery issues.

First, please note that Defendants' responses to Plaintiff's Fourth Set of Document Requests to Defendant Rosa Whitaker, Plaintiff's Second Set of Requests for Admissions to Defendant Rosa Whitaker, and Plaintiff's Second Set of Document Requests to Defendant Pauline Harris were due September 4, 2007, and are now overdue. _See_ Letter from M. Hannon to A. Lakatos, Aug. 10, 2007 ("This letter is regarding the request for admissions and requests for production of documents to Rosa Whitaker and Pauline Harris that you served on August 2, 2007. The responses are due to you on September 4, 2007 . . . ."). Plaintiff reserves all of her rights arising from the tardiness of Defendants' responses.

Second, you informally have requested contact information for three persons who you believe may have relevant information based on your May 31, 2007 deposition of the Plaintiff. Although you have not served a document request for such information, to foster mutual cooperation Plaintiff agreed to provide such information to you to the extent it is available to her. Irene Nakanya can be reached at (301) 238-4553. Plaintiff does not have contact information for Zenaida; Plaintiff has sought such information from a third party but has not yet heard back. I believe that contact information for Jane Kizito will be among the un-redacted information that Break the Chain will produce to defendants. Reciprocally, I ask that your client provide us with contact information for Susan Muhwezi, who is familiar with much of Ms. Whitaker's work in Uganda, among other things.

Third, with regard to the proposed _de bene esse_ depositions of Amelia Kyambadde, Kivumbi Lutaaya, and Dora Semambo, that you propose occur on either September 12, 13 (in the evening), or 14, I am available on September 12, as long as these depositions did not overlap with Pauline Harris' deposition (_i.e._, to be safe, they should not overlap with the window between 11:00 a.m. and 4:00 p.m.), and the evening of September 13 would work as well. In the interim, would you please provide us with the name and contact information of the

J. Michael Hannon
September 10, 2007
Page 2

Commissioner of Oaths and Notary Public you will be using in connection with these depositions, and confirm that if Plaintiff has witness(es) appear before the same person, perhaps following the depositions you propose to take, Defendants will not object to the telephonic deposition(s) of Plaintiff's witnesses.

Fourth, with regard to the Plaintiff's Answers to Defendants' Second Set of Interrogatories, Plaintiff will agree to withdraw her "parts and subparts" objections to interrogatories 3 and 6, 7, 8, 9 and 10, without prejudice to her right to assert other applicable objections (e.g., attorney-client privilege, work product doctrine). Because Defendants did not respond to Plaintiff's July 18, 2007, offer to compromise on these interrogatories until September 7, 2007, Plaintiff will not be able to supplement her answers before September 19, 2007.

Fifth, with regard to Plaintiff's Answers to Defendants' Second Set of Document Requests, Requests 5 and 6, I note that you still have not responded to the proposal in my July 18, 2007, letter that we resolve this matter through appropriate stipulations. Assuming that you reject that offer, Plaintiff will seek leave of the Court at the status conference on September 20, 2007, to file a motion for protective order shielding discovery of her immigration materials (including those in the possession of Break the Chain). In the interim, I am preparing a G-639 Freedom of Information/Privacy Act Request for Plaintiff's immigration file. On the line of that Form that requests "specific information, document(s), or record(s) desired," I intend to request the "Entire File." If Defendants would like a different entry on this line, please let me know.

Sixth, with regard to Plaintiff's Answers to Defendants' Second Set of Document Requests, Request 10, Plaintiff does not have records of her cell phone calls. However, Plaintiff's cell phone number is (301) 814-9699 and her carrier is Cingular. Plaintiff will not object if Defendants subpoena her phone invoices before the discovery cut off, even if the subpoena has a return date after the discovery cut off, provided that Defendants will not object if Plaintiff does the same with respect to their phone records. Ms. Whitaker has not produced any of her phone records from November or December 2004 (when Ms. Zirintusa was living with her), in response to Request no. 21 of Defendant's First Set of Document Requests (Dec. 15, 2005), nor any additional phone records (beyond her original production of certain records from June to September 2004) in response to Request No. 8 in Plaintiff's Third Set of Document Requests (June 8, 2007). If Ms. Whitaker has any such records in her possession, we ask that she produce them.

I believe that the foregoing addresses all of the discovery issues that you have raised to date. With the exception of the immigration records, we have agreed to provide you with everything you have requested.

In addition, there are a few other matters that we need to resolve. First, you indicated during your deposition of Plaintiff's counsel, Kerri Sherlock, that deposition exhibit 4 (a letter signed by Ms. Whitaker and hand dated "Feb 05" that lacks a bates stamp) previously had been produced in this matter. Can you let me know when you believe it was produced, and with what bates number? Second, you still have not responded to any of the items under Point 5 of my July 18,

J. Michael Hannon
September 10, 2007
Page 3

2007 letter to you that identified numerous areas in which Defendants' document production was incomplete. Third, you still have not responded to the last paragraph under Point 4 of my July 18, 2007 letter to you that requested a meaningful answer to Interrogatory No. 6 in Plaintiff's Second Set of Interrogatories to Ms. Whitaker.

I look forward to your prompt reply.

Sincerely,

Alex C. Lakatos