Redactions pursuant to
June 12, 2007 Minute
Order

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAH ZIRINTUSA | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 05-1738(EGS/JMF) |
| | ) |
| ROSA WHITAKER | ) |
| | ) |
| and | ) |
| | ) |
| Defendants. | ) |
| | ) |

## DECLARATION OF ALEX C. LAKATOS

I, Alex C. Lakatos, Esq., do hereby depose and say:

1.      I am counsel for Plaintiff Idah Zirintusa in the above-captioned matter.

2.      A true and correct copy of the January 29, 2007, e-mail from A. Lakatos, Esq., attorney for Plaintiff, to J. Barnes, Esq., attorney for Defendants, is attached as Exhibit 1 hereto.

3.      A true and correct copy of the January 31, 2007, e-mail from A. Lakatos to J. Barnes is attached as Exhibit 2 hereto.

4.      A true and correct copy of Plaintiff's Request for Entry Upon Defendant Harris's Land (Feb. 1, 2007) is attached as Exhibit 3 hereto.

5.      A true and correct copy of the February 23, 2007, e-mail from J. Barnes to A. Lakatos, including text file attachment, is attached as Exhibit 4 hereto.

6.      A true and correct copy of the February 23, 2007, e-mail from A. Lakatos to J. Barnes is attached a Exhibit 5 hereto.

7.    A true and correct copy of the March 5, 2007, e-mail from J. Barnes to A. Lakatos is attached as Exhibit 6 hereto.

8.    A true an correct copy of the March 6, 2007, e-mail from A. Lakatos to J. Barnes is attached as Exhibit 7 hereto.

9.    A true an correct copy of the March 6, 2007, e-mail from J. Barnes to A. Lakatos is attached as Exhibit 8 hereto.

10.    A true an correct copy of the of the March 6, 2007, e-mail from A. Lakatos to J. Barnes is attached as Exhibit 9 hereto.

11.    A true an correct copy of the of the March 7, 2007, e-mail from J. Barnes to A. Lakatos is attached as Exhibit 10 hereto.

12.    A true an correct copy of the of the March 16, 2007, e-mail from A. Lakatos to J. Barnes is attached as Exhibit 11 hereto.

13.    A true and correct copy of the of May 8, 2007 e-mail from A. Lakatos to T. Valancius, Esq., counsel for Defendants, is attached as Exhibit 12 hereto.

14.    A true and correct copy of the June 13, 2007 e-mail from A. Lakatos to J.M. Hannon, Esq., counsel for Defendants, is attached a Exhibit 13 hereto.

15.    A true and correct copy of the June 15, 2007, e-mail from J.M. Hannon to A. Lakatos is attached as Exhibit 14 hereto.

16.    A true and correct copy of relevant excepts from the May 31, 2007, Deposition of Idah Zirintusa is attached as Exhibit 15 hereto.

17.    A true and correct copy of Defendant Pauline Harris' Responses to Plaintiff's First Set of Requests for Admission (June 4, 2007) are attached as Exhibit 16 hereto.

18.    A true and correct copy of RW0131, a Statement of Settlement for the sale of Ms. Harris' home, redacted by Defendants, is attached as Exhibit 17 hereto.

19.    A true and correct copy of relevant excepts from the August 30 and September 12, 2007 Depositions of Pauline Harris is attached as Exhibit 18 hereto.

20.    A true and correct copy of Defendant Rosa Whitaker's Response and Objections to Plaintiff's First Set of Interrogatories (Feb. 2, 2007), is attached as Exhibit 19 hereto.

21.    A true and correct copy of relevant excepts from the Deposition of Rosa Whitaker (June 26, 2007), is attached as Exhibit 20 hereto.

22.    A true and correct copy of the July 2, 2007, letter from A. Lakatos to J.M. Hannon is attached as Exhibit 21 hereto.

23.    A true and correct copy of the February 1, 2007, Defendant Rosa Whitaker's Responses and Objections to Plaintiff's Request for Admissions are attached as Exhibit 22 hereto.

24.    A true and correct copy of Defendant Rosa Whitaker's Responses To Plaintiff's Fourth Set of Documents Requests (Oct. 1, 2007) at Exhibit 23 hereto.

25.    A true and correct copy of the Oct. 4, 2007 e-mail from A. Lakatos to M. Hannon and the Oct. 24, 2007 e-mail from A. Lakatos to J.M. Hannon is attached as Exhibit 24 hereto.

26.    A true and correct copy of the August 17, 2007 letter from S. Lieberman, counsel for Plaintiff, to J.M. Hannon, is attached as Exhibit 25 hereto.

27.    A true and correct copy of the Oct. 24, 2007 e-mail from A. Lakatos to J.M. Hannon is attached as Exhibit 26 hereto.

28.    A true and correct copy of the Oct. 26, 2007, e-mail from J.M. Hannon to A. Lakatos is attached as Exhibit 27 hereto.

29.     A true and correct copy of the e-mail chain between J. Cruz, for Defendants, and A. Lakatos, including e-mails from September 17, 2007 and September 18, 2007, is attached as Exhibit 28 hereto.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 26, 2007.

_____
Alex C. Lakatos

# __Exhibit 1__

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Monday, January 29, 2007 5:42 PM |
| **To:** | 'AttorneyJB@comcast.net' |
| **Subject:** | Rule 34(a)(2) Requests |

Johnny,

I will need to enter Ms. Whitaker's property at 3543 16th Street and Ms. Harris's property at 1616 Decatur Street to inspect those sites and to take photographs and measurements. Please let me know a few dates and times in the next few weeks that would be convenient for you and I will serve you with Requests for Entry Upon Land on one of the dates you prefer.

In addition, would you please confirm that you received the Document Requests and Interrogatories directed to defendant Harris that we hand delivered to your office on Friday, January 26, 2007.

Best regards,

Alex

Alex Lakatos
Mayer, Brown, Rowe & Maw LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrownrowe.com

1

# **Exhibit 2**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Wednesday, January 31, 2007 12:34 PM |
| **To:** | 'Johnny Barnes (AttorneyJB@comcast.net)' |
| **Subject:** | Zirintusa v. Whitaker: Teleconference |

**Contacts:**        Johnny Barnes

Dear Johnny,

I just left you a voicemail message.  I would like to have a teleconference with you at your earliest convenience to discuss when I should notice my Rue 34(a)(2) requests (as I mentioned in my e-mail dated January 29, 2007), and to discuss the subpoena that plaintiff just served on The Whitaker Group.  Please let me know when you will be available.

Best regards,

Alex

Alex Lakatos
Mayer, Brown, Rowe & Maw LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrownrowe.com

# <u>Exhibit 3</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | |
|---|---|
| IDAH ZIRINTUSA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 1:05CV01738 (EGS) |
| ROSA WHITAKER ) | |
| ) | |
| and ) | |
| ) | |
| PAULINE HARRIS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## PLAINTIFF'S REQUEST FOR ENTRY UPON DEFENDANT HARRIS'S LAND

Pursuant to Fed. R. Civ. P. 34(a)(2), the Plaintiff Zirintusa respectfully requests that

Defendant Harris permit Plaintiff and her counsel entry upon the residence owned and controlled

by Defendant Harris at 1616 Decatur Street, N.W. in Washington, D.C., for purposes of

inspection of, measurement of, and photography of, the property and relevant chattels located on

the premises. Specifically, the Plaintiff and her counsel, to be accompanied by a photographer,

request entry upon the property on which Defendant Harris's residence is located (exterior of the

property), and into the residence itself (interior of the property). For purposes of gathering

specific evidence that will be essential to the factfinder in evaluating the central issues of the

case, Plaintiff requests entry into all rooms of Defendant Harris's residence and inspection of

items in the residence germane to scope and nature of the Plaintiff's former work responsibilities

there.

