## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————

|  |  |  |
|---|---|---|
| IDAH ZIRINTUSA | ) | |
| | ) | |
| The Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1738 (EGS/JMF) |
| | ) | |
| ROSA WHITAKER, et. al. | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

———————————————————

## PLAINTIFF IDAH ZIRINTUSA'S OPPOSITION TO THE DEFENDANTS' MOTION TO COMPEL DISCOVERY FROM HER AND THIRD PARTY DEPONENT BREAK THE CHAIN

## INTRODUCTION

Courts consistently have refused to allow discovery of information concerning a plaintiff's immigration status.[1]  Indeed, the Defendants do not cite to a single case that allows discovery of the information that they seek.  They cite three cases that <u>deny</u> such discovery, and one that does not address discovery at all.  Courts deny immigration discovery because it is irrelevant to claims like Ms. Zirintusa's and likely to scare plaintiffs from challenging the unlawful conduct of their employers.  The Defendants' Motion to Compel (the "Motion") is no exception.  The Motion – both in its rhetoric and its failure to offer any legitimate reason for the discovery it seeks – belies the Defendants' discovery requests as nothing more than a pretext to pressure Ms. Zirintusa to abandon her claims.

The Motion repeatedly stresses that

_____

[1] See Plaintiff's Memorandum of Facts and Law in Support of Plaintiff's Motion for a Protective Order Barring Discovery of Her Immigration Status (Oct. 26, 2007) ("Plaintiff's Motion for a Protective Order") (Docket Entry 67) (collecting cases).

**REDACTED**

**REDACTED**

even "[d]ocumented workers may fear that their immigration status would be changed, or that their status would reveal the immigration problems of their family or friends."  <u>Rivera v. Nibco, Inc.</u>, 364 F.3d 1057, 1065 (9th Cir. 2004).

The Defendants try to mask their improper request for Ms. Zirintusa's immigration documents by arguing that

They also argue that the immigration discovery is relevant in order to challenge Ms. Zirintusa's credibility.  (<u>Id.</u> at 11.)  Yet, as set forth below, nothing could be further from the truth or more contrary to the law of this country that protects a litigant's immigration status from discovery. The Defendants seek to do the impermissible: inquire into Ms. Zirintusa's immigration materials

to dissuade Ms. Zirintusa from holding the Defendants accountable for their misconduct.  This is exactly the type of conduct that courts prohibit.

## FACTS

**1.     Ms. Whitaker Brings Ms. Zirintusa to the United States on a Student Visa.**

In support of Ms. Zirintusa's student visa application



**REDACTED**



**2.     Ms. Whitaker Arbitrarily Terminates Her Sponsorship of Ms. Zirintusa.**

On Christmas eve, 2004, Ms. Whitaker forced Ms. Zirintusa to leave her home.[2]  Ms. Whitaker's explanation for so doing, as set forth in her Answers to Plaintiff's First Set of Interrogatories, is paltry.  Ms. Whitaker – asked to "[d]escribe in detail the circumstances surrounding Defendant's severing her relationship and/or contact with Plaintiff" – states that Ms. Zirintusa began to "abuse [her] charity … and to demand more from Defendant Whitaker" and

---

[2] Id. at 174, 177.

that Ms. Zirintusa was not "satisfied" with Ms. Whitaker's "offer of additional help to Plaintiff."[3]

Thus, "Defendant Whitaker … informed Plaintiff that,                **REDACTED**

                                                                ,"[4]  Even crediting the Defendant's

position that

**REDACTED**

Accordingly, Defendant Whitaker subsequently developed a new explanation for why she

terminated her relationship with the Plaintiff

**REDACTED**

**3.      Ms. Zirintusa Chooses To Pursue Her Education and Her Legal Claims.**

After Ms. Whitaker terminated her relationship with Ms. Zirintusa, Ms. Zirintusa had a

choice:

---

[3] See Lakatos Decl. Ex. 4 (Defendant Rosa Whitaker's Responses and Objections to Plaintiff's First Set of Interrogatories, (February 1, 2007) Response to Interrogatory No. 10).
[4] Id. (emphasis added).

**REDACTED**

.[5]

Defendants' Motion to Compel similarly explains that

Ms. Zirintusa thus chose

**REDACTED**

4.    **The Defendants Try To Cause Ms. Zirintusa To Abandon Her Claims and Develop a Pattern of Intimidating Witnesses by Inquiring Into Their Immigration Status.**

As set forth above (and in Plaintiff's Motion for a Protective Order),

**REDACTED**

.[6]  When those tactics

failed, the Defendants began to use immigration-related discovery as a tool to encourage Ms.

Zirintusa to abandon her claims and to intimidate witnesses.  In numerous depositions,

---

[5] Lakatos Decl. Ex. 6 (          **REDACTED**          (Oct. 5, 2007) at 128-129).
[6] See also Plaintiff's Motion for a Protective Order at 3.

