UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAH ZIRINTUSA )<br>)<br>The Plaintiff, )<br>)<br>v. )<br>)<br>ROSA WHITAKER, et. al. )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1738 (EGS/JMF) |

**PLAINTIFF IDAH ZIRINTUSA'S REPLY MEMORANDUM OF FACTS AND LAW IN SUPPORT OF HER MOTION FOR A PROTECTIVE ORDER**

Defendants' Opposition (the "Opposition" or "Opp. Br.") to Plaintiff Idah Zirintusa's Motion (the "Motion") for a Protective Order Barring Discovery into Her Immigration Status wholly fails to rebut the Motion. The Opposition articulates no legitimate need for the discovery sought. It provides no reason to ignore the numerous cases foreclosing such discovery as unduly prejudicial and intimidating. And, it says nothing whatsoever about Defendants' prior misconduct that makes the dangers associated with immigration discovery especially acute here.

1.    **Defendants Fail To Explain Why They Need <u>Further</u> Discovery.**

The Opposition makes clear that Defendants do not need any further discovery on immigration. The Defendants frame the issue as "whether the Defendants shall be permitted discovery of documents authored by Ms. Zirintusa and others on her behalf for the purpose of attempting to further her stay in the United States. Her current and former immigration status is well known, to which she has readily testified under oath." (Opp. Br. at 3). Accepting, for purposes of argument, that Defendants correctly have framed the issue before the Court, Defendants completely fail to explain why they need <u>more</u> immigration discovery. Their

arguments relate solely to Ms. Zirintusa's status, which they say they now know.  Defendants say nothing about what else they hope to learn from the additional documents that they are seeking.  This underscores Plaintiff's concerns that discovery into her immigration documents is meant to coerce, not illuminate.

      2.      **Defendants Fail To Supply A Valid Need For <u>Any</u> Immigration Discovery.**

Not only do Defendants fail to show a need for <u>further</u> immigration discovery, the Opposition moreover makes clear that they do not need <u>any</u> immigration discovery.  The reasons they offer for needing such information do not withstand scrutiny.

First, the Opposition suggests that Ms. Zirintusa's status today is relevant to whether she detrimentally relied on Ms. Whitaker oral job offer when Ms. Zirintusa came to this country, such that the detrimental reliance exception to the statute of frauds is applicable.  (Opp. Br. at 4).  This Court held that Plaintiff's Complaint had pleaded enough to qualify for that exception based on the facts that Plaintiff

**REDACTED**

Second, the Opposition asserts that "Ms. Whitaker must testify how she 'mitigated' her damages by working illegally in the United States."  (Opp. Br. at 7).  But "mitigation" of Ms. Zirintusa's damages turns not on Ms. Zirintusa's status, but on her income, a subject on which Defendants have taken extensive discovery.

**REDACTED**

**REDACTED**

Third, Defendants argue that Ms. Zirintusa's status is relevant to her claim for "compensatory damages for work not actually performed during the remaining years of her 'oral contract' and the tuition that remains unpaid."  (Opp. at 7).  But Defendants do not explain why this is so, and it bears repeating Ms. Zirintusa's status is not a defense to those claims.  See, e.g., Coma Corp. v. Kansas Dept. of Labor, 154 P.3d 1080, 1089 (Kan. 2007) (undocumented worker's employment contract was not illegal under immigration law and was enforceable); Majlinger v. Cassino Contracting Corp., 802 N.Y.S.2d 56, 64 (N.Y. App. Div. 2005) ("As between the undocumented worker and the employer . . . there is a contract of employment, under which the worker is entitled to be paid for his or her work.  . . .  The contractual, statutory, and common-law duties owed to the worker are unrelated to, and do not depend on, the worker's compliance with federal immigration laws"), aff'd sub nom, Balbuena v. IDR Realty LLC, 845 N.E.2d 1246 (N.Y. 2006).

      3.      **The Opposition Ignores the <u>In Terrorem</u> Effect of Immigration Discovery.**

The Opposition says nothing whatsoever in response to Plaintiff's argument that Defendants have engaged in a pattern of conduct, including pressuring Ms. Zirintusa to leave the country, that makes immigration discovery particularly troubling in the context of this case.  (Motion at 3-4, 5-6).  Moreover, they concede that courts have denied immigration discovery based on "a plaintiff's fear of deportation and the potential harm to a foreign plaintiff . . . ."  (Opp. Br. 4).  The cases the Opposition cites barred defendants from even inquiring into a plaintiff's status.  See Avila-Blum v. Casa de Cambio Delgado, Inc., 236 F.R.D. 190, 192 (S.D.N.Y. 2006); Liu v. Donna Karan Int'l, Inc., 207 F. Supp. 191, 193 (S.D.N.Y. 2002).  Those

decisions apply a fortiori here, given that Defendants seek a far more intrusive exegesis of Plaintiff's immigration documents.  That Defendants admit they already know Ms. Zirintusa's status, yet relentlessly seek more, does not assuage these concerns (Opp. Br. at 4), it exacerbates them.  Moreover, the Opposition makes unsubstantiated assertions – e.g.,

**REDACTED**

and heighten the in terrorem effect of Defendants' unwarranted discovery requests.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion for a Protective Order should be granted.

Dated:  November 20, 2007                                    Respectfully submitted,

                                                            ___/s/   Alex C. Lakatos _ _ _ ____

                                                            Alex C. Lakatos

                                                            DC Bar No: 453763

                                                           MAYER BROWN LLP
1909 K Street N.W.,
Washington, D.C. 20006-1101

*Counsel for Ms. Idah Zirintisa.*

## CERTIFICATE OF SERVICE

I, Alex C. Lakatos, hereby certify that on November 20, 2007, I caused a true and correct copy of the foregoing Reply Memoranda of Facts and Law in Support of Plaintiff's Motion for a Protective Order Barring Discovery Into Her Immigration Status to be served by first class mail upon the following:

J. Michael Hannon
Hannon Law Group, LLP
1901 18th Street, NW
Washington, DC  20009


Dated:  November 20, 2007                    Respectfully submitted,

                                   ___/s/  Alex C. Lakatos__ _ _____

                                   Alex C. Lakatos

                                   DC Bar No: 453763

                                   MAYER BROWN LLP
                                   1909 K Street N.W.,
                                   Washington, D.C. 20006-1101

                                   *Counsel for Ms. Idah Zirintisa.*