**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

IDAH ZIRINTUSA                                  :
                                                :
              Plaintiff,                        :
                                                :
       v.                                       :        Civil Action No.  05-1738 (EGS)
                                                :
ROSA WHITAKER, et. al.                          :
                                                :
              Defendants.                       :

**NON-PARTY THE WHITAKER GROUP'S OPPOSITION TO PLAINTIFF
IDAH ZIRINTUSA'S ACCOUNT OF COSTS AND FEES ASSOCIATED WITH
MOTION TO COMPEL AND SECOND DEPOSITION OF THE WHITAKER GROUP**

       Comes now non-party deponent The Whitaker Group, through counsel, HANNON LAW

GROUP, LLP, and submits this opposition to Plaintiff's account of costs and fees associated

with motion to compel and second deposition of The Whitaker Group.  The account of costs and

fees filed by Plaintiff's counsel is based on unreasonable hourly rates.  The Whitaker Group

respectfully requests that the Court, at its discretion, award costs to counsel based on a

reasonable hourly rate for only necessary work.

## INTRODUCTION

       Counsel for Plaintiff Idah Zirintusa filed a brief with the Court on March 23, 2007

outlining a discovery dispute.  Based on the 30(b)(6) deposition of The Whitaker Group

("TWG"), counsel outlined TWG representative's refusal to answer several questions on the

instruction of counsel who no longer represents TWG.  Counsel sought an order for another

deposition.  The Court issued an order on June 6, 2007 compelling TWG to participate in a

second deposition and ordering TWG through its representative to answer questions which were

not answered at the initial deposition.  In addition, the Court ordered TWG to pay costs and fees

associated with the need to conduct an additional deposition and filing of the motion to compel.

The Court further ordered counsel to submit an account of costs and fees associated with the motion to compel and the second deposition upon completion of the second deposition. Plaintiff filed her account of costs and fees on November 20, 2007. The Whitaker Group submits the arguments below in opposition to Plaintiff's account of costs and fees.

### ARGUMENTS

In his account of costs and fees, counsel claims that the costs incurred in litigating the motion to compel and for the second TWG deposition, including the cost of the transcript, totaled $19,502.10. The total is based on hourly rates determined by counsel which reach as high as $495.00 per hour for the work of partners. It is the position of The Whitaker Group that the rates set forth by counsel are unreasonable. The Whitaker group submits to the Court that records show that the law firm, Mayer Browne, LLP, has taken on this case on a pro bono basis. While The Whitaker group makes no attempt to derogate the pro bon activities of counsel, fees must be awarded to counsel within reason.

Counsel, as the fee applicant, bears the burden of establishing the entitlement to fees, documenting the appropriate hours, and justifying the reasonableness of the rates he is requesting. See Hotel and Restaurant Employees Local 25 v. The Madison Hotel, Inc., 43 F. Supp. 2d 8, 11 (D.D.C. 1999). The usual method of calculating reasonable attorney's fees is to multiply the hours reasonably expended by a reasonable hourly fee. Hotel & Restaurant Employees Local 25 v. JPR, 136 F. 3d 794, 801 (D.C. Cir. 1998). Determining a reasonable hourly rate requires that the applicant, in this case, Plaintiff Idah Zirintusa, produce data concerning the prevailing market rates in the relevant community for attorneys of reasonably comparable skill, experience and reputation. Covington v. District of Columbia, 57 F.3d 1101, 1107 (D.C. Cir. 1995). There is a strong presumption that the hourly rate derived from this

process is reasonable.  Hotel & Restaurant Employees Local 25 v. JPR, 136 F. 3d at 801.

Counsel, however, has produced no such data to justify the award which she requests.

Utilizing the aforementioned fee determination system allows the court to ascertain the

market rate with a fair degree of accuracy.  See Laffey v. Northwest Airlines, Inc., 572 F. Supp.

354, 371 (D.D.C. 1983).  Counsel, however, has failed to meet its burden of establishing a

reasonable rate.  Counsel has offered nothing but his firm's internal billing documents.  There

has been no data provided with respect to hourly fees of other Washington, D.C., law firms

undertaking the type of work necessary in this case.  While counsel has provided the hourly rates

charged by Mayer Browne, LLP, there is no evidence that similar sized firms would charge the

same rates for similar work, especially in a pro bono case.

