UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IDAH ZIRINTUSA )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>ROSA WHITAKER )<br>)<br>and )<br>)<br>Defendants. )<br>) | Civil Action No. 05-1738(EGS/JMF) |

## DECLARATION OF ALEX C. LAKATOS

I, Alex C. Lakatos, Esq., do hereby depose and say:

1. I am counsel for Plaintiff Idah Zirintusa in the above-captioned matter.

2. A true and correct copy of relevant excerpts from the August 16, 2007 Rule 30(b)(6) deposition of The Whitaker Group is attached as Exhibit 1 hereto.

3. A true and correct copy of the February 20, 2007 Rule 30(b)(6) subpoena, including the noticed Topics of Inquiry, is attached as Exhibit 2 hereto.

4. A true and correct copy of the Laffey Matrix, as obtained from the website www.laffeymatrix.com, is attached hereto as Exhibit 3 hereto.

5. A true and correct copy of the spreadsheet that relies upon the hourly rates set forth in the Laffey Matrix to calculate the fees that Plaintiff Idah Zirintusa incurred in connection with litigating the Motion to Compel Discovery against The Whitaker Group is attached as Exhibit 4 hereto. This spreadsheet is the same at the spreadsheet attached as Exhibit 1 to the November 20, 2007 Declaration of Alex C. Lakatos in Support of Account of Fees and Costs,

except that instead of using the hourly rate that Mayer Brown LLP customarily charges for its time, it substitutes the prevailing market rates for similarly qualified and experienced attorneys as set forth on the Laffey Matrix. Based on the Laffey Matrix rates, the new total for this category of fees is $9,486.75; the old total was $9,520.00.

6. A true and correct copy of the spreadsheet that relies upon the hourly rates set forth in the Laffey Matrix to calculate the fees that Plaintiff Idah Zirintusa incurred in connection with the second Rule 30(b)(6) deposition of The Whitaker Group is attached as exhibit 5 hereto. This spreadsheet is the same at the spreadsheet attached as Exhibit 2 to the November 20, 2007 Declaration of Alex C. Lakatos in Support of Account of Fees and Costs, except that instead of using the hourly rate that Mayer Brown LLP customarily charges for its time, it substitutes the prevailing market rates for similarly qualified and experienced attorneys as set forth on the Laffey Matrix. Based on the Laffey Matrix rates, the new total for this category of fees is $ $7,988.25; the old total was $8,520.00.

7. The hourly rate provided in the Laffey Matrix varies depending upon the law school graduation date of the lawyer performing the work at issue. In determining the correct hourly rate pursuant to the Laffey Matrix, Plaintiff has considered the following facts:

a. Mr. Alex Lakatos graduated law school in 1995, supporting a <u>Laffey</u> Matrix hourly rate of $509 or $536, depending on whether his services were performed before or after June 1, 2007. Mr. Lakatos graduated valedictorian of University of California, Hasting College of the law, and thereafter clerked for the Hon. Judge Mary Schroeder on the Ninth Circuit Court of Appeals. He then went into private practice, first at Wilmer, Cutler & Pickering, then at Shaw Pittman LLP, and current at Mayer Brown

LLP. He has over 11 years experience in complex civil litigation. A true and correct copy of his professional profile is attached as Exhibit 6 hereto.

b. Ms. Sharan Lieberman graduated law school in 2002, supporting a <u>Laffey</u> Matrix hourly rate of $313 or $329, depending on whether her services were performed before or after June 1, 2007. Ms. Lieberman graduated <u>cum laude</u> from Tulane Law School, and thereafter clerked for the Hon. Stanley Duvall, United States District Court for the Eastern District of Louisiana. Her specialties include complex commercial litigation. A true and correct copy of her professional profile is attached as exhibit 7 hereto.

c. Mr. Michael Widmer, a Swiss lawyer, received a U.S. L.L.M. from University of Texas School of Law in 2006, supporting a Laffey Matrix hourly rate of $255 or $268, depending on whether his services were performed before or after June 1, 2007. Mr. Widmer graduated <u>magna cum laude</u> from University of Basel, earning a Licentiate of Law (J.D. equivalent) in 1995, and <u>magna cum laude</u> from University of Zurich, earning a doctorate of law, in 2002.

d. Mr. Reed and Mr. Bennett are a paralegals, supporting <u>Laffey</u> Matrix hourly rates of $139 or $146 depending on whether their services were performed before or after June 1, 2007.

I declare under penalty of perjury that the foregoing is true and correct. Executed on December 14, 2007.

