**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

IDAH ZIRINTUSA                          :
                                        :
          Plaintiff,                    :
                                        :
     v.                                 :     Civil Action No. 05-1738 (EGS)
                                        :     **FILE UNDER SEAL**
ROSA WHITAKER, et. al.                  :
                                        :
          Defendants.                   :

## RESPONSE TO PLAINTIFF'S OPPOSITION
## TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

In her Opposition to Defendants' Motion for Summary Judgment, Plaintiff occludes the argument with a recitation of facts irrelevant to what the Court is being asked to decide. With the close of discovery, Plaintiff has failed to meet this Court's requirement that she present evidence that her claim is not barred by the Statute of Frauds. Nor has she suffered any damages whatsoever. As there are no material facts in dispute, the case is ripe for entry of judgment for Ms. Whitaker and Ms. Harris.

### FACTUAL BACKGROUND









███████████████████████████████████████████████

███████████████████

## ARGUMENT

In an effort to defeat summary judgment and despite extensive discovery, in her

opposition Ms. Zirintusa must rely largely on her newly-penned unsworn Affidavit, which in

many circumstances conflicts with her sworn deposition testimony.  28 U.S.C. § 1746 requires

Ms. Zirintusa to declare the statement under penalty of perjury.  By failing to swear to the

Affidavit under penalty of perjury, Ms. Zirintusa's Affidavit is inadmissible and should not be

considered by this Court.  *See* Plaintiff Exhibit 40; s*ee also Thompson v. Seton Inv.*, 533 A.2d

1255, 1257 (D.C. 1987); *Potts v. District of Columbia*, 697 A.2d 1249 (1997)(requiring sworn

testimony in order to create an issue of material fact).  Had Ms. Zirintusa sworn to her Affidavit,

such swearing would have subjected her to prosecution for perjury,████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████

## I.  THERE WAS NO CONTRACT AS A MATTER OF LAW.

Plaintiff claims that Ms. Whitaker's subjective belief that there was no oral contract is

not relevant.  If that is the case, neither is Ms. Zirintusa's fabulous claim that there was.  The

only assertions for the formation of an oral contract are based on the unsubstantiated and

conflicting words of Ms. Zirintusa.  ████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████



Finally, the District of Columbia adheres to the "objective law of contracts", meaning that the court must look at the parties' objective manifestations of intent. *Hood v. District of Columbia.*, 211 F. Supp. 2d 176, 180 (D.D.C. 2002). The objective actions of the parties demonstrate that

A.

Plaintiff is quite right: "[u]nder the law of the District of Columbia, an oral contract *'which otherwise conforms to general contract law is enforceable.'*" Plaintiff's Opposition to Defendant's Motion for Summary Judgment at 31(citing *Brown v. Brown*, 343 A.2d 59, 61 (D.C. 1975)(emphasis added). The undisputed material facts establish that even if the parties entered into an agreement, even taking all the facts to be true as stated by Ms. Zirintusa, the alleged oral

---

[3]    Exhibits that were previously produced in Defendants' Motion for Summary Judgment are marked as "MSJ Ex.".



contract

The enactment of an agency regulation is to be given statutory weight, and is binding. *See, e.g.*, *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984).

reliance, as "reliance on a promise cannot be reasonable when it is completely at odds with the terms of a written agreement covering the same transaction." *Daisley v. Riggs Bank, N.A.*, 372 F. Supp.2d 61, 71 (D.D.C. 2005).

According to Plaintiff, the contract was unambiguous and clearly set out. *See* Plaintiff's Opposition at 40 fn. 18. Summary judgment is thus proper. *Murphy v. Keystone Steel & Wire Co.*, 61 F.3d 560, 564-565 (7th Cir. 1995)("Summary judgment is particularly appropriate in cases involving the interpretation of contracts."); *Jack Baker, Inc. v. Office Space Dev. Corp.*, 664 A.2d 1236, 1238 (D.C. 1995). "Where the contract is unambiguous, a court must determine the meaning of the contract as a matter of law." *Murphy*, 61 F.3d at 564-565.