This case concerns events that occurred at Defendant Harris's residence, notably, the work that the Plaintiff performed, for the benefit of Defendant Harris, in the residence. The inspection, measuring, and photographing of the physical layout and dimensions of each room in the residence, coupled with inspection and photographing of the items involved in Plaintiff's work responsibilities will provide Plaintiff with specific evidence. Such evidence includes the size of rooms, the types of furnishings and other chattels in the residence, and the scope of the work involved in performing domestic chores that Plaintiff carried out in and around the residence. This evidence will then enable a factfinder to better understand the events in the case, such as the nature of particular tasks and how long the tasks would take, thus enabling a more accurate conclusion on the facts of the case.

Entry is requested on March 9, 2007 at 9:00 a.m. and shall continue for such time as is necessary to inspect the premises.

DATED: February 1, 2007

MAYER BROWN ROWE & MAW LLP

Alex C. Lakatos (D.C. Bar No. 453763)
Mayer, Brown, Rowe & Maw LLP
1909 K Street, N.W.
Washington, D.C. 20006-1101
Tel: (202) 263-3000
Fax: (202) 263-5312
alakatos@mayerbrownrowe.com
Counsel for Plaintiff Idah Zirintusa

20843356_1.DOC
2

## CERTIFICATE OF SERVICE

I hereby certify that on the 1st day of February, 2007, the foregoing Plaintiff's Request for Entry Upon Defendant Harris's Land was served via first class, postage prepaid, U.S. mail on the following counsel of record:

> Johnny Barnes, Esq.
> 7725 – 16th Street, NW
> Washington, DC 20012

Alex C. Lakatos

20843356_1.DOC
3

# **<u>Exhibit 4</u>**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | AttorneyJB@comcast.net |
| **Sent:** | Friday, February 23, 2007 8:20 AM |
| **To:** | Lakatos, Alex |
| **Subject:** | See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

**Attachments:**    ocr_7257245131.txt



ocr_7257245131.tx
t (2 KB)

ocr_7257245131.txt

Johnny Barnes
Attorney At Law
7725 - 16th Street, N.W.
Washington, D.C.  20012

(202) 882-2828/ Telephone
                    (202) 841-6321/ Cell

Alex C. Lakatos, Esquire
Mayer, Brown, Rowe and Maw
1909 "K" Street, N.W.
Washington, D.C. 20006-1101

        Re: Zirintusa v. Whitaker and Harris
            Plaintiff's Rule 34(a)(2) Request

Via E-Mail alakatos@mayerbrownrowe.com and Snail Mail

Dear Attorney Lakatos:

With respect to your Rule 34(a)(2) Request regarding both defendants, I can tell you
the following.  Ms. Harris will make her property available, as requested, exterior
and interior, at 9:00 a.m. on 9 March 2007.  Ms. Whitaker has sold her subject
property, is no longer in possession of it and does not exercise dominion and
control over it.  Therefore, she is not able to comply with the request of her.

Defendant Whitaker would like to Request an inspection of the property wherein
Plaintiff resided, immediately following her departure from Defendant's former
residence, and the propert!
 y wherein Plaintiff now resides, if different.  If we can make those arrangements
without a formal Rule 34(a)(2) Notice, I am pleased to do so.  If not, and in any
case, kindly provide me with that directory information at your earliest
convenience, but in no case more than five days from the date of this letter.

**REDACTED**

                                                        Sincerely,

Friday, 23 February 2
007                                    Johnny Barnes

                            Page 1

# **Exhibit 5**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Friday, February 23, 2007 10:16 AM |
| **To:** | 'AttorneyJB@comcast.net' |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Dear Johnny,

I write in response to your letter of February 23, 2007.

# REDACTED

With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I will plan to arrive at
Ms. Harris's property at 9:00 a.m. on March 9, as per your agreement. With regard to the
34(a)(2) request directed to Ms. Whitaker, I still have not received from you (1) the name
of the person to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current home
address, as requested in my February 6, 2007 e-mail. I will discuss how we should proceed
with Ms. Whitaker's inspection request(s) once you have responded to the foregoing points.

Best regards,

Alex

>Alex Lakatos
>Mayer, Brown, Rowe & Maw LLP
>Washington D.C. Office
>Phone: 202 263-3312
>Fax: 202 263-5312
>alakatos@mayerbrownrowe.com
>
>


-----Original Message-----
From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
Sent: Friday, February 23, 2007 8:20 AM
To: Lakatos, Alex
Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request

1

# **Exhibit 6**

## Lakatos, Alex

| | |
|---|---|
| **From:** | AttorneyJB@comcast.net |
| **Sent:** | Monday, March 05, 2007 9:07 PM |
| **To:** | Lakatos, Alex |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Attorney Lakatos, I sent the following message this morning.  Please respond:  "It turns
out that Ms. Harris is not able to be present on March 9th at 9:00 a.m. for the home
inspection.  Can you supply me with another
date(s) that I can put to her for this purpose?  Thank you for your cooperation."  .......
In addition, kindly let me know when the transcript of today's deposition of Ms. Williams
will be available and if you will supply a copy to me ....... JB


    ------------ Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> I write in response to your letter of February 23, 2007.
>
> First, plaintiff declines Ms. Harris's offer of settlement.  However,
> plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> Harris's agreement to cooperate fully and truthfully with plaintiff in
> her prosecution of this suit, starting with a short, informal interview.
> As this offer is contrary to Ms. Whitkaker's interests, I strongly would
> recommend that Ms. Harris retain independent counsel to help her
> evaiuate it.
>
> With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I will
> plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as per
> your agreement.  With regard to the 34(a)(2) request directed to Ms.
> Whitaker, I still have not received from you (1) the name of the person
> to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> home address, as requested in my February 6, 2007 e-mail.  I will
> discuss how we should proceed with Ms. Whitaker's inspection request(s)
> once you have responded to the foregoing points.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> >
> >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Friday, February 23, 2007 8:20 AM
> To: Lakatos, Alex
> Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
> IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was
> neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be
> used and cannot be used by any taxpayer for the purpose of avoiding tax
> penalties that may be imposed under U.S. tax law. If any person uses or refers
> to any such tax advice in promoting, marketing or recommending a partnership or
> other entity, investment plan or arrangement to any taxpayer, then (i) the

1

> advice was written to support the promotion or marketing (by a person other than
> Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such
> taxpayers should seek advice based on the taxpayers particular circumstances
> from an independent tax advisor.
>
> This email and any files transmitted with it are intended solely for the use of
> the individual or entity to whom they are addressed. If you have received this
> email in error please notify the system manager. If you are not the named
> addressee you should not disseminate, distribute or copy this e-mail.

# **<u>Exhibit 7</u>**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Tuesday, March 06, 2007 2:31 PM |
| **To:** | 'AttorneyJB@comcast.net' |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Dear Johnny,

I note that the March 9, 2007 entry onto land has been scheduled for over a month and that you have confirmed that date several times. Nevertheless, as an accommodation to you and your client, we would agree to meet for the entry and inspection on Thursday, March 8, 2007, at 9:00 a.m. or Monday, March 12, 2007, at 9:00 a.m. Please tell me which you would prefer.

Please note that yesterday's deposition was a Rule 30(b)(6) deposition of The Whitaker Group, and not a deposition of Ms. Williams in her personal capacity. The court reporter for the deposition was L.A.D. Reporting and Digital Videography, 202-861-3410, and the court reporter was Lauri Banghart-Smith. You should contact them directly to make arrangements to receive the transcript in whatever form and on whatever time table you would prefer.

Best regards,

Alex

>Alex Lakatos
>Mayer, Brown, Rowe & Maw LLP
>Washington D.C. Office
>Phone: 202 263-3312
>Fax: 202 263-5312
>alakatos@mayerbrownrowe.com
>
>


-----Original Message-----
From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
Sent: Monday, March 05, 2007 9:07 PM
To: Lakatos, Alex
Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request


Attorney Lakatos, I sent the following message this morning. Please respond: "It turns out that Ms. Harris is not able to be present on March 9th at 9:00 a.m. for the home inspection. Can you supply me with another
date(s) that I can put to her for this purpose? Thank you for your cooperation." .......
In addition, kindly let me know when the transcript of today's deposition of Ms. Williams
will be available and if you will supply a copy to me ....... JB


------------- Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> I write in response to your letter of February 23, 2007.
>
> First, plaintiff declines Ms. Harris's offer of settlement. However,
> plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> Harris's agreement to cooperate fully and truthfully with plaintiff in
> her prosecution of this suit, starting with a short, informal interview.
> As this offer is contrary to Ms. Whitkaker's interests, I strongly would
> recommend that Ms. Harris retain independent counsel to help her
> evaluate it.