**REDACTED**

For example,

**REDACTED**

**REDACTED**

## <u>ARGUMENT</u>

The Defendants' Motion is the poster-child case for denying a request for immigration discovery. First, Ms. Zirintusa's visa application and current visa status are irrelevant to the claims and defenses in this proceeding and the Defendants have not advanced any theory that would connect this evidence to the case. Second, the material requested is extremely prejudicial and would result in injury to the Plaintiff that far outweighs the Defendants' purported need for it. Finally, Defendants cannot go through the back door and obtain this evidence from Break the Chain for the same reasons that it is improper to obtain it from Plaintiff.

**I.    The Discovery The Defendants Seek Is Irrelevant To Ms. Zirintusa's Claims Or Dispositive Defenses Thereto.**

   **A.    Credibility**

   The centerpiece of the Defendants' argument for immigration discovery is that it "bear[s]

remarkably on Ms. Zirintusa's <u>credibility</u> as it related to her motive for

                        **REDACTED**                        (Motion at 11 (emphasis

added)).  Courts, however, consistently have rejected a purported desire to impeach plaintiffs'

credibility as a ground for obtaining immigration discovery.  In <u>Galaviz-Zamora v. Brady Farms,</u>

<u>Inc.</u>, 230 F.R.D. 499 (W.D. Mich. 2005), the Court, denying any discovery into a plaintiff's

immigration status, explained:

> As for Defendants' argument that Plaintiffs' immigration status is relevant on the issue of credibility, the Court is likewise unpersuaded.  While a witness' credibility is arguably always at issue, such does not mean that <u>unlimited</u> exploration on the subject is permitted.  <u>See, e.g.</u>, Fed. R. Evid. 403, 404, 608. Furthermore, the damage and prejudice which would result to Plaintiffs if discovery into their immigration status is permitted <u>far</u> outweighs whatever minimal legitimate value such material holds for Defendants.

<u>Id.</u> at 502 (emphasis in original).  In <u>Avila-Blum v. Casa de Cambio Delgado, Inc.</u>, 236 F.R.D.

190 (S.D.N.Y. 2006), one of the few cases featured in the Defendants' Motion, the Court reached

the same conclusion:

> [A] witness's credibility is always at issue and may be tested in a variety of ways without imposing an undue burden on a party ….  [That] a party's credibility is at issue does not by itself warrant unlimited inquiry into the subject of immigration status when such examination would impose an undue burden on private enforcement of employment discrimination laws.

<u>Id.</u> at 192; <u>see also</u> <u>EEOC v. Bice of Chicago</u>, 229 F.R.D. 581, 583 (N.D.Ill. 2005) (denying

immigration discovery notwithstanding the defendant's argument that the plaintiffs' falsified

immigration status was relevant to credibility).[7]

In this case, the conclusion that discovery to support an attack on Plaintiff's credibility is unwarranted is particularly apt, because the Defendants' theory of how Ms. Zirintusa's immigration materials might undermine her credibility is at best far-fetched.  The Defendants argue that they want evidence of Ms. Zirintusa's status to show that Ms. Zirintusa currently is

**REDACTED**

This tortured chain of proposed inferences necessary to link Ms. Zirintusa's immigration status in 2007, and the veracity of Ms. Zirintusa's testimony that she came to the United States pursuant to an employment contract in 2004, is the epitome of a "collateral issue" on which, the Defendants themselves conceded, they are not entitled to discovery.  (Motion at 11).[8]

### B.    Other Theories

Other than credibility, discussed above, the Defendants fail to develop any theories supporting their purported need for Plaintiff's immigration materials.  The Defendants' Motion merely asserts, in the "Procedural Background" section, that

---

[7] The Defendants reliance on Campos v. Lemay, 2007 U.S. Dist. Lexis 33877, *24 (S.D.N.Y. 2007) is misplaced. That case does not address discovery.  Further, it is out of step with the overwhelming majority of New York cases that have denied discovery of plaintiff's immigration information.  See, e.g., Liu v. Donna Karan, Int'l Inc., 207 F. Supp. 2d 191, 192-93 (S.D.N.Y. 2002) (denying immigration discovery); Flores v. Amigon, 233 F. Supp. 2d 462, 464 (E.D.N.Y. 2002) (same); Topo v. Dhir. 210 F.R.D. 76, 78 (S.D.N.Y. 2002) (same); EEOC v. First Wireless Group, Inc., 225 F.R.D. 404, 407 (E.D.N.Y. 2004) (same); Avila-Blum v. Casa de Cambio Delgado, Inc., 236 F.R.D. 190 (S.D.N.Y. 2006) (same).

[8] What is more, the Defendants misstate the collateral issue rule.  The cases hold that immigration discovery on a collateral issue is never permissible.  Topo v. Dhir. 210 F.R.D. 76, 78 (S.D.N.Y. 2002).  But, contrary to the Defendants' assertions, immigration discovery on a dispositive issue also may be precluded if it would unduly burden the plaintiff.  Id.