The courts have established a viable system for establishing reasonable fees.  However,

as in the instant case, where the Plaintiff has offered none of the determinable data necessary,

this Court is empowered to exercise its discretion in determining the amount of a fee award.  See

Covington v. District of Columbia, 57 F.3d at 1107. The Whitaker Group submits to the Court

that a reasonable award is appropriate in this case.  However, the award of fees should not be

used as a tool of punishment.  Furthermore, the Court should consider that the sanctions here are

predicated on advice given to TWG and its representative by prior counsel, J. Edward Waller,

who no longer represents TWG.  It was not unreasonable for the Whitaker Group to believe its

conduct was permissible based on the advice given by prior counsel at that time.

Aside from the inflated rates set forth by counsel, The Whitaker Group draws to the

Court's attention that counsel at the second deposition asked many of the same questions that he

did at TWG's initial deposition.  The Whitaker Group's representative had already answered

many of the repeated questions.  In fact, counsel for the Defendants was present at the second

deposition of TWG and made several objections with respect to the repetitive line of questioning. See Exhibit A, Deposition of Sheila Williams (August 16, 2007) at page 94, lines 4-7; page 102, lines 2-14; page 103, lines 18-21; page 118, lines 11-14.  Further the records provided by counsel show time entries for duplicative work.  See Exhbit B.

The Whitaker Group requests that the court consider using the following hourly rates in establishing a reasonable award: (1) $250.00 per hour for the work of partners; (2) $185.00 per hour for the work of associates; and (3) $90.00 per hour for the work of paralegals and law clerks.  TWG further proposes that the court eliminate all duplicative work, half of the cost of completing the second 30(b)(6) deposition, and the cost of the deposition transcript for the second deposition.  An award utilizing the rates proposed by TWG including the proposed eliminations would total $6,515.50.  The proposed award includes the total of TWG's proposed rates multiplied by the hours of work actually needed, as well as the total of half of the cost of the second deposition. The Whitaker Group's proposed award is broken down as follows: (1) 16.25 partner hours multiplied by $250.00/hr. for a total of $4062.50; (2) 3.25 associate hours multiplied by $185.00/hr. for a total of $601.25; (3) 3 paralegal/administrative assistant hours multiplied by $90.00/hr for a total of $270.00; and (4) the total of half the cost of the second deposition in the amount of $1,581.75.

In any event, TWG asks the Court to defer payment of sanctions until the conclusion of this case.  Although the matter is being handled by Mayer Browne, LLP's pro bono committee, in the complaint which initiated this case, counsel seeks attorney's fees under the federal and state statutes that apply.  The Whitaker Group does not object to a determination at this time, but ask that the Court order payment be deferred until the end of this case.

For the foregoing reasons, The Whitaker Group requests that the Court establish a

reasonable award in this case based on its proposed reduced hourly fees and the proposed

eliminations.  The Whitaker Group further requests that the Court make an award of fees to

Plaintiff's counsel of no more than $6,515.50 and that the Court order payment deferred until the

conclusion of this case.

Dated: December 7, 2007                    Respectfully submitted,

                                           HANNON LAW GROUP, LLP


                                                  *//s// J. Michael Hannon*
                                           J. Michael Hannon, #352526
                                           1901 18th Street, N.W.
                                           Washington, DC 20009
                                           (202) 232-1907
                                           (202) 232-3704 (facsimile)
                                           jhannon@hannonlawgroup.com

                                           *Attorney for Defendants Rosa Whitaker*
                                           *and Pauline Harris*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing **Non-Party The Whitaker Group's Opposition to Plaintiff's Account of Costs and Fees Associated with Motion to Compel and Second Deposition of The Whitaker Group** was sent via electronic filing this 7th day of December 2007, to:

Alex C. Lakatos
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C.  20006-1101

_____*//s// J. Michael Hannon*_____
J. Michael Hannon