_____
Alex C. Lakatos

**1**

**REDACTED**

**2**

**REDACTED**

**3**

# LAFFEY MATRIX

History

Case Law

Expert Opinion

See the Matrix

Contact us

[illegible]

Links

| Year | Adjustmt Factor** | Paralegal/ Law Clerk | Years Out of Law School * | | | | |
|---|---|---|---|---|---|---|---|
| | | | 1-3 | 4-7 | 8-10 | 11-19 | 20+ |
| 6/01/07-5/31/08 | 1.0516 | $146 | $268 | $329 | $475 | $536 | $645 |
| 6/01/06-5/31/07 | 1.0256 | $139 | $255 | $313 | $452 | $509 | $614 |
| 6/1/05-5/31/06 | 1.0427 | $136 | $249 | $305 | $441 | $497 | $598 |
| 6/1/04-5/31/05 | 1.0455 | $130 | $239 | $293 | $423 | $476 | $574 |
| 6/1/03-6/1/04 | 1.0507 | $124 | $228 | $280 | $405 | $456 | $549 |
| 6/1/02-5/31/03 | 1.0727 | $118 | $217 | $267 | $385 | $434 | $522 |
| 6/1/01-5/31/02 | 1.0407 | $110 | $203 | $249 | $359 | $404 | $487 |
| 6/1/00-5/31/01 | 1.0529 | $106 | $195 | $239 | $345 | $388 | $468 |
| 6/1/99-5/31/00 | 1.0491 | $101 | $185 | $227 | $328 | $369 | $444 |
| 6/1/98-5/31/99 | 1.0439 | $96 | $176 | $216 | $312 | $352 | $424 |
| 6/1/97-5/31/98 | 1.0419 | $92 | $169 | $207 | $299 | $337 | $406 |
| 6/1/96-5/31/97 | 1.0396 | $88 | $162 | $198 | $287 | $323 | $389 |
| 6/1/95-5/31/96 | 1.032 | $85 | $155 | $191 | $276 | $311 | $375 |
| 6/1/94-5/31/95 | 1.0237 | $82 | $151 | $185 | $267 | $301 | $363 |

The methodology of calculation and benchmarking for this Updated Laffey Matrix has been approved in a number of cases. See, e.g., McDowell v. District of Columbia, Civ. A. No. 00-594 (RCL), LEXSEE 2001 U.S. Dist. LEXIS 8114 (D.D.C. June 4, 2001); Salazar v.

\* "Years Out of Law School" is calculated from June 1 of each year, when most law students graduate. "1-3" includes an attorney in his 1st, 2nd and 3rd years of practice, measured from date of graduation (June 1). "4-7" applies to attorneys in their 4th, 5th, 6th and 7th years of practice. An attorney who graduated in May 1996 would be in tier "1-3" from June 1, 1996 until May 31, 1999, would move into tier "4-7" on June 1, 1999, and t "8-10" on June 1, 2003.

\*\* The Adjustment Factor refers to the nation-wide Legal Services Component of the Consumer Price Index produced by the Bureau of Labor Statistics of the United States Department of Labor.

4

**REDACTED**

5

**REDACTED**

**6**

# MAYER·BROWN

**Alex C. Lakatos**
Partner
Washington, D.C.

alakatos@mayerbrown.com
Ph: +1 202 263 3000
Fax: +1 202 263 3300



### Experience

Alex Lakatos specializes in complex international litigation, particularly on behalf of non-U.S. financial institutions. He also counsels financial institutions on banking and securities regulatory, enforcement, legislative and strategic issues. He has significant experience in matters in which these areas intersect, for example, the litigation of cross-border disputes in U.S. court in tandem with an SEC or bank enforcement investigation. Often, his matters include parallel litigation in non-U.S. forums. He is experienced in contesting issues of particular concern to non-U.S. financial institutions, such as financial privacy, multi-jurisdictional discovery, choice-of-law conflicts and asset forfeiture. In addition, he advises clients on avoiding litigation and provides related regulatory advice in areas such as the USA Patriot Act, the Bank Secrecy Act, the Unlawful Internet Gambling Enforcement Act, anti-money laundering compliance and OFAC sanctions. He has represented clients as both plaintiffs and defendants, in state and federal courts throughout the country and abroad, in class actions and other controversies, on issues including securities fraud, breach of fiduciary duty, breach of contract, civil RICO, federal jurisdiction and venue.