Therefore, regardless of whether factual issues are in dispute, the oral agreement was an



**B.  The Parties Did Not Intend to Enter Into A Contract.**

It is a basic premise of contract law that the parties, in order to be bound to each other, must intend to be bound. *Jack Baker, Inc.*, 664 A.2d at 1239.  In endeavoring to establish the requisite intent, Plaintiff again seeks to direct this Court's attention to



as evidence has exposed the fact that Plaintiff has no admissible evidence of an oral contract.  Plaintiff insists that this is not necessary, as Plaintiff's uncorroborated testimony "*is* sufficient to create a material dispute of fact." *Id.* at 34 (emphasis in original).  This assertion overlooks the fact that Ms. Zirintusa's testimony

9

████████████████████████████████████████████ Courts rightly do not easily

overlook a prior sworn statement, particularly when the contradictory statement is

uncorroborated. *See Hopkins v. Women's Div.*, 284 F. Supp.2d 15, 21 (D.D.C. 2003)(stating that

a contradictory statement "bears a heavy burden—even in the summary judgment context—

when it seeks to jettison its sworn statement.").

Plaintiff next claims that her testimony is corroborated. The only "corroboration"

Plaintiff points to is inadmissible hearsay. Plaintiff's Opposition at 34. Courts do not consider

evidence that would not be admissible at trial in determining a motion for summary judgment.

*See Lemmons v. Georgetown Univ. Hosp.*, 431 F. Supp. 2d 76, 90 (D.D.C. 2006)("[O]nly that

portion of a deposition that would be admissible in evidence at trial may be introduced on a

summary judgment motion.").



### C. There Was No Agreement to Material Terms.

Plaintiff's argument that there was agreement to all material terms fails for similar

reasons. In order to establish that a contract exists as a matter of law, there must be an

agreement to the material terms of the purported contract. *Jack Baker, Inc.*, 664 A.2d at 1239;

*Segar v. Mukasey*, 508 F.3d 16, 21-22 (D.C. Cir. 2007)(requiring a meeting of the minds with

respect to material terms of a contract). Without proof of this, a contract is not formed. *Jack

Baker, Inc.*, 664 A.2d at 1239("Where the parties fail to agree to all material terms, no contract is

formed."). Plaintiff attempts to craft a contract out of a hodgepodge of alleged oral assertions,



**Corbin on**

**Contracts** § 95, at 394 (1963)("A court cannot enforce a contract unless it can determine what it is."). "A contract must be sufficiently definite as to its material terms (which include, e.g., subject matter, price, payment terms, quantity, quality, and duration) that the promises and performance to be rendered by each party are reasonably certain." *Rosenthal v. National Produce Co.*, 573 A.2d 365, 370 (D.C. 1990). ▮▮▮▮▮▮▮▮▮▮ In *Eastbanc Inc. v. Georgetown Park Assoc. L.P.*, summary judgment was denied to the party asserting a lack of contract, because the "respective obligations of the parties were clear enough that each could be reasonably sure how it was to perform." 940 A.2d 996, 1002-03 (D.C. 2008). Furthermore, Plaintiff cites *Sanchez* as providing succor for the proposition that a vague contract is enforceable. Plaintiff's Opposition at 39. ▮▮▮▮▮▮▮▮▮▮ Thus the fatal issue is not "▮▮▮▮▮ but where there were terms of sufficient definiteness for this Court to mandate enforcement.

Finally, the fallacy of the argument is clear: ███████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

██████████████

## II. **THE STATUTE OF FRAUDS BARS ENFORCEMENT.**

Plaintiff's counsel turns this Court's initial ruling regarding the Statute of Frauds on its

head: the Court did not hold that the Statute of Frauds does not apply.  On the contrary, the Court

concluded that Plaintiff may have discovery to see whether she can establish a defense to the

Statute of Frauds on the thin reed of *Easter v. Kass-Berger, Inc.*, 121 A.2d 868 (D.C. 1956).  The

Court withheld granting judgment for Defendants, "at least for the time being *and discovery*

*should proceed in this matter.*" Memorandum Opinion at 7 (emphasis added).  Thus, with the

close of discovery, Defendants now seek judgment as a matter of law.  *Brownfield v. Landon*,

307 F.2d 389, 393, (D.C. Cir. 1962) *cert. denied*, 371 U.S. 924 (1962) (summary judgment

appropriately was granted and trial judge did not violate law of the case where the second motion

contained a great deal more than was contained in the first motion).  With the close of discovery,

Ms. Zirintusa has failed to establish that the Statute of Frauds does not bar her claim, based on

the narrow exceptions of part performance and detrimental reliance.