1

> With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I will
> plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as per
> your agreement.  With regard to the 34(a)(2) request directed to Ms.
> Whitaker, I still have not received from you (1) the name of the person
> to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> home address, as requested in my February 6, 2007 e-mail.  I will
> discuss how we should proceed with Ms. Whitaker's inspection request(s)
> once you have responded to the foregoing points.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> > >
> > >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Friday, February 23, 2007 8:20 AM
> To: Lakatos, Alex
> Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
> IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was
> neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be
> used and cannot be used by any taxpayer for the purpose of avoiding tax
> penalties that may be imposed under U.S. tax law. If any person uses or refers
> to any such tax advice in promoting, marketing or recommending a partnership or
> other entity, investment plan or arrangement to any taxpayer, then (i) the
> advice was written to support the promotion or marketing (by a person other than
> Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such
> taxpayers should seek advice based on the taxpayers particular circumstances
> from an independent tax advisor.
>
> This email and any files transmitted with it are intended solely for the use of
> the individual or entity to whom they are addressed. If you have received this
> email in error please notify the system manager. If you are not the named
> addressee you should not disseminate, distribute or copy this e-mail.

# **Exhibit 8**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | AttorneyJB@comcast.net |
| **Sent:** | Tuesday, March 06, 2007 10:39 PM |
| **To:** | Lakatos, Alex |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Attorney Lakatos, I must say, I have never encountered a more discourteous attorney in my years of practicing law.  My client questions the relevancy of the inspection, considers it abusive and harassing and is unable to affirm any of the dates you indicate ....... JB

-------------- Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> I note that the March 9, 2007 entry onto land has been scheduled for
> over a month and that you have confirmed that date several times.
> Nevertheless, as an accommodation to you and your client, we would agree
> to meet for the entry and inspection on Thursday, March 8, 2007, at 9:00
> a.m. or Monday, March 12, 2007, at 9:00 a.m.  Please tell me which you
> would prefer.
>
> Please note that yesterday's deposition was a Rule 30(b)(6) deposition
> of The Whitaker Group, and not a deposition of Ms. Williams in her
> personal capacity.  The court reporter for the deposition was L.A.D.
> Reporting and Digital Videography, 202-861-3410, and the court reporter
> was Lauri Banghart-Smith.  You should contact them directly to make
> arrangements to receive the transcript in whatever form and on whatever
> time table you would prefer.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> >
> >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Monday, March 05, 2007 9:07 PM
> To: Lakatos, Alex
> Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
>
> Attorney Lakatos, I sent the following message this morning.  Please
> respond:  "It turns out that Ms. Harris is not able to be present on
> March 9th at 9:00 a.m. for the home inspection.  Can you supply me with
> another
> date(s) that I can put to her for this purpose?  Thank you for your
> cooperation." ....... In addition, kindly let me know when the
> transcript of today's deposition of Ms. Williams will be available and
> if you will supply a copy to me ....... JB
>
>
> -------------- Original message ----------------------
> From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > Dear Johnny,

1

```
> >
> > I write in response to your letter of February 23, 2007.
> >
> > First, plaintiff declines Ms. Harris's offer of settlement.  However,
> > plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> > Harris's agreement to cooperate fully and truthfully with plaintiff in
> > her prosecution of this suit, starting with a short, informal
> interview.
> > As this offer is contrary to Ms. Whitkaker's interests, I strongly
> would
> > recommend that Ms. Harris retain independent counsel to help her
> > evaluate it.
> >
> > With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I
> will
> > plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as
> per
> > your agreement.  With regard to the 34(a)(2) request directed to Ms.
> > Whitaker, I still have not received from you (1) the name of the
> person
> > to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> > home address, as requested in my February 6, 2007 e-mail.  I will
> > discuss how we should proceed with Ms. Whitaker's inspection
> request(s)
> > once you have responded to the foregoing points.
> >
> > Best regards,
> >
> > Alex
> >
> > >Alex Lakatos
> > >Mayer, Brown, Rowe & Maw LLP
> > >Washington D.C. Office
> > >Phone: 202 263-3312
> > >Fax: 202 263-5312
> > >alakatos@mayerbrownrowe.com
> > >
> > >
> >
> >
> >
> > -----Original Message-----
> > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > Sent: Friday, February 23, 2007 8:20 AM
> > To: Lakatos, Alex
> > Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
> >
> > IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters
> was
> > neither written nor intended by the sender or Mayer, Brown, Rowe & Maw
> LLP to be
> > used and cannot be used by any taxpayer for the purpose of avoiding
> tax
> > penalties that may be imposed under U.S. tax law. If any person uses
> or refers
> > to any such tax advice in promoting, marketing or recommending a
> partnership or
> > other entity, investment plan or arrangement to any taxpayer, then (i)
> the
> > advice was written to support the promotion or marketing (by a person
> other than
> > Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii)
> such
> > taxpayers should seek advice based on the taxpayers particular
> circumstances
> > from an independent tax advisor.
> >
> > This email and any files transmitted with it are intended solely for
```

2

```
> the use of
> > the individual or entity to whom they are addressed. If you have
> received this
> > email in error please notify the system manager. If you are not the
> named
> > addressee you should not disseminate, distribute or copy this e-mail.
```

# **Exhibit 9**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Tuesday, March 06, 2007 11:23 PM |
| **To:** | 'AttorneyJB@comcast.net' |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Dear Johnny,

As you will recall, on February 1, 2007, I noticed the Rule 34(a)(2) request for entry onto Ms. Harris' land on March 9, 2007, affording you and your client over 30 days notice. On February 23, 2007, you wrote to me stating that "Ms. Harris will make her property available, as requested, exterior and interior, at 9:00 a.m. on 9 March 2007." Now, only days before the agreed upon date, you have written to cancel, unilaterally and without explanation, other that to assert that your client is "not able to be present." You requested that I suggest some alternate dates. Despite the fact that you had previously agreed to the March 9, 2007 date, and despite the fact that you offered no meaningful explanation for canceling, I accommodated your request and supplied two alternate dates. You responded that neither of those dates is acceptable, but you have yet to propose a date that you and your client would prefer. As the dates I proposed are unacceptable to you (again, for reasons you do not explain), please indicate on what date you and your client are prepared to go forward with the Rule 34(a)(2) request.

In addition, if you could please explain to me how my honoring your request to provide alternate dates renders me "discourteous" in your view, I would be appreciative. I simply do not understand why you insist on making this sort of unproductive and unwarranted ad hominem attack.

Best regards,

Alex

>Alex Lakatos
>Mayer, Brown, Rowe & Maw LLP
>Washington D.C. Office
>Phone: 202 263-3312
>Fax: 202 263-5312
>alakatos@mayerbrownrowe.com
>
>


-----Original Message-----
From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
Sent: Tuesday, March 06, 2007 10:39 PM
To: Lakatos, Alex
Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request


Attorney Lakatos, I must say, I have never encountered a more discourteous attorney in my years of practicing law.  My client questions the relevancy of the inspection, considers it abusive and harassing and is unable to affirm any of the dates you indicate ....... JB

-------------- Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> I note that the March 9, 2007 entry onto land has been scheduled for
> over a month and that you have confirmed that date several times.
> Nevertheless, as an accommodation to you and your client, we would agree
> to meet for the entry and inspection on Thursday, March 8, 2007, at 9:00
> a.m. or Monday, March 12, 2007, at 9:00 a.m.  Please tell me which you
> would prefer.
>