It is the position of the Defendants

**REDACTED**

Moreover,
evidence of these efforts is relevant to her damages claim, as Ms. Zirintusa has
earned far more than she can claim in damages.

(Motion at 10).

The Motion does not elaborate any further on these assertions, and, in any event, they are

wholly without merit.  The Defendants do not (and cannot) explain how Ms. Zirintusa's status

today is connected to a contract she entered into in 2004.  The Defendants also cannot show that

**REDACTED**

Moreover, this Court already has held that the Defendants may not defeat Plaintiff's claims

**REDACTED**                              See Memorandum and Opinion (Jan. 3, 2007)

(Docket Entry 39, at 11-12); see also Moreau v. Oppenheim 663 F.2d 1300, 1308 (5th Cir. 1981)

("We seriously doubt whether illegal entry, standing alone, makes outlaws of individuals,

permitting their contracts to be breached without legal accountability"); Potluri v. Yalamanchili,

06-Civ-13517, 2007 WL 2571980, at *3 (E.D. Mich. Sept. 4, 2007) (denying a strikingly similar

motion to compel discovery of "all immigration documents submitted for H 1 B work visa and

Green Card" in a breach of contract case).  It is hard to fathom how Ms. Zirintusa's immigration

status might tend to prove, or disprove, that she entered an oral contract, relied on that contract,

and was injured when Ms. Whitaker breached that contract.

## II.    The Discovery Defendants Seek Is Far Outweighed by Injury to the Plaintiff.

Even if Defendants were able to show some relevance to the information they seek, it is

so greatly outweighed by the risk of injury to the Plaintiff that discovery must be foreclosed.  Lui

v. Donna Karan Int'l, Inc., 207 F. Supp. 2d 191, 193 (S.D.N.Y. 2002) (citations omitted), one of

the four cases featured in the Defendants' Motion, explains that immigration discovery is

impermissible because, "[e]ven if the parties were to enter into a confidentiality agreement

restricting the disclosure of such discovery … there would still remain 'the danger of

intimidation, the danger of destroying the cause of action' and [that] would inhibit plaintiffs in

pursuing their rights." [9]  Similarly, Topo v. Dhir, 210 F.R.D. 76, 79 (S.D.N.Y. 2002), another of

the cases on which the Defendants rely, denies immigration discovery, explaining that "[t]he

potential danger of deterring a plaintiff from having her day in court by inquiring into a non-

relevant matter such as her immigration status is precisely the type of 'oppression' Rule 26(c)

was designed to prevent."  As set forth in the facts above, and in Plaintiff's Motion for a

Protective Order, these dangers are particularly acute in this case, given the Defendants'

misconduct before and during discovery.

### III.    Discovery Is Also Improper As to Break the Chain.

After Plaintiff objected to the production of her immigration materials, the Defendants, in

a transparent attempt to conduct end-run around Plaintiff's objections, sought to obtain those

same materials by serving a subpoena on Break the Chain, a non-profit organization that

provided immigration related legal services to Ms. Zirintusa.  (Motion at 10).  For the same

reasons that the Defendants' Motion should be denied as to Plaintiff, it also should be denied as

to Break The Chain.

---

[9] Contrary to the defendants characterization of Lui, that court never suggested that "harmful fear of deportation" is required.

## **CONCLUSION**

For the foregoing reasons, the Defendants' Motion to Compel Discovery should be denied.

Dated: November 13, 2007                    Respectfully submitted,

                                   _____*//s// Alex C. Lakatos*_____
                                   Alex C. Lakatos, D.C. Bar No. 453763
                                   MAYER, BROWN, ROWE & MAW LLP
                                   1909 K Street, N.W.
                                   Washington, D.C.  20006-1101
                                   Tel: (202) 263-3000
                                   alakatos@mayerbrownrowe.com

                                   *Attorney for Plaintiff Idah Zirintusa*

## CERTIFICATE OF SERVICE

I, Alex C. Lakatos, hereby certify that on November 8, 2007, I caused a true and correct copy of (1) the Proposed Order Denying Defendants' Motion to Compel Discovery Of Plaintiff Idah Zirintusa's Immigration Status, and (2) the Motion For Leave To File Certain Documents Under Seal to be filed electronically and served electronically through the court's CM/ECF System; and a true and correct copy of Plaintiff Idah Zirintusa's Opposition to the Defendants' Motion to Compel Discovery from Her and Third-Party Deponent Break The Chain and a true and correct copy of Declaration Of Alex C. Lakatos in Support Thereof, to be filed by first class mail upon the following:

J. Michael Hannon
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC  20009


Dated:  November 8, 2007                    Respectfully submitted,

                                             ____/s/  Alex C. Lakatos _ _ ____

                                             Alex C. Lakatos

                                             DC Bar No: 453763

                                             MAYER BROWN LLP
                                             1909 K Street N.W.,
                                             Washington, D.C. 20006-
                                             1101

                                             *Counsel for Ms. Idah Zirintisa.*