### Representative Matters

Represented a Latin American bank: (1) in an internal investigation concerning whether the bank's relationship with a former head of state violated U.S. anti-money laundering laws; (2) in the successful defense of a related suit against the bank alleging civil RICO and fraudulent conveyance claims; (3) as plaintiff in a civil RICO action against the head of state's agent; and (4) as plaintiff in a successful action against a U.S. bank based on related asset transfers to the Latin American bank.

Represented a European bank that was a victim of a multimillion dollar investment company fraud, bringing actions against the perpetrators in Utah, Switzerland, Spain and Gibraltar, defending a countersuit in the British Virgin Islands, and ultimately freezing and recovering substantial amounts for the bank.

Representing a Swiss bank in connection with an action brought by a liquidating trust for a bankrupt corporation alleging that the bank aided and abetted breaches of fiduciary duty by the bankrupt corporation's officers and violated Swiss law by engaging in transactions with the proceeds of the officers' securities fraud. Now seeking dismissal pursuant to the Securities Litigation Uniform Standards Act ("SLUSA") and on *forum non conveniens* grounds.

Represented a Swiss cement company as a defendant in a class action alleging that it had violated the Alien Tort Claims Act (the "ATCA") by aiding and abetting South African apartheid. The district court dismissed the case for failure to state a claim for violation of customary international law under the ATCA and on political question grounds. In re South African Apartheid, 346 F. Supp. 2d 538 (S.D.N.Y. 2004).

Represented a Swiss insurance company in the settlement of claims alleging that the Swiss insurance industry was liable to victims of Nazi persecution for failure to make payments on certain WWII-era insurance policies. Negotiated a settlement on behalf of the entire Swiss insurance industry and designed an innovative, liberal claims payment process, consistent with the industry's objective of redressing WWII-era claims in a fair and responsible manner.

### Employment

Mayer Brown LLP, Washington, D.C., 2006 to date • Pillsbury Winthrop Shaw Pittman LLP, 1999-2006 • Wilmer, Cutler and Pickering, Washington, D.C., 1996-1999 • Law Clerk to the Honorable Mary Schroeder, U.S. Court of Appeals for the Ninth Circuit, 1995-1996

### Education

University of California, Hastings College of Law, J.D., Valedictorian, 1995 • University of Maryland, B.A., 1992

### Admitted

District of Columbia, 1997 • California, 1996 • U.S. Supreme Court, 2007 • U.S. District Court For The District of Columbia 2006 • U.S. Court of Appeals for the Ninth Circuit, 1997

### Publications

http://www.mayerbrown.com/lawyers/printprofile.asp?hubbardid=L680678371                                    12/11/2007

- "Controlled Group Corporation Liability Reports," *The Banking Law Journal*, October 2007.
- "Evaluating the Rules of Procedure and Evidence for the International Tribunal in the Former Yugoslavia: Balancing Witnesses' Needs Against Defendants' rights," *Hastings Law Journal*, vol. 46, no. 1, p. 909-940.

## Awards and Honours

Project HOPE International, 2006 Partner of HOPE, for leadership in the provision of pro bono legal support in efforts to fight human trafficking.

## Memberships

American Bar Association

Mayer Brown is a combination of two limited liability partnerships, one named Mayer Brown LLP, established in Illinois, USA, and one named Mayer Brown International LLP, incorporated in England and Wales.

7

# MAYER·BROWN

**Sharan E. Lieberman**
Associate
Washington, D.C.

slieberman@mayerbrown.com
Ph: +1 202 263 3470
Fax: +1 202 263 3300



### Experience
Ms. Lieberman is an associate in the Firm's Washington DC office, where she is a member of the litigation practice group. Her practice focuses on securities enforcement defense, securities litigation, and complex commercial litigation.

### Employment
Mayer Brown LLP, Washington, D.C., 2006 to date • Law Clerk to the Honorable Stanwood R. Duval, Jr. in the United States District Court for the Eastern District of Louisiana, 2002-2003

### Education
Tulane University Law School, J.D., cum laude, 2002; Managing Editor, Tulane Law Review; Criminal Law Clinic • Tulane University, B.A., magna cum laude, 1999; Dean's List

### Admitted
District of Columbia, 2007 • New York, 2003 • New Jersey, 2002 • District of Columbia Court of Appeals, 2007 • Southern District of New York, 2005, Second Circuit, 2005

Mayer Brown is a combination of two limited liability partnerships, one named Mayer Brown LLP, established in Illinois, USA, and one named Mayer Brown International LLP, incorporated in England and Wales.