### A. **Part Performance Is Not Applicable to This Case.**

The exception of part performance is a rare and strict exception in the District of

Columbia and elsewhere; were it otherwise a party could assert that a contract existed by

pointing at purported performance that conformed to their attempt to craft a contract.  It is for

this reason that part performance is utilized primarily as a defense to the provisions of the statute

of frauds that relate to real estate. *See* **Willison on Contracts** § 28:8, 311 ("It has generally been

said that the doctrine of part performance is not applicable to provisions of the Statute other than the one relating to real estate."); *see also id.* at §28:9 (stating that "[e]xcept in contracts for the sale of land, an agreement not performable within a year is generally not validated by part performance."). This is the case because the part performance exception must be unequivocally the result of the alleged contract. *Paley v. Ogus*, 1994 U.S. App. LEXIS 36461, *10-11 (D.C. Cir. 1994)(stating that only acts of partial performance that serve as "unequivocal evidence of the alleged agreement" will remove the oral contract from the statute); *Riggles v. Erney*, 154 U.S. 244, 254 (1894) *cited in Paley*. With real estate, actual possession of the property serves as unequivocal evidence that some sort of contract existed.

The only two cases Plaintiff cites in support of her argument that the part performance exception should apply both involve disputed real estate. *Landow v. Georgetown-Inland West Corp.*, 454 A.2d 310, 313 fn. 3 (D.C. 1982)("Although the statute provides that *any agreement involving an interest in real estate* which purportedly is for a term in excess of one year must be in writing to be enforceable, partial or complete performance under an oral contract may remove the case from the applicability of the statute.")(emphasis added); *Interdonato v. Interdonato*, 521 A.2d 1124 (D.C. 1987). Comparing Ms. Zirintusa's alleged "part performance"▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉ is worlds away from taking possession of land.

Plaintiff does little to dispute the argument that her part performance was not unequivocal,▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ *Paley*, 1994 U.S. App. LEXIS at *10-11; *Shell Eastern Petroleum Prods., Inc. v. White*, 68 F.2d 379, 384 (D.C. Cir.

1933). Even taking all of Ms. Zirintusa's assertions to be true, evidence of her part performance,

███████████████████████████ s not "both consistent with the presence of a contract and

inconsistent with the lack of a contract", as it must for this exception to apply. *Condrey v.*

*Suntrust Bank of Georgia*, 431 F.3d 191, 201 (5th Cir. 2005). Her actions are not inconsistent

with that lack of a contract, as her alleged part performance is easily evidenced by her

███████████████████████████████████████████████████████████

█████████████████████████████████████████ *White*, 68 F.2d at 384.

Ms. Zirintusa's story is completely irrelevant as a matter of law, and involves much more of a

leap of faith, ██████████████████████████████████████████

████████████████████████ Ms. Zirintusa's evidence fails to establish that her actions

are explainable by nothing except the alleged contract, as she must to assert this exception.

*Glazer v. Dress Barn, Inc.*, 873 A.2d 929, 947 (Conn. 2005)(declining to assert the part

performance exception to the statute of frauds because "[t]he acts also must be of such a

character that they can be naturally and reasonably accounted for in no other way than by the

existence of some contract in relation to the subject matter in dispute.").

### B. Detrimental Reliance Does Not Bar This Assertion of the Statute.[4]

Ms. Zirintusa's assertion of detrimental reliance fails for a similar reason that the part

performance exception fails. Ms. Zirintusa again bears a very high burden in establishing

detrimental reliance. *See Gharib v. Wolf*, 518 F. Supp.2d 50, 54-55 (D.D.C. 2007)(to assert

detrimental reliance the party "must be able to show that [s]he has changed h[er] position

substantially for the worse and that [s]he has incurred unjust and unconscionable injury."). The

undisputed facts demonstrate that Ms. Zirintusa was able ██████████████████████████

---

[4]       For a detailed analysis of the factors of detrimental reliance, the Court's attention is respectfully
directed to Defendant's Motion for Summary Judgment, at Section II.B.

14



*Oxley v. Ralston*

*Purina Co.*, 349 F.2d 328, 335-336 (6th Cir. 1965)("Where one has acted to his detriment *solely*

in reliance on an oral agreement, an estoppel may be raised to defeat the defense of the Statute of

Frauds.")(emphasis added).

Ms. Zirintusa has likewise not suffered an "unjust and unconscionable injury" as she

must in order to establish the applicability of detrimental reliance. *Wolf*, 518 F. Supp.2d at 54-

55. Ms. Zirintusa's actions since the alleged breach of the contract have belied her protestations

of hardship. She was offered and took a return ticket to her home, and declined $1,500 in

resettlement costs.

Finally, Plaintiff attempts to belatedly assert that the statute of frauds has been waived by

virtue of purported admissions. Despite the fact that Plaintiff has raised this issue for the first

time in her Opposition, reliance on this is improper. The cases Plaintiff cites for the proposition

that late responses to admissions are to be deemed admitted are inapplicable.  In the cases

Plaintiff cites, the responses were deemed admissions because they were submitted either after

discovery had closed, or where the court found sanctionable bad faith and willful misconduct.