1

> Please note that yesterday's deposition was a Rule 30(b)(6) deposition
> of The Whitaker Group, and not a deposition of Ms. Williams in her
> personal capacity.  The court reporter for the deposition was L.A.D.
> Reporting and Digital Videography, 202-861-3410, and the court reporter
> was Lauri Banghart-Smith.  You should contact them directly to make
> arrangements to receive the transcript in whatever form and on whatever
> time table you would prefer.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> >
> >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Monday, March 05, 2007 9:07 PM
> To: Lakatos, Alex
> Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
>
> Attorney Lakatos, I sent the following message this morning.  Please
> respond:  "It turns out that Ms. Harris is not able to be present on
> March 9th at 9:00 a.m. for the home inspection.  Can you supply me with
> another
> date(s) that I can put to her for this purpose?  Thank you for your
> cooperation."  .......  In addition, kindly let me know when the
> transcript of today's deposition of Ms. Williams will be available and
> if you will supply a copy to me ....... JB
>
>
> -------------- Original message ----------------------
> From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > Dear Johnny,
> >
> > I write in response to your letter of February 23, 2007.
> >
> > First, plaintiff declines Ms. Harris's offer of settlement.  However,
> > plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> > Harris's agreement to cooperate fully and truthfully with plaintiff in
> > her prosecution of this suit, starting with a short, informal
> interview.
> > As this offer is contrary to Ms. Whitkaker's interests, I strongly
> would
> > recommend that Ms. Harris retain independent counsel to help her
> > evaluate it.
> >
> > With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I
> will
> > plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as
> per
> > your agreement.  With regard to the 34(a)(2) request directed to Ms.
> > Whitaker, I still have not received from you (1) the name of the
> person
> > to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> > home address, as requested in my February 6, 2007 e-mail.  I will
> > discuss how we should proceed with Ms. Whitaker's inspection
> request(s)
> > once you have responded to the foregoing points.

2

```
> >
> > Best regards,
> >
> > Alex
> >
> > >Alex Lakatos
> > >Mayer, Brown, Rowe & Maw LLP
> > >Washington D.C. Office
> > >Phone: 202 263-3312
> > >Fax: 202 263-5312
> > >alakatos@mayerbrownrowe.com
> > >
> > >
> >
> >
> > -----Original Message-----
> > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > Sent: Friday, February 23, 2007 8:20 AM
> > To: Lakatos, Alex
> > Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
> >
> > IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters
> was
> > neither written nor intended by the sender or Mayer, Brown, Rowe & Maw
> LLP to be
> > used and cannot be used by any taxpayer for the purpose of avoiding
> tax
> > penalties that may be imposed under U.S. tax law. If any person uses
> or refers
> > to any such tax advice in promoting, marketing or recommending a
> partnership or
> > other entity, investment plan or arrangement to any taxpayer, then (i)
> the
> > advice was written to support the promotion or marketing (by a person
> other than
> > Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii)
> such
> > taxpayers should seek advice based on the taxpayers particular
> circumstances
> > from an independent tax advisor.
> >
> > This email and any files transmitted with it are intended solely for
> the use of
> > the individual or entity to whom they are addressed. If you have
> received this
> > email in error please notify the system manager. If you are not the
> named
> > addressee you should not disseminate, distribute or copy this e-mail.
```

3

# Exhibit 10

**Lakatos, Alex**

| | |
|---|---|
| **From:** | AttorneyJB@comcast.net |
| **Sent:** | Wednesday, March 07, 2007 6:29 AM |
| **To:** | Lakatos, Alex |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Attorney Lakatos, I shall inquire about other dates.  It seems Ms. Harris questions the
need for such an inspection.  We are willing to stipulate that Plaintiff was in Ms.
Harris' home on several occasions and to make other relevant and reasonable stipulations
in this connection (Obviously, with the exception of stipulations that run counter to our
position in this case), but the relevance and need for the inspection remains a question
for Ms. Harris.  Nonetheless, as stated, I shall inquire about other dates ....... JB

-------------- Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> As you will recall, on February 1, 2007, I noticed the Rule 34(a)(2)
> request for entry onto Ms. Harris' land on March 9, 2007, affording you
> and your client over 30 days notice.  On February 23, 2007, you wrote to
> me stating that "Ms. Harris will make her property available, as
> requested, exterior and interior, at 9:00 a.m. on 9 March 2007."  Now,
> only days before the agreed upon date, you have written to cancel,
> unilaterally and without explanation, other that to assert that your
> client is "not able to be present."  You requested that I suggest some
> alternate dates.  Despite the fact that you had previously agreed to the
> March 9, 2007 date, and despite the fact that you offered no meaningful
> explanation for canceling, I accommodated your request and supplied two
> alternate dates.  You responded that neither of those dates is
> acceptable, but you have yet to propose a date that you and your client
> would prefer.  As the dates I proposed are unacceptable to you (again,
> for reasons you do not explain), please indicate on what date you and
> your client are prepared to go forward with the Rule 34(a)(2) request.
>
> In addition, if you could please explain to me how my honoring your
> request to provide alternate dates renders me "discourteous" in your
> view, I would be appreciative.  I simply do not understand why you
> insist on making this sort of unproductive and unwarranted ad hominem
> attack.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> >
> >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Tuesday, March 06, 2007 10:39 PM
> To: Lakatos, Alex
> Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
>
> Attorney Lakatos, I must say, I have never encountered a more
> discourteous attorney in my years of practicing law.  My client

1

> questions the relevancy of the inspection, considers it abusive and
> harassing and is unable to affirm any of the dates you indicate .......
> JB
>
> -------------- Original message ----------------------
> From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > Dear Johnny,
>
> > I note that the March 9, 2007 entry onto land has been scheduled for
> > over a month and that you have confirmed that date several times.
> > Nevertheless, as an accommodation to you and your client, we would
> agree
> > to meet for the entry and inspection on Thursday, March 8, 2007, at
> 9:00
> > a.m. or Monday, March 12, 2007, at 9:00 a.m.  Please tell me which you
> > would prefer.
> >
> > Please note that yesterday's deposition was a Rule 30(b)(6) deposition
> > of The Whitaker Group, and not a deposition of Ms. Williams in her
> > personal capacity.  The court reporter for the deposition was L.A.D.
> > Reporting and Digital Videography, 202-861-3410, and the court
> reporter
> > was Lauri Banghart-Smith.  You should contact them directly to make
> > arrangements to receive the transcript in whatever form and on
> whatever
> > time table you would prefer.
> >
> > Best regards,
> >
> > Alex
> >
> > >Alex Lakatos
> > >Mayer, Brown, Rowe & Maw LLP
> > >Washington D.C. Office
> > >Phone: 202 263-3312
> > >Fax: 202 263-5312
> > >alakatos@mayerbrownrowe.com
> > >
> > >
> >
> >
> > -----Original Message-----
> > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > Sent: Monday, March 05, 2007 9:07 PM
> > To: Lakatos, Alex
> > Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2)
> Request
> >
> >
> > Attorney Lakatos, I sent the following message this morning.  Please
> > respond:  "It turns out that Ms. Harris is not able to be present on
> > March 9th at 9:00 a.m. for the home inspection.  Can you supply me
> with
> > another
> > date(s) that I can put to her for this purpose?  Thank you for your
> > cooperation."  .......  In addition, kindly let me know when the
> > transcript of today's deposition of Ms. Williams will be available and
> > if you will supply a copy to me ....... JB
> >
> >
> > -------------- Original message ----------------------
> > From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > > Dear Johnny,
> > >
> > > I write in response to your letter of February 23, 2007.
> > >
> > > First, plaintiff declines Ms. Harris's offer of settlement.