*Baker v. Potter*, 212 F.R.D. 8, 11 (D.D.C. 2002); *Abston v. Fitness Co.*, 216 F.R.D. 143, 146

(D.D.C. 2003).

In any event, Ms. Whitaker's responses were submitted at a time agreed upon by counsel,

and Ms. Whitaker explicitly denied the statements Plaintiff relies upon.  Counsel for Ms.

Zirintusa has never objected to the timing of the response.  By failing to object to Ms. Whitaker's

responses, Plaintiff has waived the ability to ignore the responses and impose by omission,

statements that Ms. Whitaker categorically denies.  *See Bennett v. Fun & Fitness of Silver Hill,*

*Inc.*, 434 A.2d 476 (D.C. 1981).  By failing to object to the responses, Plaintiff failed to assert

that she would be prejudiced.  Plaintiff must assert prejudice or the responses are allowed.  *Id.*

Ms. Zirintusa is not prejudiced in any way, has not relied on Ms. Whitaker's purported

"admissions", and allowing her responses preserves the merits of the case.  *Bennett v. Fun &*

*Fitness, Inc.*, 434 A.2d 476, 479 (D.C. 1981)("[U]nless a party demonstrates prejudice by

reliance upon previous admissions, the trial court can and should extend permission to withdraw

or amend.").

### III. **TORTIOUS INTERFERENCE IS INAPPLICABLE.**

#### A. **There Was No Interference With Ms. Zirintusa's Contract.**

Plaintiff's tortious interference claim fails, as Ms. Zirintusa has not established that Ms.

Whitaker "intentionally and *improperly* interfere[ed] with the performance of a contract".[5]

---

[5]     We note, that even if this Court finds that Ms. Zirintusa has established this, Ms. Whitaker would only be liable for "pecuniary loss resulting to the other from the failure of the third person to perform the contract." *Murray v. Wells Fargo Home Mortg.*, 2008 D.C. App. LEXIS 296, *37 (D.C. 2008).

*Sorrells v. Garfinckel's, Brooks Bros., Miller & Rhoads, Inc.*, 565 A.2d 285, 290 (D.C.

1989)(emphasis in original).  Ms. Zirintusa has likewise failed to establish damages resulting

from the breach.  *Paul v. Howard Univ.*, 754 A.2d 297, 308-309 (D.C. 2000).





Because Ms.

Zirintusa has failed to establish two elements of her tortious interference with contract cause of

action, summary judgment is proper. *Cooke v. Griffiths-Garcia Corp.*, 612 A.2d 1251, 1256

(D.C. 1992)("[S]ummary judgment is appropriate 'against a party who fails to make a showing

sufficient to establish the existence of an element essential to that party's case.'").

**B.  There Was No Interference With A Prospective Economic Advantage.**

Ms. Zirintusa next seeks recovery on alleged interference with prospective economic

advantage.

A tortious

interference with prospective advantage claim seeks to recompense "business expectancies, not

grounded on present contractual relationships but which are commercially reasonable to

anticipate, are considered to be property and therefore protected from unjustified interference."

*Carr v. Brown*, 395 A.2d 79, 84 (D.C. 1978).

"interfered with". Finally, this tort typically envisions business expectancies, █████████

███████████████████████████ *Id.*("For the most part the 'expectancies' thus

protected have been those of future contractual relations, such as the prospect of obtaining

employment or employees, or the opportunity of obtaining customers."). Thus, this cause of

action is misplaced and anything Ms. Zirintusa can recover is covered under her contractual

interference claim. *Id.*

### IV. **THE UNJUST ENRICHMENT CLAIM FAILS.**



███████████████████████████ This is an undisputed matter and as such summary

judgment is proper. *Bloomgarden v. Coyer*, 479 F.2d 201, 211 (D.C. Cir. 1973)("[W]here, as

here, the essential facts are not in dispute, the question whether a quasi-contract should be

erected is one of law, and as such is a proper subject for summary disposition.").