2

```
> However,
> > > plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> > > Harris's agreement to cooperate fully and truthfully with plaintiff
> in
> > > her prosecution of this suit, starting with a short, informal
> > interview.
> > > As this offer is contrary to Ms. Whitaker's interests, I strongly
> > would
> > > recommend that Ms. Harris retain independent counsel to help her
> > > evaluate it.
> > >
> > > With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I
> will
> > > plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as
> > per
> > > your agreement.  With regard to the 34(a)(2) request directed to Ms.
> > > Whitaker, I still have not received from you (1) the name of the
> > person
> > > to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> > > home address, as requested in my February 6, 2007 e-mail.  I will
> > > discuss how we should proceed with Ms. Whitaker's inspection
> > request(s)
> > > once you have responded to the foregoing points.
> > >
> > > Best regards,
> > >
> > > Alex
> > >
> > > >Alex Lakatos
> > > >Mayer, Brown, Rowe & Maw LLP
> > > >Washington D.C. Office
> > > >Phone: 202 263-3312
> > > >Fax: 202 263-5312
> > > >alakatos@mayerbrownrowe.com
> > > >
> > > >
> > >
> > >
> > > -----Original Message-----
> > > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > > Sent: Friday, February 23, 2007 8:20 AM
> > > To: Lakatos, Alex
> > > Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
> > >
> > > IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax
> matters
> > was
> > > neither written nor intended by the sender or Mayer, Brown, Rowe &
> Maw
> > LLP to be
> > > used and cannot be used by any taxpayer for the purpose of avoiding
> > tax
> > > penalties that may be imposed under U.S. tax law. If any person uses
> > or refers
> > > to any such tax advice in promoting, marketing or recommending a
> > partnership or
> > > other entity, investment plan or arrangement to any taxpayer, then
> (i)
> > the
> > > advice was written to support the promotion or marketing (by a
> person
> > other than
> > > Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and
> (ii)
> > such
> > > taxpayers should seek advice based on the taxpayers particular
> > circumstances
```

3

```
> > > from an independent tax advisor.
> > >
> > > This email and any files transmitted with it are intended solely for
> > the use of
> > > the individual or entity to whom they are addressed. If you have
> > received this
> > > email in error please notify the system manager. If you are not the
> > named
> > > addressee you should not disseminate, distribute or copy this
> e-mail.
```

# Exhibit 11

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Friday, March 16, 2007 7:11 PM |
| **To:** | 'AttorneyJB@comcast.net' |
| **Subject:** | RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request |

Dear Johnny,

I still have not heard back from you on the dates you promised to provide.  It is not acceptable for defendants to avoid their discovery obligations by unilaterally canceling previously agreed upon dates and simply failing to reschedule as promised.  Please be advised that if we have not agreed upon a date for the entry onto land before the end of March, plaintiff will move to compel.

Best regards,

Alex

>Alex Lakatos
>Mayer, Brown, Rowe & Maw LLP
>Washington D.C. Office
>Phone: 202 263-3312
>Fax: 202 263-5312
>alakatos@mayerbrownrowe.com
>
>


-----Original Message-----
From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
Sent: Wednesday, March 07, 2007 6:29 AM
To: Lakatos, Alex
Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request


Attorney Lakatos, I shall inquire about other dates.  It seems Ms. Harris questions the need for such an inspection.  We are willing to stipulate that Plaintiff was in Ms. Harris' home on several occasions and to make other relevant and reasonable stipulations in this connection (Obviously, with the exception of stipulations that run counter to our position in this case), but the relevance and need for the inspection remains a question for Ms. Harris.  Nonetheless,  as stated, I shall inquire about other dates ....... JB

-------------- Original message ----------------------
From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> Dear Johnny,
>
> As you will recall, on February 1, 2007, I noticed the Rule 34(a)(2)
> request for entry onto Ms. Harris' land on March 9, 2007, affording you
> and your client over 30 days notice.  On February 23, 2007, you wrote to
> me stating that "Ms. Harris will make her property available, as
> requested, exterior and interior, at 9:00 a.m. on 9 March 2007."  Now,
> only days before the agreed upon date, you have written to cancel,
> unilaterally and without explanation, other that to assert that your
> client is "not able to be present."  You requested that I suggest some
> alternate dates.  Despite the fact that you had previously agreed to the
> March 9, 2007 date, and despite the fact that you offered no meaningful
> explanation for canceling, I accommodated your request and supplied two
> alternate dates.  You responded that neither of those dates is
> acceptable, but you have yet to propose a date that you and your client
> would prefer.  As the dates I proposed are unacceptable to you (again,
> for reasons you do not explain), please indicate on what date you and
> your client are prepared to go forward with the Rule 34(a)(2) request.
>

1

> In addition, if you could please explain to me how my honoring your
> request to provide alternate dates renders me "discourteous" in your
> view, I would be appreciative. I simply do not understand why you
> insist on making this sort of unproductive and unwarranted ad hominem
> attack.
>
> Best regards,
>
> Alex
>
> >Alex Lakatos
> >Mayer, Brown, Rowe & Maw LLP
> >Washington D.C. Office
> >Phone: 202 263-3312
> >Fax: 202 263-5312
> >alakatos@mayerbrownrowe.com
> >
> >
>
>
> -----Original Message-----
> From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> Sent: Tuesday, March 06, 2007 10:39 PM
> To: Lakatos, Alex
> Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
>
>
> Attorney Lakatos, I must say, I have never encountered a more
> discourteous attorney in my years of practicing law. My client
> questions the relevancy of the inspection, considers it abusive and
> harassing and is unable to affirm any of the dates you indicate .......
> JB
>
> -------------- Original message ----------------------
> From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > Dear Johnny,
> >
> > I note that the March 9, 2007 entry onto land has been scheduled for
> > over a month and that you have confirmed that date several times.
> > Nevertheless, as an accommodation to you and your client, we would
> agree
> > to meet for the entry and inspection on Thursday, March 8, 2007, at
> 9:00
> > a.m. or Monday, March 12, 2007, at 9:00 a.m. Please tell me which you
> > would prefer.
> >
> > Please note that yesterday's deposition was a Rule 30(b)(6) deposition
> > of The Whitaker Group, and not a deposition of Ms. Williams in her
> > personal capacity. The court reporter for the deposition was L.A.D.
> > Reporting and Digital Videography, 202-861-3410, and the court
> reporter
> > was Lauri Banghart-Smith. You should contact them directly to make
> > arrangements to receive the transcript in whatever form and on
> whatever
> > time table you would prefer.
> >
> > Best regards,
> >
> > Alex
> >
> > >Alex Lakatos
> > >Mayer, Brown, Rowe & Maw LLP
> > >Washington D.C. Office
> > >Phone: 202 263-3312
> > >Fax: 202 263-5312
> > >alakatos@mayerbrownrowe.com
> > >

2

```
> > >
> >
> >
> > -----Original Message-----
> > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > Sent: Monday, March 05, 2007 9:07 PM
> > To: Lakatos, Alex
> > Subject: RE: See the annexed letter re Plaintiff's Rule 34(a)(2)
> Request
> >
> >
> > Attorney Lakatos, I sent the following message this morning.  Please
> > respond:  "It turns out that Ms. Harris is not able to be present on
> > March 9th at 9:00 a.m. for the home inspection.  Can you supply me
> with
> > another
> > date(s) that I can put to her for this purpose?  Thank you for your
> > cooperation."  .......  In addition, kindly let me know when the
> > transcript of today's deposition of Ms. Williams will be available and
> > if you will supply a copy to me ....... JB
> >
> >
> > ------------- Original message ----------------------
> > From: "Lakatos, Alex" <ALakatos@mayerbrownrowe.com>
> > > Dear Johnny,
> > >
> > > I write in response to your letter of February 23, 2007.
> > >
> > > First, plaintiff declines Ms. Harris's offer of settlement.
> However,
> > > plaintiff would agree to settle with Ms. Harris for $20,000 and Ms.
> > > Harris's agreement to cooperate fully and truthfully with plaintiff
> in
> > > her prosecution of this suit, starting with a short, informal
> > interview.
> > > As this offer is contrary to Ms. Whitkaker's interests, I strongly
> > would
> > > recommend that Ms. Harris retain independent counsel to help her
> > > evaluate it.
> > >
> > > With regard to the Rule 34(a)(2) Request directed to Ms. Harris, I
> > will
> > > plan to arrive at Ms. Harris's property at 9:00 a.m. on March 9, as
> > per
> > > your agreement.  With regard to the 34(a)(2) request directed to Ms.
> > > Whitaker, I still have not received from you (1) the name of the
> > person
> > > to whom Ms. Whitaker sold her property or (2) Ms. Whitaker's current
> > > home address, as requested in my February 6, 2007 e-mail.  I will
> > > discuss how we should proceed with Ms. Whitaker's inspection
> > request(s)
> > > once you have responded to the foregoing points.
> > >
> > > Best regards,
> > >
> > > Alex
> > >
> > > >Alex Lakatos
> > > >Mayer, Brown, Rowe & Maw LLP
> > > >Washington D.C. Office
> > > >Phone: 202 263-3312
> > > >Fax: 202 263-5312
> > > >alakatos@mayerbrownrowe.com
> > > >
> > > >
> > >
> > >
```