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████

## V. **PLAINTIFF CANNOT RECOVER ON FRAUD.**

████████████████████████████████████████████████

████ This, as this Court has already noted, is simply not founded in law. Memorandum

Opinion at 10-11. Furthermore, Ms. Zirintusa has not established through "clear and

convincing" evidence that she relied on Ms. Whitaker's alleged promises ████████████████

████████████████████████████████████████████████

██████████████████████████████

Ms. Zirintusa's fraud claim founders on its lack of evidence. She has not established by

clear and convincing evidence any of the elements she must to recover on fraud.[7] ████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

---

[6] ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████ Given that she took public transport,
there would be no time for her to return to Ms. Whitaker's home between classes. Furthermore, traveling to and
from Ms. Whitaker's home would take approximately 2.5 hours, assuming Ms. Zirintusa caught the bus
instantaneously upon the end of her class. This puts Ms. Zirintusa out of the house for approximately 10.5 hours.
Without accounting for food, rest, or leisure time, Ms. Zirintusa has filled nearly 19 hours of her day. This does not
include studying which would presumably eat up another few hours. It is manifestly unreasonable to believe that
Ms. Zirintusa put in these kind of hours, receive good grades with little to no sleep, and it is ridiculous to imagine
that ████████████████████████████████████████████

[7]         The Court's attention is respectfully directed to Defendant's Motion for Summary Judgment at
Sec. VII.

[8]      And to want her house ████████████████████████████████████

loss as "action[s] taken by in reliance upon the representation, (6) which consequently resulted in provable damages." *Dresser v. Sunderland Apartments Tenants Ass'n, Inc.*, 465 A.2d 835, 839 (D.C. 1983). However, to meet the "intentionally elevated standard of 'clear and convincing evidence'" needed to prove fraud, Ms. Zirintusa's evidence must produce a firm belief or conviction that her actions were taken as a result of the alleged fraud. *Blackson v. United States*, 897 A.2d 187, 195 (D.C. 2006). ████████████████████████████
████████████████████████████

## VI. **PLAINTIFF'S FLSA AND D.C. WAGE CLAIMS FAIL.**

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

████████Opposition at 46(emphasis added).[9]  Selective and misleading, this tactic is emblematic of Plaintiff's entire cobbled-together claim.

████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████
████████████████████████████████

---

[9]    In a like fashion, Plaintiff distorts and mischaracterizes the deposition testimony of Pauline Harris when Plaintiff asserts "In her deposition, Ms. Harris said how pleased she was ███████████████" (Ex. 100, Harris Dep. 141-42, emphasis added herein).  In contrast to Plaintiff's misleading characterization, Ms. Harris testified that when Plaintiff volunteered to help Harris clean out a closet ████████████████████████ ██████████████████████████████ Plaintiff was helpful. (See Ex. 100.)



_____

[10]     Ms. Whitaker, whose commitment to the African people is well documented, explained that she had been impressed by Plaintiff and made these investments because she assessed Plaintiff as having potential and in need of training to achieve her potential. (Whitaker Dep. at 59-65)



The Court cannot rely on hearsay statements when considering a motion for summary judgment. *Greer v. Paulson,* 505 F.3d 1306, 1315 (D.C. Cir. 2007) ("Sheer hearsay . .. counts for nothing on summary judgment") *quoting Gleklen v. Democratic Cong. Campaign Comm., Inc.,* 199 F.3d 1365, 1369 (D.C. Cir. 2000).  Thus, it is Plaintiff's assertions standing alone on which she must rely and an attenuated, ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████ that burden should not be deemed met. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████████████

████████████████████████████████████

██████████████████████████ Summary judgment should be granted to Defendants on

Plaintiff's claim.

---

[11] ████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

Moreover, Plaintiff cannot have it both ways. If her allegations are credited that she was [redacted]

[redacted]

---

[redacted]

[redacted]

Finally, and obviously, Plaintiff's ████████████████████████████

████████████████████████████████████ As such, if the Court rules

that Plaintiff has failed to meet her burden of proof on this issue, summary judgment must be

granted.

WHEREFORE, Plaintiffs respectfully request that the Court enter judgment on all counts

against Plaintiff and in favor of Defendants.

Respectfully submitted,

HANNON LAW GROUP, LLP


_____/s/ J. Michael Hannon_____
J. Michael Hannon, #352526
1901 18th Street, N.W.
Washington, DC 20009
(202) 232-1907
(202) 232-3704 (facsimile)
jhannon@hannonlawgroup.com

*Attorney for Defendants Rosa Whitaker and Pauline Harris*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing **Response to Plaintiff's Opposition to Defendants' Motion for Summary Judgment** was sent via electronic filing this 23rd day of July, 2008, to:

Alex C. Lakatos
MAYER BROWN LLP
1909 K Street, N.W.
Washington, D.C.  20006-1101


_____/s/ J. Michael Hannon_____
J. Michael Hannon