3

```
> > > -----Original Message-----
> > > From: AttorneyJB@comcast.net [mailto:AttorneyJB@comcast.net]
> > > Sent: Friday, February 23, 2007 8:20 AM
> > > To: Lakatos, Alex
> > > Subject: See the annexed letter re Plaintiff's Rule 34(a)(2) Request
> > >
> > > IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax
> matters
> > was
> > > neither written nor intended by the sender or Mayer, Brown, Rowe &
> Maw
> > LLP to be
> > > used and cannot be used by any taxpayer for the purpose of avoiding
> > tax
> > > penalties that may be imposed under U.S. tax law. If any person uses
> > or refers
> > > to any such tax advice in promoting, marketing or recommending a
> > partnership or
> > > other entity, investment plan or arrangement to any taxpayer, then
> (i)
> > the
> > > advice was written to support the promotion or marketing (by a
> person
> > other than
> > > Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and
> (ii)
> > such
> > > taxpayers should seek advice based on the taxpayers particular
> > circumstances
> > > from an independent tax advisor.
> > >
> > > This email and any files transmitted with it are intended solely for
> > the use of
> > > the individual or entity to whom they are addressed. If you have
> > received this
> > > email in error please notify the system manager. If you are not the
> > named
> > > addressee you should not disseminate, distribute or copy this
> e-mail.
```

# Exhibit 12

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Tuesday, May 08, 2007 7:25 PM |
| **To:** | 'Trebie Valancius' |
| **Subject:** | RE: Deposition Dates |

Dear Ms. Valancius,

When we spoke previously, you indicated that you would like to depose my client on the week of May 28, 2007. Accordingly, I offered three dates that week: May 30, May 31, and June 1. As you prefer May 31, you should feel free to notice the deposition for that day. I have no objections to the LAD DC offices as the venue.

As I said when we spoke before, I plan to take the deposition of Pauline Harris and Rosa Whitaker in early and late June, respectively. Accordingly, would you please propose dates on the week of June 4 or June 11 for Ms. Harris's deposition, and on the week of June 18 or June 25 for Ms. Whitaker's.

In addition, there are several outstanding discovery issues to address.

1. On February 2, 2007, I noticed the Rule 34(a)(2) Entry onto Land for Ms. Whitaker and Ms. Harris. The entry onto Ms. Harris's land was scheduled for March 9, 2007. Although Mr. Barnes initially confirmed this date in several e-mails, he subsequently unilaterally cancelled, promising to reschedule. Despite repeated requests, he never did so. Accordingly, will you please let me know a date on which we can move forward with the entry onto Ms. Harris's land. I understand that Ms. Whitaker has moved to a new house, and we would like to notice the entry onto that property at a time convenient to her. Accordingly, would you please provide me with a date for that as well.

2. In addition, if you will review Ms. Harris's responses to Plaintiff's First Set of Interrogatories, you will see that there a number of responses that do not fairly meet the interrogatory (e.g., interrogatories nos. 7, 15). However, the most troubling example is interrogatory no. 12, which inquires about who Ms. Harris used to clean her house in the last 5 years, and in response to which Ms. Harris fails to provide any of the substantive information available to her. In particular, the persons who cleaned Ms. Harris' house in 2004, when Ms. Zirintusa alleges (and Ms. Harris disputes) that Ms. Zirintusa was cleaning Ms. Harris's house, are particularly relevant witnesses. It is important to have transparency as to the witnesses in this case, and accordingly, I would ask for a responsive answer to this interrogatory (i.e., the names of the persons or services that cleaned Ms. Harris's house in 2004, and where they may be found) within the next 10 days.

With regard to your concerns about whether you have received all outstanding discovery from Johnny Barnes (I would think that he would have given you everything), if you could let me know what you received from Johnny Barnes, and what questions, if any, you have about any outstanding discovery issues, that would allow me to be more helpful to you.

Best regards,

Alex

Alex Lakatos
Mayer, Brown, Rowe & Maw LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrownrowe.com


-----Original Message-----
**From:** Trebie Valancius [mailto:tvalancius@hannonlawgroup.com]
**Sent:** Tuesday, May 08, 2007 10:57 AM

**To:** Lakatos, Alex
**Subject:** Deposition Dates

Mr. Lakatos:

I am writing to schedule the depositions of your client, Idah Zirintusa, and our client, Pauline Harris.  Mr. Hannon would like both depositions to take place on May 31st, with Ms. Zirintusa's deposition at 9:00 a.m., and Ms. Harris' deposition at 2:00 p.m.  We also propose that the depositions take place at L.A.D. Reporting & Digital Videography's DC office.

When I talked to you on Friday, we discussed meeting in order for me to see the discovery that has been produced and also for both of us to discuss outstanding discovery issues.  Please let me know what day would be convenient for you to meet with me.  I would be happy to come to your office.

Please let me know if the deposition dates are agreeable with you, and when you would like to meet with me.

Sincerely,

Trebie A. Valancius
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C.  20009
(202) 232-1907
(202) 232-3704 Facsimile
tvalancius@hannonlawgroup.com

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

10/25/2007

# Exhibit 13

**Lakatos, Alex**

| | |
|---|---|
| From: | Lakatos, Alex |
| Sent: | Wednesday, June 13, 2007 12:47 PM |
| To: | 'J. Michael Hannon (jhannon@hannonlawgroup.com)' |
| Subject: | Zirintusa v. Whitaker: Scheduling |

Contacts:      J. Michael Hannon

Michael,

1.      I spoke with Trebie. She said you would like to meet to discuss a resolution of the case on Thursday, June 21. I told her that would be fine and suggested that we meet at 10:00 a.m. at Mayer Brown's offices, which she confirmed would work for you. Kerri is out of the office now (I think she is on her honeymoon) and I do not know for certain that she will be available on the 21st, however, I am authorized to go forward without her.

2.      I have not heard back from you with dates for the Pauline Harris deposition, the TWG 30(b)(6) or the Harris entry onto land. I thought that you were going to get back to me yesterday with some proposed dates. Would you please let me know where we stand? Thanks.

Best,

Alex

Alex Lakatos
Mayer, Brown, Rowe & Maw LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrownrowe.com

# Exhibit 14

**Lakatos, Alex**

| | |
|---|---|
| **From:** | J. Michael Hannon [jhannon@hannonlawgroup.com] |
| **Sent:** | Friday, June 15, 2007 9:37 AM |
| **To:** | Lakatos, Alex |
| **Cc:** | Trebie Valancius |
| **Subject:** | RE: Zirintusa v. Whitaker: Scheduling |

Alex,

I believe that Ms. Harris has also sold her house, but Trebie will confirm that. I will also ask Trebie to get some dates for Ms. Harris and the TWG deposition. The TWG deposition requires us to assemble documents, which we are in the process of doing. The July 4 date may cause some obstacles, but I will talk with you about the possibility of an extension when I return next week.

If Ms. Sherlock is still in the case, I would want her to be present for our meeting. Can you ascertain her availability?

Thanks,

Mike

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C. 20009
(202) 745-6880, Direct
(202) 232-1907, Alison
(202) 232-3704, FAX
jhannon@hannonlawgroup.com
www.hannonlawgroup.com

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lakatos, Alex [mailto:ALakatos@mayerbrownrowe.com]
**Sent:** Wednesday, June 13, 2007 12:47 PM
**To:** J. Michael Hannon
**Subject:** Zirintusa v. Whitaker: Scheduling

Michael,

1. I spoke with Trebie. She said you would like to meet to discuss a resolution of the case on Thursday, June 21. I told her that would be fine and suggested that we meet at 10:00 a.m. at Mayer Brown's offices, which she confirmed would work for you. Kerri is out of the office now (I think she is on her honeymoon) and I do not know for certain that she will be available on the 21st, however, I am authorized to go forward without her.

2. I have not heard back from you with dates for the Pauline Harris deposition, the TWG 30(b)(6) or the Harris entry onto land. I thought that you were going to get back to me yesterday with some proposed dates. Would you please let me know where we stand? Thanks.

Best,

Alex

Alex Lakatos

10/25/2007

Mayer, Brown, Rowe & Maw LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrownrowe.com

IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was neither written nor intended by the sender or Mayer, Brown, Rowe & Maw LLP to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then (i) the advice was written to support the promotion or marketing (by a person other than Mayer, Brown, Rowe & Maw LLP) of that transaction or matter, and (ii) such taxpayers should seek advice based on the taxpayers particular circumstances from an independent tax advisor.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

# Exhibit 15

VIDEOTAPED DEPOSITION OF IDAH ZIRINTUSA
CONDUCTED ON THURSDAY, MAY 31, 2007

294

1     A    I talked about cooking, cleaning, packing

2  and unpacking, ironing, washing, sweeping the

3  compound, vacuuming. Some of it, I can't remember

4  now. But she used to tell me do certain things, and I

5  used to do whatever she told me to do.

6     Q    Okay. How did you get to Ms. Harris's home

7  to clean for 12 hours at her house?

8     A    I went by bus.

9     Q    And how many -- did you -- did you work 12

10  hours at her house every week that you were staying

11  with Rosa?

12     A    Yes.

13     Q    And was there anyone there when you would

14  go to Ms. Harris's house to clean?

15     A    Not every time. But one -- there are

16  times -- I think once I -- her mother was there. Then

17  on a number of occasions her husband was there.

18     Q    Did her husband ever see you cleaning the

19  house?

20     A    Yes, he did.

21     Q    Did her mother ever see you cleaning the

22  house?

VIDEOTAPED DEPOSITION OF IDAH ZIRINTUSA
CONDUCTED ON THURSDAY, MAY 31, 2007

295

1    A    She did.

2    Q    Ms. Harris didn't pay you for that?

3    A    No.

4    Q    Who paid you for that?

5    A    She told me to ask Rosa.

6    Q    No.  Who paid you for that?

7    A    I understand Rosa paid me for that.

8    Q    What do you mean you understand?  Were you

9  paid for the 12 hours you worked at Ms. Harris?

10    A    Rosa told me it was part of the 400 she was

11  giving me.

12    Q    When did she tell you that?

13    A    When I asked her for money.

14    Q    Did you tell her -- did she tell you that

15  before or after you complained that the $400 was not

16  what you agreed to?

17    A    After.

18    Q    After.

19         So you told her that the $400 was not

20  enough because it wasn't what you agreed to, and then

21  later she made you work an extra day?

22    A    I told her -- when she told me about --

VIDEOTAPED DEPOSITION OF IDAH ZIRINTUSA
CONDUCTED ON THURSDAY, MAY 31, 2007

300

1    Q    Could it have been as early as September?

2    A    Yeah.

3    Q    All right.  So how many times did you work

4  12 hours at Pauline Harris's house?

5    A    All the time.  I think I worked 12 or more

6  hours at Pauline's house.

7    Q    How many times?

8    A    The entire time I worked with Pauline.

9    Q    Seventeen weeks -- 16 weeks?  Did you go to

10  Ms. Harris's house to work as many as 16 times while

11  you were living with Miss -- Ms. Whitaker?

12    A    All I remember is I worked at her place

13  once every week.  And if you -- according to you, you

14  say that I worked for Ms. Rosa for 17 weeks.  I didn't

15  start working for Pauline immediately.  So I may have

16  worked for Pauline about, maybe, 15 times.

17    Q    All right.  After the first time that you

18  worked for Ms. Harris, you weren't paid for it, were

19  you?

20    A    I wasn't paid, and I didn't ask for money.

21    Q    And after the second time you worked for

22  Ms. Harris, you weren't paid for it, were you?

# **Exhibit 16**

**REDACTED**

# <u>Exhibit 17</u>

**REDACTED**

# **Exhibit 18**

**REDACTED**

# Exhibit 19

**REDACTED**

# Exhibit 20

**REDACTED**

# Exhibit 21

**REDACTED**

# Exhibit 22

**REDACTED**

# **Exhibit 23**

REDACTED

# Exhibit 24

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Wednesday, October 24, 2007 10:26 AM |
| **To:** | 'J. Michael Hannon (jhannon@hannonlawgroup.com)' |
| **Cc:** | Lieberman, Sharan E. |
| **Subject:** | Zirintusa v. Whitaker |

Michael,

I have not heard back from you with regard to the documents discussed in my October 4, 2007, e-mail below.

In addition, based on the Court's order from the bench at the last status conference, I believe that if I do not bring our request for sanctions based on your failure to attend the deposition that you noticed, and that Sharan drove to Rockville to attend, it may be waived. At the time we discussed that matter, you suggested that we hold the dispute until the end of the case because otherwise "you would just find something else to hit me back with." Can you let me know what you intend to "hit me back with," so I can decide whether to drop this request for sanctions? In the alternative, if you want to reach a compromise on that issue, I am open to reasonable suggestions.

Best regards,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com


---

**From:** Lakatos, Alex
**Sent:** Thursday, October 04, 2007 9:09 AM
**To:** 'J. Michael Hannon'
**Subject:** RE: Continuation of Deposition of Kivumbi Lutaaya

Michael,

Yes, thanks, I received the e-mail early this morning and will see you tomorrow at L.A.D.

With regard to our discussion of discovery issues yesterday, I understand that you said that (1) TWG will not object to service of the September 10 subpoena and will produce documents by the close of discovery and (2) you will get back to me shortly on when Defendants will produce responsive documents that they have indicated that they will produce in response to Plaintiff's most recent requests for production.

Best,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312

10/26/2007

# Exhibit 25



August 17, 2007

**MAYER, BROWN, ROWE & MAW LLP**
1909 K Street, N.W.
Washington, D.C. 20006-1101

Main Tel (202) 263-3000
Main Fax (202) 263-3300
www.mayerbrownrowe.com

**Sharan E. Lieberman**
Direct Tel (202) 263-3470
slieberman@mayerbrownrowe.com

**VIA FIRST CLASS MAIL**

J. Michael Hannon, Esq.
Hannon Law Group, LLP
1901 18th Street, NW
Washington, D.C. 20009

Re:   <u>Zirintusa v. Whitaker – Deposition of Kaiser
      Permanente</u>

Dear Mike:

I write to request that your firm send a check payable to Mayer Brown LLP in the amount of
$ 1,179.05 for costs and fees that we incurred due to your failure to appear for the deposition of
Kaiser Permanente that you noticed for August 14, 2007 at 11:00 a.m.  Under Rule 30(g) of the
Federal Rules of Civil Procedure, if a party notices a deposition and fails to appear they are
responsible for fees and costs that the other party incurred by attending.

As you know, neither you nor your court reporter attended the deposition, and you informed me
of this at approximately 10:45 a.m., 15 minutes prior to the deposition.  I was already in
Rockville at your offices when we spoke.

My costs and fees are:
- 2.75 hours of time at $ 400.00 per hour = $ 1,100.00 (transportation and wait time)
- $ 79.05 car service to deposition

Thank you.

Sincerely,

Sharan E. Lieberman

SEL/smg

Berlin  Brussels  Charlotte  Chicago  Cologne  Frankfurt  Hong Kong  Houston  London  Los Angeles  New York  Palo Alto  Paris  Washington, D.C.
Mayer, Brown, Rowe & Maw LLP operates in combination with our associated English limited liability partnership in the offices listed above.

# **Exhibit 26**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Wednesday, October 24, 2007 10:26 AM |
| **To:** | 'J. Michael Hannon (jhannon@hannonlawgroup.com)' |
| **Cc:** | Lieberman, Sharan E. |
| **Subject:** | Zirintusa v. Whitaker |

Michael,

I have not heard back from you with regard to the documents discussed in my October 4, 2007, e-mail below.

In addition, based on the Court's order from the bench at the last status conference, I believe that if I do not bring our request for sanctions based on your failure to attend the deposition that you noticed, and that Sharan drove to Rockville to attend, it may be waived. At the time we discussed that matter, you suggested that we hold the dispute until the end of the case because otherwise "you would just find something else to hit me back with." Can you let me know what you intend to "hit me back with," so I can decide whether to drop this request for sanctions? In the alternative, if you want to reach a compromise on that issue, I am open to reasonable suggestions.

Best regards,

Alex

---

Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com

**From:** Lakatos, Alex
**Sent:** Thursday, October 04, 2007 9:09 AM
**To:** 'J. Michael Hannon'
**Subject:** RE: Continuation of Deposition of Kivumbi Lutaaya

Michael,

Yes, thanks, I received the e-mail early this morning and will see you tomorrow at L.A.D.

With regard to our discussion of discovery issues yesterday, I understand that you said that (1) TWG will not object to service of the September 10 subpoena and will produce documents by the close of discovery and (2) you will get back to me shortly on when Defendants will produce responsive documents that they have indicated that they will produce in response to Plaintiff's most recent requests for production.

Best,

Alex

Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312

10/26/2007

# **<u>Exhibit 27</u>**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | J. Michael Hannon [jhannon@hannonlawgroup.com] |
| **Sent:** | Friday, October 26, 2007 9:06 AM |
| **To:** | Lakatos, Alex |
| **Cc:** | Jermaine Cruz |
| **Subject:** | Deposition Claim |

Alex,

It seems impossible to obtain an agreement with you on some matters.

You may preserve your claim for deposition expenses without filing anything today.

J. Michael Hannon
HANNON LAW GROUP, LLP
1901 18th Street, N.W.
Washington, D.C.  20009
(202) 745-6880, Direct
(202) 232-1907, BreAna
(202) 232-3704, FAX
jhannon@hannonlawgroup.com
www.hannonlawgroup.com

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

10/26/2007

# **Exhibit 28**

**Lakatos, Alex**

| | |
|---|---|
| **From:** | Lakatos, Alex |
| **Sent:** | Tuesday, September 18, 2007 11:03 AM |
| **To:** | 'Jermaine Cruz' |
| **Subject:** | RE: Supplemental Documents |

Dear Jermaine,

Yes, please do so.

Best regards,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com



**From:** Jermaine Cruz [mailto:jcruz@hannonlawgroup.com]
**Sent:** Tuesday, September 18, 2007 10:35 AM
**To:** Lakatos, Alex
**Cc:** J. Michael Hannon
**Subject:** RE: Supplemental Documents

Alex,

Mr. Hannon has said that we will consent to withdraw the filing of the supplemental witness list if that is what you wish.

Thanks,

Jermaine

Jermaine Cruz
Law Clerk
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
Direct Dial: 202-745-6884
Reception: 202-232-1907
Fax: 202-232-3704


The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lakatos, Alex [mailto:ALakatos@mayerbrown.com]

10/26/2007

**Sent:** Monday, September 17, 2007 11:06 AM
**To:** Jermaine Cruz
**Subject:** RE: Supplemental Documents

Jermaine,

I understand what the document purports to be. What I do not understand is why you provided it to the Court. I would appreciate your clarification on that point.

Best,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com




**From:** Jermaine Cruz [mailto:jcruz@hannonlawgroup.com]
**Sent:** Monday, September 17, 2007 9:49 AM
**To:** Lakatos, Alex
**Subject:** RE: Supplemental Documents

Alex,

Mr. Hannon said that you'd requested supplemental witness lists sometime ago and we never provided one. The supplemental disclosures are simply additional witnesses that we anticipate using in the proceedings. Let me know if you have any further questions.

Thanks,

Jermaine

Jermaine Cruz
Law Clerk
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
Direct Dial: 202-745-6884
Reception: 202-232-1907
Fax: 202-232-3704


The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lakatos, Alex [mailto:ALakatos@mayerbrown.com]
**Sent:** Friday, September 14, 2007 6:01 PM
**To:** Jermaine Cruz
**Subject:** RE: Supplemental Documents

Under Fed. R. Civ. P. 5(d), "disclosures under Rule 26(a)(1) or (2) ... must not be filed until they are used in the proceeding or the court orders filing ...." Accordingly, I am uncertain as to why you filed Defendants' supplemental disclosures today. Would you please let me know why you did so? I note that before today, neither party has filed any discovery request or response thereto with the Court.

Thank you for your prompt response.

Best regards,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com



**From:** Jermaine Cruz [mailto:jcruz@hannonlawgroup.com]
**Sent:** Friday, September 14, 2007 2:41 PM
**To:** Lakatos, Alex
**Subject:** RE: Supplemental Documents

No problem. I will be filing a supplemental disclosure shortly. I will email you a copy once it gets filed.

Thanks,

Jermaine

Jermaine Cruz
Law Clerk
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
Direct Dial: 202-745-6884
Reception: 202-232-1907
Fax: 202-232-3704

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lakatos, Alex [mailto:ALakatos@mayerbrown.com]
**Sent:** Friday, September 14, 2007 2:38 PM
**To:** Jermaine Cruz
**Subject:** RE: Supplemental Documents

Yes, I got that one, but sometimes you send a batch of several e-mails, so I wanted to be certain I had received everything you intended.

Best,

10/26/2007

Alex


**Alex Lakatos**
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com




**From:** Jermaine Cruz [mailto:jcruz@hannonlawgroup.com]
**Sent:** Friday, September 14, 2007 2:34 PM
**To:** Lakatos, Alex
**Subject:** RE: Supplemental Documents

I sent a second email with the docs attached.  Let me know if you didn't get it.

Jermaine

Jermaine Cruz
Law Clerk
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
Direct Dial: 202-745-6884
Reception: 202-232-1907
Fax: 202-232-3704


The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL**. If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Lakatos, Alex [mailto:ALakatos@mayerbrown.com]
**Sent:** Friday, September 14, 2007 2:33 PM
**To:** Jermaine Cruz
**Subject:** RE: Supplemental Documents

Jermaine,

No documents are attached.  I assume I can disregard this e-mail?

Best,

Alex


Alex Lakatos
Mayer Brown LLP
Washington D.C. Office
Phone: 202 263-3312
Fax: 202 263-5312
alakatos@mayerbrown.com

10/26/2007

**From:** Jermaine Cruz [mailto:jcruz@hannonlawgroup.com]
**Sent:** Friday, September 14, 2007 2:14 PM
**To:** Lakatos, Alex; Lieberman, Sharan E.
**Subject:** Supplemental Documents

Alex,

Please see the letter attached and the accompanying documents.

Best,

Jermaine

Jermaine Cruz
Law Clerk
Hannon Law Group
1901 18th Street, NW
Washington, DC 20009
Direct Dial: 202-745-6884
Reception: 202-232-1907
Fax: 202-232-3704

The information contained in this e-mail is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and as such is **PRIVILEGED AND CONFIDENTIAL.** If the reader of this message is not the intended recipient, you are hereby notified that you have received this message in error, and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Effective September 1, 2007, we have changed our name to Mayer Brown LLP.

IRS CIRCULAR 230 NOTICE. Any advice expressed above as to tax matters was neither written nor intended by the sender or Mayer Brown LLP to be used and cannot be used by any taxpayer for the purpose of avoiding tax penalties that may be imposed under U.S. tax law. If any person uses or refers to any such tax advice in promoting, marketing or recommending a partnership or other entity, investment plan or arrangement to any taxpayer, then (i) the advice was written to support the promotion or marketing (by a person other than Mayer Brown LLP) of that transaction or matter, and (ii) such taxpayers should seek advice based on the taxpayers particular circumstances from an independent tax advisor.

This email and any files transmitted with it are intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the system manager. If you are not the named addressee you should not disseminate, distribute or copy this e-mail.

10/26/2007